1  Scott P. Shaw, Bar No. 223592
   sshaw@calljensen.com
2  Aaron L. Renfro, Bar No. 255086
   arenfro@calljensen.com
3  CALL & JENSEN
   A Professional Corporation
4  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
5  Tel:   (949) 717-3000
   Fax:   (949) 717-3100
6
7
   Attorneys for Defendant The Wet Seal, Inc.
8
9          **UNITED STATES DISTRICT COURT**
10         **CENTRAL DISTRICT OF CALIFORNIA**
11

12 L.A. PRINTEX INDUSTRIES, INC., a          Case No.  CV10-2102 GW (JEMx)
   California Corporation,
13                                            **DEFENDANT THE WET SEAL,**
                                              **INC.'S NOTICE OF MOTION AND**
14          Plaintiff,                        **MOTION FOR ATTORNEYS' FEES;**
                                              **MEMORANDUM OF POINTS AND**
15          vs.                               **AUTHORITIES IN SUPPORT**
                                              **THEREOF**
16 CSI INDUSTRIES, INC., a Pennsylvania
   Corporation; FASHION BUG RETAIL
17 COMPANIES, INC., a Delaware
   Corporation; CHARMING SHOPPES,
18 INC., a Pennsylvania Corporation;
   INC., a Pennsylvania Corporation;          **Date:       July 21, 2011**
19 NORDSTROM, INC., a Washington              **Time:       8:30 a.m.**
   Corporation; FASHION CLICK, INC., a        **Crtrm:      10**
20 California Corporation; JALOUX, a
   Business Entity, Form Unknown; 4J's
21 FABRIC INC., a California Corporation;
   FILENE'S BASEMENT CORP., a
22 Massachusetts Corporation; THE TJX
   COMPANIES, INC., a Delaware
23 Corporation; WET SEAL, INC., a California
   Corporation; MAX RAVE, LLC, a
24 California Corporation, G&G SHOPS, INC.,
   a New York Corporation; ROSS STORES,
25 INC., a California Corporation; UNO
   CLOTHING, INC., a California
26 Corporation; and DOES 1 through 10,
27
28          Defendants.

CALL & JENSEN
A PROFESSIONAL CORPORATION

WET01-05:822688_1:6-17-11

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE** that at 8:30 a.m. on July 21, 2011, in Courtroom 10

3    of the United States District Court for the Central District of California, located at 312

4    N. Spring St., Los Angeles, California, Defendant The Wet Seal, Inc., erroneously sued

5    herein as Wet Seal, Inc., will and hereby does move this Court for an Order awarding

6    $134,924.52 in attorney's fees as costs pursuant 17 U.S.C. § 505.

7        **BASIS OF MOTION:**  This Motion is based on the supporting Memorandum of

8    Points and Authorities and Declarations filed herewith, the files and records in this

9    action, on matters that may be presented at the hearing, and all other matters that this

10   Court may take judicial notice of.

11       **CONFERENCE OF COUNSEL PRIOR TO FILING OF MOTION:**  This

12   motion is made following numerous conferences, pursuant to L.R. 7-3, between the

13   parties counsel over the past three weeks.

14

15   Dated:  June 17, 2011                    CALL & JENSEN
                                              A Professional Corporation
16                                            Scott P. Shaw
                                              Aaron L. Renfro
17

18                                            By:___*/s/Scott P. Shaw*_____
                                                     Scott P. Shaw
19

20                                            Attorneys for Defendant The Wet Seal, Inc.

21

22

23

24

25

26

27

28

WET01-05:822688_1:6-17-11

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

**TABLE OF CONTENTS**

2                                                                                          <u>Page</u>

3    I.      INTRODUCTION .................................................................................................2

4    II.     STATEMENT OF FACTS .................................................................................3

5    III.    DISCUSSION .....................................................................................................4

6            A.    Courts Typically Award Attorneys' Fees To The Prevailing
7                  Defendant In A Copyright Action. ............................................................4

8            B.    The Policies Of The Copyright Act Further Support An
                   Award Of Attorneys' Fees To Wet Seal. ..................................................5
9

10           C.    An Award Of Attorneys' Fees Is Proper Because The
                   Plaintiff Has Acted With Improper Motivation. ......................................6

11           D.    Attorneys' Fees Are Proper Because The Plaintiff's Claims
12                 Were Unreasonable And Baseless. ............................................................7

13           E.    An Attorneys' Fee Award Is Necessary To Advance
                   Considerations of Compensation and Deterrence. ...................................9
14

15           F.    The Fees Requested by Wet Seal are Reasonable. .................................10

16           G.    Defendants Are Also Entitled to Reasonable Fees Incurred
                   in Preparing this Motion. .......................................................................11

17

     IV.     CONCLUSION ................................................................................................12

18

19

20

21

22

23

24

25

26

27

28

WET01-05:822688_1:6-17-11                          - i -

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 464
(7th Cir. 2004) ...............................................................................................2, 4

*Beach Bev. Corp.*, 2002 U.S. Dist. LEXIS 24339 (S.D.N.Y. 2002) ................................8

*Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729 (7th Cir. 1996)...................8

*Cakdin v. Bluestone*, 2007 U.S. Dist. LEXIS 83582 (C.D. Cal. Apr. 9, 2007) ...............10

*Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir.2008)...........................11

*Diamond Star Building Corp. v. Sussex Co. Builders, Inc.*, 30 F.3d 503
(4th Cir. 1994) ....................................................................................................8

*FM Industrial*, 2009 U.S. Dist. LEXIS 9263................................................................5, 9

*Fogerty, Inc. v. Fantasy*, 94 F.3d 553 (9th Cir. 1996)........................................4, 5, 6, 11

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ...................................................................4

*Hensley v. Eckerhart*, 461 U.S. 424 (1980) .....................................................................10

*Jackson v. Axton*, 25 F.3d 884 (9th Cir. 1994) ..................................................................5

*McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 63 (5th Cir. 1994) ...............4

*Milton H. Greene Archives*, 2007 U.S. Dist. LEXIS 96378 ...............................................5

*In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985)..................................................11

*Olson v. Tenney*, 2007 U.S. Dist. LEXIS 15478 (D. Or. 2007)..........................................6

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
478 U.S. 546 (1986) ..........................................................................................10

*Traditional Cat Association v. Gilbreath*, 340 F.3d 829 (9th Cir. 2003) ........................10

*Wall Data Inc. v. L.A. County Sheriff's Department*, 447 F.3d 769
(9th Cir. 2006) ...............................................................................................4, 10

*WatermarkPublrs. V. High Tech. System*, 1997 U.S. Dist. LEXIS 22508
(S.D. Cal. 1997).................................................................................................5

*Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179 (N.D. Cal., 2004)......................10

CALL & JENSEN
A PROFESSIONAL CORPORATION

1

## TABLE OF AUTHORITIES (con't)

2

<u>Page</u>

3

4

### STATE CASES

5   *Fantasy Inc. v. Fogerty*, 1995 WL. 261504 (N.D. Cal. May 2, 1995) ......................10, 11

6   *Mattel, Inc. v. Walking Mountain Productions*, 2004 WL. 1454100

7       (C.D. Cal. June 21, 2004).....................................................................................8

8   *T.B. Proprietary Corp. v. Sposato Builders, Inc.*, 1996 WL. 488940

9       (E.D. Pa. 1996) ...................................................................................................9

10  *Tallyrand Music, Inc. v. Stenko*, Nos. 1:CV-89-1131, 1:CV-90-0735,

11       1991 WL. 172935 (M.D. Pa. March 15, 1991) .........................................7

12  *Tuff 'N' Rumble Management, Inc. v. Profile Records, Inc.*, No. 95

13       Civ. 0246 SHS, 1997 WL. 470114 (S.D.N.Y. Aug. 15, 1997)................7

14

15

### FEDERAL STATUTES

16  17 U.S.C. § 505 ........................................................................................1, 2, 4

17

18

19

20

21

22

23

24

25

26

27

28

CALL & JENSEN
A PROFESSIONAL CORPORATION

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I. INTRODUCTION

Wet Seal is entitled to recover its attorneys' fees as the prevailing party in this action. 17 U.S.C. § 505. While such an award is within the discretion of the Court, as one court pointed out, "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 464, 437 (7th Cir. 2004). Here, even without such a presumption, the equities lie strongly in favor of awarding fees to Wet Seal.

Plaintiff L.A. Printex Industries, Inc. ("LAP" or "Plaintiff")—who has filed over 200 lawsuits in the Central District alone over the past 5 years—sued Wet Seal for infringing upon a generic animal print design that is extremely common in the design marketplace. Undeterred by ubiquitous nature of the design, and clear evidence of substantial differences in the alleged infringing garments, LAP persisted with its baseless claims against Wet Seal. With respect to LAP's efforts to establish similarity between the designs at issue, this Court characterized those efforts as "almost laughable." (See Tentative Ruling, page 15).[1] It noted that Plaintiff isolated an extremely small portion of the repeating pattern of the animal print and compared supposedly similar spots to one another. The Court emphasized that Plaintiff "probably would have been able to find similar patterns in thousands of animal print designs . . . ." It concluded, "[e]ven if the Court were to take seriously LAP's request for it to find a tryable issue of infringement based upon such a truncated comparison, LAP's opposition would still fail."

Despite the fact that LAP persisted with its frivolous case, Wet Seal was forced to defend itself. Accordingly, Wet Seal requests that the Court award it the fees it incurred in defending this matter.

---

[1] The Court's Tentative Ruling was adopted by Court Order dated June 3, 2011.

CALL & JENSEN
A PROFESSIONAL CORPORATION

## II. STATEMENT OF FACTS

LAP is best described as a copyright troll. (Declaration of Scott P. Shaw ("Shaw Decl."), ¶ 2, Ex. A). It has sued every major retailer in the United States, and many times over highly suspect unoriginal designs such as small ordinary flowers, strawberries, apples, or a simple stylized O (in addition to many, many others). (Shaw Decl., ¶ 2). Not only that, but LAP's President, Mr. Nah, has been held in contempt of court for falsifying a document. (Shaw Decl., ¶ 3 Ex. B). For various reasons, very few, if any of the cases that LAP files proceed to summary judgment, and most resolve through settlement.

In this case, LAP sued Wet Seal over an unoriginal stylized animal print design and then underhandedly tried to settle with Wet Seal's fabric supplier and unilaterally dismiss Wet Seal shortly before the hearing on Wet Seal's motion for summary judgment. (Shaw Decl., ¶ 4, Ex. C). Wet Seal rejected the settlement, rejected a stipulated dismissal, and made clear that Wet Seal wanted no part in any settlement. (Shaw Decl., ¶ 4, Ex. C).

As expected, the Court correctly granted Wet Seal's Motion for Summary Judgment on the grounds that Wet Seal's black and white garment bearing an animal print was not even close to substantially similar to LAP's animal print. Even so, the legal standard in cases involving common designs such as animal prints (as recognized by the Court on page 15 of the Tentative Ruling) is virtual identity. LAP's counsel is experienced in copyright litigation and knows the standard is virtual identity, yet LAP failed to dismiss its case after the parties met and conferred prior to filing their cross motions for summary judgment.

## III. DISCUSSION

### A. Courts Typically Award Attorneys' Fees To The Prevailing Defendant In A Copyright Action.

In copyright actions, the Court has statutory authority and wide discretion to award attorneys' fees to the prevailing party as costs. 17 U.S.C. § 505. Further, although the award of attorneys' fees is "discretionary," several circuits have clarified that, in copyright actions an award is typically the rule rather than the exception, and fees *"should be awarded routinely." McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 63, 65 (5th Cir. 1994) (emphasis added). This is particularly true when the defendant is the prevailing party: "When the prevailing party is the defendant, who by definition receives not a small award but no award, *the presumption in favor of awarding fees is very strong." Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 464, 437 (7th Cir. 2004) (emphasis added).

While the Ninth Circuit has not specifically addressed whether a presumption lies in favor of awarding fees to defendants, the principles that have been discussed in the Ninth Circuit, and in the U.S. Supreme Court, are consistent. First, the Ninth Circuit, consistent with the Supreme Court, has confirmed: "a finding of bad faith, frivolous or vexatious conduct is no longer required; and awarding attorney's fees to a prevailing defendant is within the sound discretion of the district court informed by the policies of the Copyright Act." *Fogerty, Inc. v. Fantasy*, 94 F.3d 553, 560 (9th Cir. 1996).[2] In *Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006), the Ninth Circuit articulated various factors to consider (in addition to the policies of the Copyright Act):

---

[2] The U.S. Supreme Court previously stated that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994).

CALL & JENSEN
A PROFESSIONAL CORPORATION

1
2
3
4
5
6

> A district court may consider (but is not limited to) five factors in making an attorneys' fees determination pursuant to § 505. These factors are (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence.

7      Here, all factors, as well as the presumption, support an award of fees to
8 Defendant.

9      **B.**     **The Policies Of The Copyright Act Further Support An Award Of**
10               **Attorneys' Fees To Wet Seal.**

11      The Copyright Act's policies include furthering the arts and promoting creativity
12 for the public benefit. *See Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994). The
13 Ninth Circuit has acknowledged that a successful defense of a copyright infringement
14 action "may further the policies of the Copyright Act every bit as much as a successful
15 prosecution of an infringement claim by the holder of a copyright." *Fogerty,* 94 F.3d at
16 559. The Ninth Circuit has further recognized that one of the purposes of the Copyright
17 Act is "to encourage defendants who seek to advance a variety of meritorious copyright
18 defenses to litigate them to the same extent that plaintiffs are encouraged to litigate
19 meritorious claims of infringement." *Id.* at 557-558 (internal quotations and citation
20 omitted). "When the prevailing party is the defendant, who by definition receives not a
21 small award but no award, the presumption in favor of awarding fees is very strong."
22 *Milton H. Greene Archives,* 2007 U.S. Dist. LEXIS 96378, *16. "Section 505
23 encourages a defendant to pursue meritorious copyright defenses without fear of
24 burdensome attorneys' fees and costs." *FM Indus.,* 2009 U.S. Dist. LEXIS 9263, *8.

25      In furtherance of the policies underlying the Copyright Act, courts in the Ninth
26 Circuit have awarded attorneys' fees to defendants prevailing on summary judgment on
27 the grounds of non-infringement. *See WatermarkPublrs. V. High Tech. Sys.,* 1997 U.S.
28 Dist. LEXIS 22508, *4 (S.D. Cal. 1997) (awarding attorneys' fees to defendant after it

**CALL & JENSEN**
A PROFESSIONAL CORPORATION

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

established, *inter alia,* non-infringement on summary judgment); *see also Olson v. Tenney,* 2007 U.S. Dist. LEXIS 15478 (D. Or. 2007) (awarding attorneys' fees to defendants where plaintiff failed to demonstrate access and where no reasonable juror could find similarity between the two works).

Here, LAP asserted a copyright infringement claim against Wet Seal with absolutely no merit and litigated this claim without ever bringing in Wet Seal's vendor or fabric supplier. As such, Wet Seal was forced to defend itself as an innocent retailer who merely sold a garment that it purchased from its vendor. Apparently, LAP pursued its claim of infringement against Wet Seal solely based on the *alleged* violation of LAP's distribution rights. However, LAP does not distribute at the retail level, and therefore it could not have suffered any *actual* damages from Wet Seal's sales of garments. Unfortunately, LAP sought to disgorge Wet Seal's profits and Wet Seal needed to defend itself against this meritless case, which caused no harm to LAP.

An award of fees to the Wet Seal in this case would further the purposes of the Copyright Act, because it would encourage other retail defendants accused of copyright infringement to mount defenses where the evidence shows that no infringement has occurred rather than opting for settlement to avoid the exorbitant litigation costs associated with proving their non-infringement. Since faithfulness to the purposes of the Copyright Act is the "pivotal criterion" underlying any fee award, *see Fogerty,* 94 F.3d at 558, and since a primary purpose of the Copyright Act is to encourage meritorious defenses to baseless claims of infringement, Wet Seal's completely successful non-infringement defense in this action weighs heavily in favor of awarding fees and costs to Wet Seal.

### C. An Award Of Attorneys' Fees Is Proper Because The Plaintiff Has Acted With Improper Motivation.

Courts have held that plaintiffs in copyright cases act with improper motivation when they fail to properly research the law or facts involved in their claims, put forth groundless legal arguments and factual defenses, and do not attempt to settle in good

1   faith or reduce the amount of a potential final judgment. *See Tuff 'N' Rumble*

2   *Management, Inc. v. Profile Records, Inc.*, No. 95 Civ. 0246 SHS, 1997 WL 470114

3   (S.D.N.Y. Aug. 15, 1997) (in granting attorneys' fees to the defendant in this copyright

4   action the court considered the fact that plaintiff had bad motivation because it failed to

5   properly research law or facts in their claim and caused defendants to incur substantial

6   legal expenses); *Tallyrand Music, Inc. v. Stenko*, Nos. 1:CV-89-1131, 1:CV-90-0735,

7   1991 WL 172935 (M.D. Pa. March 15, 1991) (in granting attorneys' fees to the

8   defendant in this copyright action the court considered the fact that plaintiff had bad

9   motivation because it put forth groundless legal arguments and factual defenses and did

10  not attempt to settle in good faith or reduce the amount of the final judgment).

11      It is undisputed that LAP is a copyright troll that files and attempts to extort

12  settlements from retailers and their vendors.    Further, the undisputed evidence

13  demonstrates that Wet Seal's garment was not infringing, so the only motivation in

14  maintaining this lawsuit can only have been to pressure Wet Seal into forcing its vendor

15  or fabric supplier to pay an undeserved settlement payment.  Without ever filing a claim

16  for infringement against Wet Seal's vendor or fabric supplier, LAP went ahead and

17  settled with them and tried to unilaterally dismiss Wet Seal.  Frankly, LAP should never

18  have filed this lawsuit against Wet Seal, let alone have forced Wet Seal to defend itself

19  for over a year at significant expense.

20      **D.    Attorneys' Fees Are Proper Because The Plaintiff's Claims Were**

21          **Unreasonable And Baseless.**

22      The objective unreasonableness of LAP's claim also weighs heavily in favor of

23  awarding attorneys' fees and costs to Defendants.  The Court's Tentative Ruling noted

24  that "it would be absurd to allow this case to proceed to a jury." (See Tentative Ruling

25  p. 16).  The Court made it crystal clear that LAP's allegations of infringement were not

26  even close to legitmate.  Specifically, this Court observed that when viewing the Wet

27  Seal garment to LAP's design, there were zero similarities.  (See Tentative Ruling p.

28  16).

CALL & JENSEN
A PROFESSIONAL CORPORATION

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   The Ninth Circuit no longer requires proof of a plaintiff's bad faith to award

2   attorneys' fees to prevailing defendants in copyright actions. *Fantasy, Inc. v. Fogerty,*

3   94 F.3d 553, 560 (9th Cir. 1996).  Nevertheless, evidence of a plaintiff's bad faith will

4   often tip the balance in favor of a fee award to defendants. *See e.g., MatteI, Inc. v.*

5   *Walking Mountain Productions,* 2004 WL 1454100, at \*2 (C.D. Cal. June 21, 2004).

6   Here, in addition to the fact that thousands of animal prints likely exist (see Tentative

7   Ruling p. 15), the clear lack of similarity between the designs, particularly because Wet

8   Seal's garment was black-and-white and admittedly dissimilar from LAP's design, is

9   compelling evidence of LAP's bad faith in pursuing its claims of infringement against

10  Wet Seal.

11       At a minimum, LAP's pursuit of this lengthy and expensive copyright

12  infringement claim when a simple comparison of the designs revealed no infringement

13  had occurred was objectively unreasonable. *Beach Beverage Mktg. United States v.* S.

14  *Beach Bev. Corp.,* 2002 U.S. Dist. LEXIS 24339, \*5 (S.D.N.Y. 2002) (awarding

15  attorneys' fees to the prevailing defendant where "plaintiffs' copyright claim was

16  objectively unreasonable and, once challenged by defendants' summary judgment

17  motions, was necessarily dismissed on the basis of little more than a simple comparison

18  of the alleged infringed and infringing products.")  "[W]hen a party has pursued a

19  patently frivolous position, the failure of the district court to award attorney's fees and

20  costs to the prevailing party will, except under the most unusual circumstances,

21  constitute an abuse of discretion." *Diamond Star Bldg. Corp. v. Sussex Co. Builders,*

22  *Inc.,* 30 F.3d 503,506 (4th Cir. 1994); *see also Budget Cinema, Inc. v. Watertower*

23  *Associates,* 81 F.3d 729, 733 (7th Cir. 1996) (holding that district court abused its

24  discretion by failing to award attorneys' fees based on the objective unreasonableness of

25  plaintiff's complaint).

26  / / /

27  / / /

28  / / /

CALL & JENSEN
A PROFESSIONAL CORPORATION

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**E.    An Attorneys' Fee Award Is Necessary To Advance Considerations of Compensation and Deterrence.**

Courts recognize that the considerations of compensation and deterrence are important in awarding attorneys' fees in copyright cases.   These factors favor defendant's counsel who vigorously defend cases and discourage overzealous litigation. *T.B. Proprietary Corp. v. Sposato Builders, Inc.*, 1996 WL 488940, 2 (E.D. Pa. 1996) ("Vigorous defense of copyright actions should be encouraged; overzealous litigation should not be.")

It is difficult to imagine a copyright infringement case where the values of compensation and deterrence would weigh more heavily in favor of an attorneys' fee award to a defendant.  When "no reasonable juror" could find substantial similarity, it is unfair to force Wet Seal to bear the attorneys' fees and costs it necessarily incurred to defend this action.

An award of attorneys' fees and costs to Wet Seal will deter LAP and other would-be plaintiffs from rushing into court based upon dubious claims of infringement in the hopes of extracting settlements.  Indeed, such an award will have the positive effect of motivating a chronic litigator like LAP to more fully explore the propriety and basis for its claims before flooding this district with potentially unnecessary lawsuits and will encourage defendants to "pursue meritorious defenses without fear of burdensome attorneys' fees and costs." *FM Indus.,* 2009 U.S. Dist. LEXIS 9263, *8.

Denying Defendants their fees will embolden LAP and others to pursue specious copyright infringement claims and discourage defendants wrongfully accused of infringement from defending the claim knowing that a settlement payment, even absent any evidence of wrongdoing, may well prove less costly than the attorneys' fees that would be incurred to defend the action through summary judgment or trial. Accordingly, compensation and deterrence weigh heavily in favor of an award of attorneys' fees and costs to Wet Seal.

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**F.      The Fees Requested by Wet Seal are Reasonable.**

Once a court determines that fees are warranted under the Copyright Act, it must determine the reasonable value of the work performed. *Traditional Cat Ass'n v. Gilbreath,* 340 F.3d 829, 833 (9th Cir. 2003).  The moving party bears the burden of establishing the appropriate hours expended and the hourly rates. *Fantasy Inc. v. Fogerty,* 1995 WL 261504, at *2 (N.D. Cal. May 2, 1995).  The court begins by calculating the lodestar, or, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1980).  The party seeking attorneys' fees bears the burden of producing evidence supporting the hours worked and a reasonable rate; the district court may reduce the award accordingly if insufficient evidence is produced.  *Id.*  The district court may also exclude compensation for time that was "not reasonably expended" in the case. *Id.* at 434 (court may deny compensation for "hours that are excessive, redundant, or otherwise unnecessary").  However, because the lodestar figure is presumptively reasonable, adjustments should be made only in rare cases. *Yahoo!, Inc. v. Net Games, Inc.,* 329 F.Supp.2d 1179, 1182 (N.D. Cal., 2004) citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986).  Reasonable hourly rates are based on prevailing market rates in the relevant community for counsel with similar experience. *See e.g., Fogerty,* 1995 WL 261504, at *12.

As LAP insisted on pursuing a frivolous and baseless lawsuit to summary judgment, Wet Seal's counsel was justified in taking this case very seriously, expending significant time performing an extensive fact investigation, carefully briefing the issues and responding to the numerous arguments raised by LAP and coordinating discovery. The attorneys' fees and costs requested by Wet Seal are reasonable and are in keeping with fee awards granted in other copyright infringement cases. *See Wall Data, Inc.* v. *L.A. County Sheriff's Dept.,* 447 F.3d 769, 776 (9th Cir. Cal. 2006) (awarding the prevailing party $516,271.00 in attorneys fees and approximately $38,000.00 in costs); *see also Cakdin v. Bluestone,* 2007 U.S. Dist. LEXIS 83582 (C.D. Cal. Apr. 9, 2007)

1   (awarding attorneys fees to the single prevailing party in the amount of $116,080.50);

2   *Fogerty,* 94 F.3d at 560 (awarding $1.3 million in fees to the prevailing defendant);

3   *Maljack Productions, Inc. v. Goodtimes Home Video Corp"* 81 F.3d 881, 890 (9th Cir.

4   1996) (affirming district court's award of over $160,000.00 in attorneys' fees to

5   defendants and also awarding defendants their fees on appeal in part because defendants

6   had achieved "total success in defending against [plaintiff s] copyright claims").

7       As set forth in the Declaration of Scott P. Shaw filed concurrently herewith, the

8   hourly rates charged by Wet Seal's counsel are consistent with those rates charged by

9   practitioners of intellectual property law. (Shaw Decl., ¶¶ 6-9, Exs. D-E). In addition,

10  this matter was appropriately staffed with one shareholder in charge but relying heavily

11  on associates with lower billing rates and a paralegal. The representation of Wet Seal

12  was conducted efficiently and at reasonable costs, especially given the quality of work,

13  the defenses presented and the end result. (Shaw Decl., ¶¶ 6-9, Exs. D-E). In a recent

14  case where the United States District Court Judge Walter granted summary judgment

15  against LAP, the court also granted an attorneys' fee award in favor of the prevailing

16  defendants for approximately $200,000 each (total exceeded $400,000). (Shaw Decl., ¶

17  10, Exs. F-G). Accordingly, Wet Seal's successful representation and requested fees

18  through summary judgment is reasonable.

19  **G.   Defendants Are Also Entitled to Reasonable Fees Incurred in**

20  **Preparing this Motion.**

21      "In statutory fee cases, federal courts, including our own, have uniformly held

22  that time spent in establishing the entitlement to and amount of the fee is compensable."

23  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973,981 (9th Cir.2008) (quoting *In re*

24  *Nucorp Energy, Inc.,* 764 F.2d 655,659-660 (9th Cir.1985)); *see also, Fogerty,* 1995 WL

25  261504, at *7 (awarding prevailing defendant "fees-on-fees"). Accordingly, Wet Seal

26  has included in its lodestar calculations the hours expended by their attorneys in

27  preparing this motion.

28

CALL & JENSEN
A PROFESSIONAL CORPORATION

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## IV.   CONCLUSION.

The Court has the discretion to award Wet Seal its attorneys' fees, and the factors discussed above warrant an award in this case.  Further, principles of fairness and equity support an attorneys' fee award to Wet Seal of $134,924.52.


Dated:  June 17, 2011

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Aaron L. Renfro


By:   */s/Scott P. Shaw*
         Scott P. Shaw

Attorneys for Defendant The Wet Seal, Inc.

CALL & JENSEN
A PROFESSIONAL CORPORATION

DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF