# EXHIBIT A

# Courthouse News Service

TUESDAY
JUNE 14, 2011

**Beta Website   CNS Home   About Us   Account Info   Search   Dinger   Reports   Full Text Documents   Logout**

Complaint Results | Bankruptcy Results

**EXHIBIT A**

View in 4 columns View in 10 columns

|◄ ◄ | 1 | of 6 | ► ►| | 100% | ▼ | | Find | Next |

| Select a format | ▼ | Export | | |

# Docket Summaries

Number of Records:   217

| Court Name | Case Title | Summary | Lawyers |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Tantrum Apparel LLC; Joyce Leslie, a Delaware corp.; Cohoes Fashions Of New York LLC, a New York LLC; Burlington Coat Factory Corp., a New Jersey corp.; The TJX Companies Inc. d.b.a. TJ Maxx, a Delaware corp.; The Hang Up Shoppes Inc, a Michigan corp., d.b.a. Man Alive; Sears Roebuck and Co., a New York corp.; Beall's Inc, a Florida corp.; JMA Intertex Inc; L'Patricia; Trends; Does 6/9/2011 2:11cv4919 GW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Charlotte Russe Inc.; Does 6/9/2011 2:11cv4921 SJO Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Lia Lee Inc., d.b.a. Williams-East Corp; Ross Stores Inc., a Delaware corp., d.b.a. DD's Discounts; Does 5/27/2011 2:11cv4600 GW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Fashion Life Inc., d.b.a. "Fang" and "TJ Sportswear" Kohl's Corp., a Wisconsin corp.; The TJX Companies Inc., a Delaware corp.; Does 5/24/2011 2:11cv4464 DMG Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. KWDZ Manufacturing, LLC; Matrix International Textiles, Inc.; Kohl's Department Stores, Inc., an Illinois corporation; Pacific Continental Textiles, Inc.; Does 3/29/2011 2:11cv2633 PA Western Division - Los Angeles | Copyright infringement action over an original two-dimensional artwork for purposes of textile printing. Download | Stephen Doniger Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc. v. Candy Rain Sales, Inc., a New York corporation; Gorman Industries Clothing, and Australian company; Does 3/28/2011 2:11cv2593 CAS Western Division - Los Angeles | Copyright infringement action over unique two-dimensional graphic designs and manufactures textiles primarily for use in the garment industry. Download | Stephen Doniger Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. California Blue Inc.; W & W Concepts Inc., a New York corp.; US Textile Inc.; Call Box Apparel Inc.; Wisse America Inc.; B. Boston & Associates Inc.; Does 3/24/2011 2:11cv2491 R Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |

| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Uno Clothing; Burlington Coat Factory Direct Corp., a New Jersey corp.; Ross Stores Inc.; Newport Apparel Corp.; Stage Stores Inc., a Delaware corp.; Does 3/18/2011 2:11cv2336 GW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. The Buckle Inc., a Nebraska Corp.; The First Years Inc., a Massachusetts corp.; Does 3/17/2011 2:11cv2298 RSWL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc., d.b.a. DD's Discounts; Regent-Sutton LLC, a New York LLC; VF Corp., a Pennsylvania corp.; VF Industrial Park Inc, a Missouri corp.; Cassini Collection; Cherry Stix Ltd.; Topla Casual Inc.; Deb Shops Inc., a Pennsylvania corp.; Does 3/17/2011 2:11cv2299 GW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Leton Co.; Cutie Patootie Clothing Inc., d.b.a. Alan Sitong Ton; Ross Stores Inc., d.b.a. dd's discounts; The TJX Companies Inc., a Delaware corp., d.b.a. AJ Wright; Citi Trends Inc., a Georgia corp.; Does 3/17/2011 2:11cv2302 GAF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. M.I.S.S. Sportswear Inc., a New York corp.; Dillard's Inc., a Arkansas corp.; Burlington Coat Factory Warehouse Corp., a New Jersey corp.; VF Outlet Inc, a Pennsylvania corp.; Blueberry Boulevard LLC, a New York LLC; Buffalo Corp., a New York corp.; Does 3/17/2011 2:11cv2303 CBM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. S. Rosman Enterprises Inc., d.b.a. Driz Connection; Burlington Coat Factory Direct Corp., a New Jersey corp.; Rock L.A. Fashion LLC; Does 3/3/2011 2:11cv1848 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Jaloux Retail Inc.; 4 J's Fabric Inc.; Does 2/22/2011 2:11cv1557 JFW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Macy's Retail Holdings Inc.; Dillard's Inc.; The Buckle Inc.; Mee Apparel LLC; Mee Direct LLC; Eckof Complex LLC; Does 2/15/2011 2:11cv1407 GW | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |

| | Western Division - Los Angeles | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Destination Maternity Corp.; Does 2/14/2011 2:11cv1366 RSWL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. FP Stores Inc, d.b.a. Factory 2-U; Does 2/14/2011 2:11cv1383 PA Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Dots LLC, a Delaware corp.; Does 1/27/2011 2:11cv832 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Quizz Sportswear Inc., a New Jersey corp.; Beall's Inc., a Florida corp.; Does 1/26/2011 2:11cv799 SVW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Max Rave LLC; G & G Shops Inc., a New York corp.; Does 1/20/2011 2:11cv610 RSWL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. A.H. Schrieber Co. Inc, a New York corp.; Belk Inc., a Delaware corp.; Ross Stores Inc.; Too Import LLP, an Ohio LLP; Citi Trends Inc., a Georgia corp.; Louise Paris Ltd., a New York corp.; Dillard's Inc., a Delaware corp.; Peebles Inc, a Delaware corp.; C.W.D. Kids Inc.; Sears Holding Corp., a Delaware corp.; Does 1/20/2011 2:11cv613 SVW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Family Dollar Stores Inc., a North Carolina corp.; Does 1/20/2011 2:11cv614 JFW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Meetv Magic Inc., a New York corp.; Ross Stores Inc.; Daffy's Inc., a New Jersey corp.; Star of India Fashions Inc., an Arizona corp.; Marianne Stores Inc., a New Jersey corp.; Value City Dept. Stores LLC, an Ohio LLC; Does 12/29/2010 2:10cv10041 CAS Western Division - Los Angeles | Copyright infringement action. Download | Stephen Doniger Doniger & Borroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Pink Ice California Dream Co. Inc.; Spicy Girl Fashions Inc.; Does 12/3/2010 2:10-cv-09313 GW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. CJ Apparel Group LLC, a Delaware LLC; Ross Stores Inc.; Boscov's Department Store LLC, a Delaware LLC; Does 12/2/2010 2:10-cv-09265 CBM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |

| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Meijer Inc., a North Dakota corp.; Gordman's Inc., an Illinois corp.; Does 11/23/2010 2:10-cv-09072 CBM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Anna-Stina; The Buckle Inc., a Nebraska corp.; Dressbarn Inc, d.b.a. Maurices, a Connecticut corp.; Von Maur Inc., an Illinois corp.; Figure Builders Foundations, a New York business form entity form unknown; The TJX Companies Inc., d.b.a. Marshalls, a Delaware corp.; Macy's Inc., a Delaware corp.; Bloomingdale's Inc., a Delaware corp.; Frazier Clothing Co. Inc., a New York corp.; Does 11/23/2010 2:10-cv-09075 JHN Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Target Corp.; Shane Hunter LLC, d.b.a. Aqua Blues; Does 11/22/2010 2:10-cv-09018 PA Western Division - Los Angeles | Copyright infringement action over copyrighted fabrics designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc.; California Blue Apparel Inc.; Does 11/19/2010 2:10-cv-08937 DDP Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. California Blue Apparel Inc.; Ross Stores Inc., a Delaware corp., d.b.a. "dd's discounts"; Beall's Outlet Stores Inc., a Florida corp.; Rhapsody Clothing Inc.; Does 11/18/2010 2:10-cv-08885 SVW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. KMart Holding Corp., a Delaware corp.; Hyman Family LP, d.b.a. Susie's Deals; Ross Stores Inc., a Delaware corp., d.b.a. "dd's discounts"; L.A. Fashion Hub Inc.; Jasmine Fashion Inc.; Does 11/18/2010 2:10-cv-08886 JFW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Urban Brands Inc., a New Jersey corp., d.b.a. Marianne; Church Street Retail Inc., a New Jersey corp.; Does 11/9/2010 2:10-cv-08541 PSG Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Target Corp.; Kandy Kiss of California Inc.; Does 11/4/2010 2:10-cv-08401 VBF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc.; Ivory International Inc.; Does 11/2/2010 2:10-cv-08292 | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | GHK Western Division - Los Angeles<br><br>LA Printex Industries Inc. v. Burlington Coat Factory Direct corp.; Belk Inc.; Kellwood Co.; Kellwood Retail Group Inc.; Does 11/2/2010 2:10-cv-08295 GAF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs.<br>Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | **L.A. Printex Industries, Inc.** v. N'Zania, Inc.; The Buckle, Inc., a Delaware corporation; Nordstrom, Inc., a Washington corporation; Century 21 Department Stores, LLC, a New York limited liability company; Dillard;s, Inc., a Delaware corporation; Does 10/21/2010 2:10-cv-07943 R Western Division - Los Angeles | Copyright infringement action over Design Nos. F60466, G70214 and F60564. Plaintiff creates two-dimensional graphic artworks for use on textiles. Defendants have manufactured garments with plaintiff's copyrighted designs without plaintiff's consent.<br>Download | Stephen Doniger Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. B & J Enterprise (NY) Corp., a New York corp.; The TJX Companies Inc., a Massachusetts corp.; The Bon-Ton Stores Inc., a Pennsylvania corp.; The Elder-Beerman Stores Corp., a Pennsylvania corp.; R. Herscher; Thyme Maternity Co.; Does 10/20/2010 2:10-cv-07897 CBM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs.<br>Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Burlington Coat Factory Direct Corp.; Sears Roebuck & Co.; Styles for Less, Inc; Global Gold, Inc.; Does 10/14/2010 2:10-cv-07681 DDP Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs.<br>Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Design Collection Inc.; Retail Associates Inc.; Max & K; Retail Ventures Inc., an Ohio corp.; B. Boston & Associates Inc.; UAG; Von Maur Inc, an Ohio corp.; SA & PW Inc., a New York corp.; Kiki's Fashions Inc.; Jasmine USA Inc.; Ross Stores Inc, d.b.a. DD's Discounts; Fashion Cry Inc.; John's Girl Inc.; Does 10/7/2010 2:10-cv-07526 RGK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs.<br>Download | Stephen Doniger Doniger & Burroughs |

6/14/2011 9:10:26 AM

First Page Previous Page Next Page Last Page

TUESDAY
JUNE 14, 2011

# Courthouse News Service

**Beta Website   CNS Home   About Us   Account Info   Search   Dinger   Reports   Full Text Documents   Logout**

Complaint Results | Bankruptcy Results

View in 4 columns View in 10 columns

| | 2 | of 6 | 100% | Find \| Next |
| Select a format | | | Export | |

| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Universal Printing & Dyeing Inc.; Kohl's Department Stores Inc., an Illinois corp.; The Buckle Inc., a Nebraska corp.; Unger Fabrik LLC; Pink Moon Inc.; Does 10/7/2010 2:10-cv-07527 GAF Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Target Corp., a Minnesota corp.; Unger Fabrik LLC; The TJX Corp., a Delaware corp., d.b.a. AJ Wright; Does 10/1/2010 2:10-cv-07364 MMM Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Destination Maternity Corp.; Does 9/7/2010 2:10-cv-06642 PSG Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. JC Penney Co. Inc.; Swat.Fame Inc.; Does 8/20/2010 5:59:00 PM 2:10-cv-06252 GHK Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. The Buckle Inc., a Nebraska corp.; Fashion Avenue Knits Inc., a New York corp.; Salt & Pepper Clothing Inc.; Does 8/10/2010 5:45:00 PM 2:10-cv-05938 SJO Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc. v. Jones Jeanswear Group, Inc., a New York Corp.; Goody's Family Clothing, Inc., a Tennessee Corp.; Belk, Inc, a North Carolina Corp.; Does 8/10/2010 2:10-cv-05955 MRP Western Division - Los Angeles | Copyright infringement action. | Regina Yeh Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc. v. Turn On Products, Inc., a New York corp., d.b.a. Younique; Maurices Incorporated, a Minnesota Corp.; The TJX Companies Inc, a Massachusetts corp., d.b.a. Marshalls, d.b.a. TJMaxx; The Cato Corp., a North Carolina corp., d.b.a. Cato Stores Inc.; Does 8/10/2010 2:10-cv-05957 PSG Western Division - Los Angeles | Copyright infringement action. | Regina Yeh Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc. v. Wal-Mart Stores, Inc., a Delaware Corp.; Ross Stores Inc.; Jerry Leigh of California Inc.; Does 8/10/2010 2:10-cv-05958 JFW Western Division - Los Angeles | Copyright infringement action. | Regina Yeh Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. The TJX Companies Inc.; Marshalls of MA Inc.; Marshalls of CA LLC; Unger Fabrik LLC; Does 8/9/2010 | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |

| | 6:55:00 PM 2:10-cv-05914 GHK Western Division - Los Angeles | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | **L.A. Printex Industries, Inc.** v. Jasmine Fashion, Inc.; Does 7/12/2010 2:10 -cv-05082 JFW Western Division - Los Angeles | Copyright Infringement action copyrighted fabric designs. Download | Scott Burroughs Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Charlotte Russe, Inc; Charlotte Russe Merchandising, Inc.; Does 6/25/2010 2:10-cv-04719 JHN Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc v. Kohl's Corp., a Wisconsin Corp.; TJ Sportswear & Sales Inc; Does 6/23/2010 2:10-cv-04653 VBF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Scott Burroughs Doniger Burroughs APC |
| Los Angeles Federal - USDC Central District of California | **L.A. Printex Industries, Inc.** v. Simon International Trading Corp., a New York Corp.; Ross Stores Inc., d.b.a. DD's Discounts; Citi Trends Inc., a Georgia corp.; Fashion Surplus Importers Inc., a Florida corp.; Rainbow USA Inc., a New York corp.; Does 6/17/2010 2:10-cv-04471 PA Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Scott Burroughs Doniger Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Vanity Inc., a North Dakota corp.; Does 6/15/2010 2:10-cv-04417 MRP Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Rite Aid Corp., a Pennsylvania corp.; Ross Stores Inc.; Kaaku Clothing Corp.; Exist Inc., a Florida corp.; Pret Fashions Inc., a New York corp.; Unlimited Avenues Inc., a New York corp.; Big M Inc., a New Jersey corp.; Macy's Inc., an Ohio corp.; The TJX Companies Inc., a Massachusetts corp.; Rainbow USA Inc., a New York corp.; Kohl's Corp., a Wisconsin corp.; Planet Gold Clothing Co. Inc., a New York corp.; The Cato Corp., a North Carolina corp.; Kids Place; Century 21 Department Stores LLC, a New York LLC; Franshaw Inc., a New York corp.; Unity International Inc., a New York corp.; The Dress Barn Inc., a New York corp.; A.J.I. Ltd., a New York corp.; Joyce Leslie Inc., a New York corp.; Jo-La Foundations Inc., a New York corp.; Catherine's Stores Corp., a Tennessee corp.; Intsam Inc., a New York corp.; Does 6/15/2010 2:10-cv-04416 DSF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Le Chateau Inc, a Canadian corp.; Does 6/9/2010 2:10-cv-04264 | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |

| | | | |
|---|---|---|---|
| | ODW Western Division - Los Angeles | | |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Beals Inc.; Belk Inc.; The Bon-Ton Stores Inc.; Burlington Coat Factory Direct Corp.; Ross Stores Inc.; Dillard's Inc.; The Kroger Co.; JC Penney Co. Inc.; The Glik Co.; Kohl's Department Stores Inc.; Macy's Retail Holdings Inc.; The TJX Companies Inc.; Vanity Shops of Grand Forks Inc.; Sears Roebuck and Co.; Shopko Holding Co. Inc.; Specialty Retailers Inc; Does 5/17/2010 2:10-cv-03704 DSF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc.; Kim & Roy Co. Inc, d.b.a. Candy Rain, d.b.a. CNC Clothing Inc.; Does 5/6/2010 2:10-cv-03415 PA Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Deb Shops Inc, a Philadelphia corp.; K Mode; Does 5/5/2010 2:10-cv-03370 VBF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc.; Boulevard Style Inc., d.b.a. In Style; Artex America Inc.; Seoul Texprint Inc., d.b.a. Cafa Seoul Textprint Inc.; Does 4/22/2010 2:10-cv-03027 DMG Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Macy's Retail Holdings Inc.; The TJX Companies Inc.; Marshalls of MA Inc.; Marshalls of CA LLC; The Bon-Ton Stores Inc.; Dillard's Inc.; Jones Apparel Group USA Inc.; A.O. Textile Inc.; Does 4/13/2010 2:10-cv-02689 DSF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Macy's Retail Holdings Inc.; Does 4/7/2010 2:10-cv-02515 PSG Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Sears Holding Corp., a New York corp, d.b.a. Sears Roebuck & Co. and KMart Corp.; Deb Shops Inc., a Pennsylvania corp.; The Bon Ton Stores Inc., a Pennsylvania corp, d.b.a. Bergners and Carson Pirie Scott; Big M Inc., a New Jersey corp, d.b.a. Annie Sez; RMP Fashion Inc., a New York corp.; Bloom; Uno Core Inc.; Cee Sportswear Inc; Odyssey Knits Inc., a Canadian corp.; Does 3/23/2010 2:10-cv-02099 JC Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. CSI Industries Inc., a Pennsylvania corp.; Fashion Bug Retail | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |

| | | | |
|---|---|---|---|
| | Companies Inc., a Delaware corp.; Charming Shoppes Inc., a Pennsylvania corp.; Nordstrom Inc., a Washington corp.; Fashion Click Inc.; Jaloux; 4J's Fabric Inc.; Filene's Basement Corp., a Massachusetts corp.; The TJX Companies Inc., a Delaware corp.; Wet Seal Inc.; Max Rave LLC; G & G Shops Inc., a New York corp.; Ross Stores Inc.; Uno Clothing Inc.; Does 3/23/2010 2:10-cv-02102 GW Western Division - Los Angeles | | |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc., d.b.a. DD's Discounts; Pure Zone; Candy Rain; Body Shop of America Inc., a Florida corp., d.b.a. Body Central; Excelhigh Inc., a New York corp.; Tiffany Collections 2000 Inc.; Does 3/23/2010 2:10-cv-02096 VBF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Belk Inc.; The TJX Companies Inc.; Dillard's Inc.; Ross Stores Inc.; Macy's Retail Holdings Inc.; Specialty Retailers Inc.; Levi Strauss & Co.; Shopko Holding Co. Inc.; Bob's Stores Corp.; Concord Buying Group Inc.; Glick Co.; Bealls Inc.; Mickey Finn Stores Inc.; VF Outlet Inc.; Forman Mills Inc.; Minneapolis Rag Stock Co.; McCaulou's Inc.; Does 2/12/2010 2:10-cv-01060 DDP Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Ross Stores, Inc; Charlotte Russe, Inc; Miken Sales, Inc; Does 2/3/2010 2:10-cv-00771 AHM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | **L.A. Printex Industries, Inc.** v. The TJX Companies, Inc., a Delaware corporation; California Blue Apparel, Inc.; D.J. Summers, Inc., a New York corporation; Pumpkin Patch Ltd.; Does 1/4/2010 2:10-cv-00029 R Western Division - Los Angeles | Copyright infringement action over design H80196 and D40198. Defendants manufactured and sold garments with these designs. Download | Stephen Doniger Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | **L.A. Printex Industries, Inc.** v. Burlington Coat Factory Direct Corporation, a New Jersey corporation; Kyo, Inc.; Rainbow USA, Inc., a New York corporation; Janette Fashion; Body Shop of America, Inc., a Florida corporation; Styles For Less, Inc.; Expand, Inc.; Urban Brands Inc., a New Jersey corporation; Nexxen Apparel, Inc.; JC Penney Corp., Inc., a Texas corporation; KNL Inc.; Does 1/4/2010 2:10-cv- | Copyright infringement action over design no. E50182. Defendants manufactured garments comprised of fabric featuring plaintiff's design. Download | Stephen Doniger Doniger Burroughs |

| | | | |
|---|---|---|---|
| | 00030 GHK Western Division - Los Angeles | | |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Forever 21 Inc., d.b.a. "Reference"; Sales Managers Unlimited Inc.; Peppe Peluso Studio; Does 12/23/2009 2:09-cv-09434 GHK Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc v. Kohl's Department Stores Inc; By Design LLC; Does 12/21/2009 2:09-cv-09320 R Western Division - Los Angeles | Copyright Infringement action. | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Sweater Wiz Inc.; Plus Management Inc., d.b.a. "T Party" and "Spotlight"; Kyo Inc.; Guilbert Tex Inc.; Genesis; London Eyes; Seventy Two; Knitenjin; Trinity; Does 12/10/2009 2:09-cv-09089 RSWL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Mega Printex Inc.; Does 11/6/2009 2:09-cv-08180 VBF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. The Buckle Inc.; Houston Salem Inc.; Final Touch Laundries; Does 11/6/2009 2:09-cv-08152 FMC Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Target Corp.; Awake Inc.; Does 10/27/2009 2:09-cv-07839 GAF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ms. Bubbles Inc.; Tilly's Inc.; Ross Stores Inc., a Delaware corp.; Larry Hansel Clothing LLC; Macy's Department Stores Inc., an Ohio corp.; Daffy's Inc., a New Jersey corp.; Does 10/20/2009 2:09-cv-07562 DDP Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Forever 21 Inc.; Raviya Inc.; Does 10/16/2009 2:09-cv-07537 CT Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Macy's Inc., a Delaware corp.; Meijer Companies Ltd., a Michigan corp.; Jones Apparel of Texas II Ltd, a Texas corp.; Pic Franchising LLC, d.b.a. Pickles & Ice Cream, a Texas LLC; Raggie Inc, d.b.a. Majamas Inc., an Illinois corp. 10/16/2009 2:09-cv-07558 JSL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Fausa Inc.; Styles for Less Inc.; Does 10/16/2009 2:09-cv-07561 GAF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Cornerstone Apparel Inc, d.b.a. Papaya; Popsy Corp.; Does 10/16/2009 2:09-cv-07563 RGK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc v. All Access Apparel Inc., d.b.a. Self Esteem; Does 8/28/2009 2:09-cv-06274 RGK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. T.J. Maxx of CA LLC; Marshalls of MA Inc; Marshalls of CA LCC; Maurices Incorporated; Seventy Two Inc.; Chiu Fai Yeung; Does 8/11/2009 2:09-cv-05868 PA Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Skiva International Inc., a New York corp.; Ross Stores Inc.; Rainbow USA Inc., a New York corp.; Melrose; Citifriends Inc., a Georgia corp.; Factory 2-U Stores Inc.; Fallas Parades; Kidstown Inc., a Vermont corp.; Fashion Trend Inc.; The TJX Companies Inc., d.b.a. AJ Wright, a Massachusetts corp.; Does 8/5/2009 2:09-cv-05728 AHM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. One Step Up Ltd., a New York corp.; Big M Inc., a New Jersey corp.; Ross Stores Inc.; Maurice's Inc., a Minnesota corp.; Payhalf Inc., a New Jersey corp.; Rue21 Inc., a Pennsylvania corp.; Does 7/29/2009 2:09-cv-05561 JFW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Burroughs APC |

6/14/2011 9:10:26 AM

TUESDAY
JUNE 14, 2011

# Courthouse News Service

**Beta Website   CNS Home   About Us   Account Info   Search   Dinger   Reports   Full Text Documents   Logout**

Complaint Results | Bankruptcy Results

View in 4 columns View in 10 columns

| | | | |
|---|---|---|---|
| ▌◀ ◀ 3 of 6 ▶ ▶▌ | 100% ▾ | Find \| Next | |
| Select a format | 🖫 Export | 🗎 🗎 | |

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Macy's Retail Holdings, Inc.; Bosco's Department Store, LLC; Ross Stores Inc.; The Bon-Ton Stores Inc.; Belk Inc.; Dillard's Inc.; Deb Shops Inc.; Deb of California Inc.; Jodi Kristopher Inc.; Does 7/28/2009 2:09-cv-05526 ODW Western Division - Los Angeles | Copyright infringement action. | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc.; Jae Nah v. Samsung America Inc., d.b.a. Caravel, a New Jersey corp.; Samil Knit Co. Ltd., a South Korean Co., d.b.a. Samil Knit USA Inc.; Kyong Mo Park; Mark Raskin; Jae Woo Kim; NSK Global Textile Inc., a Vietnam corp.; Does 7/17/2009 2:09-cv-05227 MMM Western Division - Los Angeles | Removal of complaint for violation of the Sherman Antitrust Act, unfair competition, breach of fiduciary duty. | p: Stephen Doniger Doniger & Burroughs APC d: Dan Woods White & Case LLP |
| Los Angeles State - Los Angeles Superior Court Central District | L.A. Printex Industries, Inc v. Trendy Alley, Inc dba Funkadelic Clothing Corp. 6/25/2009 BC416483 House | Open book account | Stephen Doniger |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Mangel Stores Corp., a New York corp.; Concepts By Malcolm Inc., a New York corp.; Ross Stores Inc., d.b.a. DD's Discounts, a Delaware corp.; Rainbow USA Inc.; Joyce Leslie Inc., a New Jersey corp.; Louise Paris Ltd., a New York corp.; Does 6/19/2009 2:09-cv-04438 VBF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Urban Outfitters Wholesale Inc.; Urban Outfitters Inc.; Blush Lingerie Inc.; Does 6/18/2009 2:09-cv-04402 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Burlington Coat Factory Direct Corp.; Nexxen Apparel Inc.; Does 6/18/2009 2:09-cv-04369 JFW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc v. The Wet Seal Inc.; Does 6/17/2009 2:09-cv-04364 RSWL Western Division - Los Angeles | Copyright infringement action. | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Topson Downs of California Inc.; Burlington Coat Factory Direct Corp., d.b.a. Cohoes Fashions, a New Jersey corp.; Loehmann's Inc., a Delaware corp.; Dillard's Inc., a Delaware corp.; Big M Inc., d.b.a. Mandee, a New Jersey corp.; Macy's Inc., a Delaware corp.; Does 6/17/2009 2:09-cv-04350 DSF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |

| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Fashion Exit Inc.; Sophia; Charlotte Russe Inc.; Kyo Inc.; OT27 Clothing Inc.; Value City Department Stores Inc, a Delaware corp.; Ross Stores Inc., a Delaware corp.; Cocomo Apparel Inc.; Does 6/17/2009 2:09 -cv-04352 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Forever 21 Inc.; Does 6/10/2009 2:09-cv-04139 GW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Macy's Retail Holdings, Inc.; Burlington Coat Factory Warehouse Corp.; KWDZ Manufacturing LLC; Vera Campbell; Does 6/3/2009 2:09-cv-03978 DSF Western Division - Los Angeles | Copyright infringement action. | Douglas Linde Linde Law Firm |
| Los Angeles State - Los Angeles Superior Court Central District | **L.A. Printex Industries, Inc.;** Jae Nah v. Samsung America Inc. dba Caravel; Samil Knit Co. Ltd.; Kyong Mo Park; Mark Raskin; Jae Woo Kim; NSK Global Textile, Inc. 5/20/2009 BC414161 Sinanian | Antitrust violations; breach of contract; conversion Download | Stephen Doniger Doniger Burroughs |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Forever 21 Inc.; Does 5/13/2009 2:09-cv-03382 SVW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Belk Inc.; Around the World Apparel, Inc., d.b.a. Miss Chievous; Does 5/8/2009 2:09-cv-03286 DDP Western Division - Los Angeles | Copyright infringement action. | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Cornflower Inc.; The Buckle Inc, a Nebraska corp.; K-Pak Clothing Corp.; D.D.'s Discounts; Does 5/6/2009 8:09-cv-00543 DOC Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. All Access Apparel, Inc., d.b.a. Self Esteem; Does 5/4/2009 2:09-cv-03154 JFW Western Division - Los Angeles | Copyright infringement action. | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Samsung America Inc., d.b.a. Samsung Caravel, a New York corp.; Byer California, d.b.a. Alfred Paquette; Alyn Paige Inc., a New York corp.; American Apparel Retail Inc.; B.I.Y.A.Y.C.D.A.; Church Street Retail Inc., a New York corp.; Cocomo Apparel Incorporated; Volume One Apparel Inc.; Connected Apparel Co. LLC, a Delaware LLC; Frazier Clothing Co. Inc., a New York corp.; Joyce Leslie Inc., a New York corp.; KWW Productions Corp., a New York corp.; La Belle Fashions Inc.; Lily Inc; Millennium Clothing Inc., a New York corp.; | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Burroughs APC |

| | | | |
|---|---|---|---|
| | Destination Maternity Corp., a Pennsylvania corp.; Notations Inc., a Pennsylvania corp.; Scarlett Jr. Dress Inc., a New York corp.; Sears Roebuck & Co., a New York corp.; Siouni & Zar Corp, a New York corp.; Swat.Fame Inc; The Wet Seal Inc., a Delaware corp.; Trixxi Clothing Co.; Big M Inc, d.b.a. Annie Sez, d.b.a. Mandee, a New Jersey corp.; Ashley Stewart Ltd, a Delaware corp.; Stage Stores Inc, d.b.a. Bealls, a Nevada corp.; Belk Inc, a N. Carolina corp.; et al 4/28/2009 2:09-cv-02967 GAF Western Division - Los Angeles | | |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Macy's Retail Holdings Inc.; Macy's Inc.; Dillard's Inc.; EV. R Inc., d.b.a. Skinny Minnie; Does 4/15/2009 2:09-cv-02626 SVW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. William Carter Co., a Georgia corp.; Meijer Inc., a Michigan corp.; JC Penney Corp. Inc., a Texas corp.; Carson Pirie Scott & Co., a Wisconsin corp.; Macy's Inc., an Ohio corp.; Kohls Corp., a Wisconsin corp.; Sears Holdings Corp., an Illinois corp.; Burlington Coat Factory Direct Corp., a New Jersey corp.; Carter's Inc., d.b.a. Carter's Children, a Georgia corp.; Toys "R" Us Inc., d.b.a. Babies "R" Us, a New Jersey corp.; Winmark Corp., d.b.a. Plato's Closet, a Minnesota corp.; Aeropostale Inc., a New York corp; Ms. Bubbles Inc.; Hammond Garment Manufacturing Co. Inc., a Louisiana corp.; Does 4/8/2009 2:09-cv-02449 JFW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. The Buckle, Inc.; Boaz Apparel, Inc.; Does 4/8/2009 2:09-cv-02468 PSG Western Division - Los Angeles | Copyright infringement action. | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. O & K Inc., d.b.a. One Clothing; Ross Stores Inc.; Burlington Coat Factory Direct Corp., d.b.a. Cohoes, a New Jersey corp.; Macy's Inc., an Ohio corp.; Forever 21 Inc.; Does 3/2/2009 2:09-cv-01478 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Just For Wraps Inc; d.b.a. Wrapper USA; JC Penny Corp., a Texas corp.; Jodi Kristopher Inc., d.b.a. City Triangles; Misyd Corp.; Dillards Inc., an Arkansas corp.; Fingerhut Direct Marketing, a | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |

| | | | |
|---|---|---|---|
| | Minnesota corp.; Urban Brands Inc., d.b.a. Marianne, a New Jersey corp.; Bergner's Inc., an Ohio corp.; Carson Pirie Scot, a Pennsylvania corp.; Filene's Basement, a Massachusetts corp.; Boscov's Department Stores LLC, a Pennsylvania corp.; Macy's Inc., an Ohio corp.; Big M Inc., d.b.a. Annie Sez, a New Jersey corp.; Does 2/17/2009 2:09-cv-01126 VBF Western Division - Los Angeles | | |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Cornerstone Apparel Inc., d.b.a. Papaya; Max Rave LLC, d.b.a. G & G Shops; Ross Stores Inc.; Larry Hansel Inc.; Kellwood Company Corp., a Missouri corp.; Belk Inc., a North Carolina corp.; Burlington Coat Factory, a New Jersey corp.; Does 2/17/2009 2:09-cv-01133 JFW Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger & Burroughs APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Stony Apparel Corp.; Kohl's Department Stores Inc., a Delaware corp.; Macy's Retail Holdings Inc., a Delaware corp.; Nordstrom Inc., d.b.a. Nordstrom Rack, a Washington corp.; The Bon -Ton Stores Inc., a Pennsylvania corp.; The Elder-Beerman Stores Corp., a Pennsylvania corp.; Belk Inc., a North Carolina corp.; T.J. Maxx Inc., a Massachusetts corp.; Dillard's Inc., an Arkansas corp.; Does 1/20/2009 2:09-cv-00432 DDP Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. JC Penny Corp., a Texas corp.; Bee Darlin Inc.; The Wet Seal Inc.; Charlotte Russe Inc.; Vanity Shops Inc., a North Dakota corp.; Dillard's Inc., an Arkansas corp.; Misyd Corp.; Maurice's Inc., a Minnesota corp.; Does 1/20/2009 2:09-cv-00430 JFW Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Alarmax Holdings LLC, a New York corp.; JC Penny Corp. Inc., a Texas corp.; Rad Clothing Inc.; Does 1/20/2009 2:09-cv-00434 SJO Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Rue 21 Inc.; POMC LLC, d.b.a. Hip to Hop; Does 1/20/2009 2:09-cv-00441 CAS Western Division - Los Angeles | Copyright Infringement action. | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | La Printex Industries, Inc. v. Macy's, Inc.; Macy's Stores of California; R.H. Macy & Co., Inc.; Does 1/6/2009 2:09-cv-00078 | Copyright infringement action over design number D-40464 "Subject Design." Defendants made garments featuring nearly identical copies of the design and selling them at retail | Douglas Linde Linde Law |

| | PJW Western Division - Los Angeles | stores as their own. Download | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Ross Stores, Inc; The Bon-Ton Stores, Inc; Hi-Rollers Sportswear, Ltd.; Does 12/15/2008 2:08-cv-08267 DDP Western Division - Los Angeles | Copyright infringement action. | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Belk, Inc.; Boscov's Department Store, LLC; Dillard's, Inc.; Ross Stores, Inc.; Macy's, Inc.; The Bon -Ton Stores, Inc.; Levi Strauss & Co.; Kohls Department Stores, Inc.; L'Koral Incorporated; Does 12/15/2008 2:08-cv-08268 GAF Western Division - Los Angeles | Copyright infringement action. | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Ross Stores Inc.; The TJX Companies Inc.; Japna Inc.; Raviya Inc.; Does 11/20/2008 2:08-cv-07673 JFW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. B. Boston & Associates Inc.; Ross Stores Inc.; Ivory International Inc., a Florida corp.; Does 11/19/2008 2:08-cv-07637 SJO Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Rad Clothing Inc.; Ross Stores Inc.; Tiffany Collection 2000 Inc.; Factory 2-U Stores Inc., a Delaware corp.; Street Legal Clothing; Macy's Inc., an Ohio corp.; Forever 21 Inc.; Does 11/19/2008 2:08-cv-07638 SJO Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Global Gold Inc., a New York corp.; Burlington Coat Factory Direct Corp., a New Jersey corp.; Simply Fashion Stores Ltd., a New York Co.; Mahudi International Corp., a Florida corp.; Does 11/4/2008 2:08-cv-07316 AHM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc v. YM Inc., a Canadian corp., d.b.a. Urban Planet, d.b.a. Stitches, d.b.a. Suzy Shier, d.b.a. Sirens; Does 10/27/2008 2:08-cv-07080 JSL Western Division - Los Angeles | Copyright infringement action. | Scott Burroughs Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc v. Aeropostale, a Delaware corp.; Charlotte Russe; KOHLS, a Wisconsin corp.; Ms. Bubbles; Rad Clothing; Does 10/27/2008 2:08-cv-07085 DDP Western Division - Los Angeles | Copyright infringement action. | Scott Burroughs Doniger Law Firm APC |
| Los Angeles State - Los Angeles Superior Court Central District | LA Printex Industries, Inc v. K.E.S. Textile, Inc; Myung Sook Ahn 10/1/2008 BC399185 Hess | Breach of contract | Douglas Linde |

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | **L.A. Printex Industries, Inc.** v. Rainbow USA Inc., a New York corp.; POMC LLC; Simon International; Does 9/22/2008 2:08-cv-06232 JFW Western Division - Los Angeles | Copyright infringement action. | Scott Burroughs Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | **L.A. Printex Industries, Inc.** v. Fabritex Inc.; Unger Fabrik LLC; J.C. Penney Corporation, Inc., a Delaware corp.; Does 9/22/2008 2:08-cv-06234 JFW Western Division - Los Angeles | Copyright infringement action. | Scott Burroughs Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Macy's Inc.; The Buckle Inc.; Around the World Apparel Inc., d.b.a. Miss Chevious; Does 9/15/2008 2:08-cv-06017 SVW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Lorin Brennan The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. The Resource Club Ltd., a New York corp.; Manu Mirchandani; The TJX Companies Inc., a Delaware corp.; Macy's Retail Holdings Inc., a Delaware corp.; Belk Inc., a Delaware corp.; Specialty Retailers Inc., a Texas corp., d.b.a. Stage Stores; Does 9/15/2008 2:08-cv-06022 CBM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Macy's Retail Holdings Inc., a Delaware corp.; Burlington Coat Factory Direct Corp., a New Jersey corp.; Scott Apparel Inc.; Fairy Dust Dreams Designs; Jak & Rae 9/15/2008 2:08-cv-06019 PA Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Clothing For Modern Times Ltd., a Canadian Limited Co; Costa Blanca, a Canadian Co.; Does 7/28/2008 2:08-cv-04937 ABC Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | L.A.Printex Industries Inc. v. Charlotte Russe Inc.; Does 7/22/2008 2:08-cv-04793 RSWL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |

6/14/2011 9:10:26 AM

First Page Previous Page Next Page Last Page

TUESDAY
JUNE 14, 2011

# Courthouse News Service

Beta Website    CNS Home    About Us    Account Info    Search    Dinger    Reports    Full Text Documents    Logout

| Complaint Results | Bankruptcy Results |

View in 4 columns View in 10 columns

⏮ ◀ 4 of 6 ▶ ⏭ | 100% ▾ | Find | Next
Select a format ▾ Export 🖨 🔧

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | L.A.Printex Industries Inc. v. La Senza Inc., a Canadian corp.; Limited Brands Inc., a Delaware corp.; Does 7/22/2008 2:08-cv-04791 RGK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A.Printex Industries Inc. v. Up Against The Wall, a DC corp.; Too Import LLP, an Ohio corp.; Justice Stores LLC, an Ohio corp.; Dillard's Inc., an Arkansas corp.; Wet Seal Inc.; Planet Funk; Charlotte Russe Inc.; Cato Stores Inc., a N. Carolina corp.; Ross Stores Inc., a Delaware corp.; KNL Inc.; Kohl's Dept. Stores Inc., a Wisconsin corp.; Boscov's Dept. Stores Inc., a Pennsylvania corp.; FTY Connection; Trion; Does 7/22/2008 8:08-cv-00813 JVS Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Vanity Shops of Grand Forks Inc.; Seventy Two Inc.; Does 7/17/2008 2:08 -cv-04667 GPS Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Ross Stores Inc.; UNO Clothing Inc.; Does 7/17/2008 2:08-cv-04697 RGK Western Division - Los Angeles | Copyright infringement action. | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Charming Shoppes Inc., a Delaware corp.; Fashion Bug Retail Companies Inc., a Delaware corp.; Lane Bryant Inc., a Delaware corp.; Body Shop of America Inc., a Florida corp.; Big M Inc., a New Jersey corp.; Deb Shops Inc., a Pennsylvania corp.; BCBG Max Azria Group Inc.; Ross Stores Inc.; Maurice's Inc., a Minnesota corp.; Skiva International Inc., a New York corp.; Sportswear Group LLC, a New York LLC; Turn On Products Inc., a New York corp.; Does 7/11/2008 2:08-cv-04560 GHK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Nordstrom Inc.; Does 6/10/2008 2:08-cv-03804 AHM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Macy's Inc., an Ohio corp.; 4 You America LLC, a New York LLC; Hayun Fashion Investments Corp., d.b.a. Planet Funk; Global Clothing Network Inc., d.b.a. Overdrive; Does 5/28/2008 2:08-cv-03495 RSWL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Dynasty Fashions Inc.; Hyman Family LP, d.b.a. Susle's Deals and Susle's Deals Everything Five Dollars; National Stores Inc.; Malsons; Does 5/28/2008 2:08-cv-03494 DSF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. J.C. Penney Company, Inc.; Does 5/28/2008 2:08 -cv-03508 FMC Western Division - Los Angeles | Copyright infringement action. | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. The Bon Ton Stores Inc., a Pennsylvania corp.; La Belle Fashions Inc.; Does 5/16/2008 2:08-cv-03278 R Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm APC |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Bealls Inc.; Bealls Outlet Stores Inc.; Dots LLC; Trendset Originals LLC; Does 5/15/2008 2:08-cv-03233 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Pretty Girl of California Inc., a New York corp., d.b.a. Pretty Girl; Does 5/15/2008 2:08-cv-03238 ODW Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Kohl's Department Stores Inc., a Delaware corp.; At Last Sportswear Inc., a New Jersey corp.; Does 5/15/2008 2:08-cv-03236 RGK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Dots LLC; Lialee Inc.; Does 5/8/2008 2:08-cv-03047 PSG Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles State - Los Angeles Superior Court Central District | L.A. Printex Industries, Inc v. Unicolors, Inc; Nader Pazirandeh 4/30/2008 BC389915 Fruin | Fraud | Stephen Doniger |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc.; Lialee Inc.; Does 4/28/2008 2:08 -cv-02760 GAF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. JC Penney Co. Inc.; Ross Stores Inc.; Kellwood Co., d.b.a. My Michelle; Neman Brothers & Assoc. Inc.; Does 4/28/2008 2:08 -cv-02758 JSL Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | La Printex Industries, Inc. v. Ross Stores, Inc.; Lialee, Inc.; Does 4/3/2008 2:08-cv-02233 GHK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. KNL Inc.; Beall's Inc., a Florida corp.; Gordman's Inc., a Nebraska corp.; Susle's Deals Inc.; SRI; US -Mexico; Boscov's Department Stores Inc., a Pennsylvania corp.; Ross Stores Inc.; D.D.'s Discounts; Sears Roebuck & Co., an Illinois corp.; | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |

| | Kohl's Department Stores Inc., a Wisconsin corp.; FTY Connection; Trion; Does 3/21/2008 2:08-cv-01935 SVW Western Division - Los Angeles | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Lialee Inc., d.b.a. Williams-East Corp.; Ross Stores Inc., a Delaware corp.; Deb Shops Inc., a Pennsylvania corp.; Mega Printex Inc.; Does 3/18/2008 2:08-cv-01836 ODW Western Division - Los Angeles | Copyright Infringement action over plaintiff's copyrighted graphic artworks for use on textiles. Download | Stephen Doniger Doniger Law Firm ,APC |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Ross Stores Inc., a Delaware corp.; Alarmex Holdings Group LLC, a New York LLC; Apparel Holdings Group LLC, a New York LLC; Uno Clothing Inc.; Mackson Inc., a New York corp.; Intertex Apparel Ltd., a New York corp.; Does 2/11/2008 2:08-cv-00930 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Dillard's Inc.; Does 2/7/2008 2:08-cv-00833 AHM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Ross Stores Inc., a Delaware corp.; MM & R Inc., a New York corp., d.b.a. New Vision Apparel and I.C.E.; Does 1/14/2008 2:08-cv-00220 GHK Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Complete Clothing Co.; Does 1/14/2008 2:08-cv-00234 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | La Printex Industries, Inc. v. Target Corporation; Target Brands, Inc.; Kandy Kiss of California, Inc.; Does 1/7/2008 2:08-cv-00075 ODW Western Division - Los Angeles | Copyright infringement action over design number E-50159 "Subject Design" mark. Defendants have manufactured and sold identical garments with plaintiff's design. Download | Douglas Linde Linde Law |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries, Inc. v. Marshall's of MA, Inc.; Marshall's of CA, LLC; TJ Maxx of CA, LLC; The TJX Companies, Inc.; Creative Design Works, Inc.; Fabricland L.A.; Lucky Kim Int'l; Does 10/2/2007 2:07-cv-06430 GPS Western Division - Los Angeles | Copyright infringement action. | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Pacesetter Fabrics LLC; Delia's Inc.; Does 6/13/2007 2:07-cv-03857 MMM Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde The Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Forever 21 Inc.; Forever 21 Retail Inc.; Does 5/15/2007 2:07-cv-03195 R Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc.; NYCAL Inc.; Does 5/15/2007 2:07-cv-03187 VBF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Mervyn's LLC; Shane Hunter Inc., a Delaware corp.; Does 5/10/2007 2:07-cv-03098 DDP Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Group USA Apparel Inc., d.b.a. Group US The Clothing Company; Moa Moa Inc.; Does 5/9/2007 2:07-cv-03084 SJO Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Fashion Bug Retail Companies Inc.; Does 5/9/2007 2:07-cv-03080 FMC Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Styles For Less Inc.; Does 5/9/2007 2:07-cv-03082 PA Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Douglas Linde Linde Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Burlington Coat Factory Direct Corp., a New Jersey corp.; Jump Clothing Inc.; Fashion Avenue; Forever 21 Inc., a Delaware corp.; Forever 21 Retail Inc.; Ross Stores Inc., a Delaware corp.; Does 3/27/2007 2:07-cv-02019 AHM Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Destine Inc., a New York corp.; The TJX Companies Inc., d.b.a. Marshalls, a Delaware corp.; Does 3/27/2007 2:07-cv-02020 GHK Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Joyce Leslie Inc., a New York corp.; Park Avenue Sportswear Ltd., a New York corp.; Does 3/27/2007 2:07-cv-02022 PSG Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Alona Apparel Inc., d.b.a. Positano; Amtex International Inc.; Bang Bang Boutique Inc., a New Jersey corp.; The Buckle Inc., a Nebraska corp.; Magic Sportswear Inc.; Art Apparel Group Inc., d.b.a. Michael Leu Collection; Does 3/27/2007 2:07-cv-02023 FMC Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Deb Shops Inc., a Pennsylvania corp.; M.I.S.S. Sportswear Inc., a New York corp.; Does 3/27/2007 2:07-cv-02024 MMM Western Division - Los Angeles | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Burlington Coat Factory Direct Corp., a New Jersey corp.; Paris Sportswear Ltd., a Canadian limited company; Does 3/27/2007 | Copyright Infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |

| | | | |
|---|---|---|---|
| Los Angeles Federal – USDC Central District of California | 2:07-cv-02016 ER Western Division - Los Angeles L.A. Printex Industries Inc. v. Kellwood Co. Corp., a Delaware corp.; My Michelle; Dillard's Inc., a Delaware corp.; Filene's Basement Inc., a Delaware corp.; Gottschalk's Inc., a Delaware corp.; Does 3/15/2007 2:07-cv-01733 DSF Western Division - Los Angeles | Copyright infringement action over copyrighted fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles State - Los Angeles Superior Court Central District | LA Printex Industries, Inc v. Lee and Kent, LLP; Daniel Chang 1/19/2007 BC365018 Fromholz | Negligence | Stephen Doniger |
| Los Angeles Federal – USDC Central District of California | L.A. Printex Industries Inc. v. Federated Dept. Stores Inc.; The TJX Companies Inc.; Boscov's Dept. Store LLC; Belk Inc.; Ross Stores Inc.; Retail Ventures Inc.; Briggs New York Inc.; Roselon Industries Inc.; Does 11/2/2006 2:06-cv-7022 GAF | Copyright infringement action over plaintiff's copyrighted fabric design. | Douglas Linde The Linde Law Firm |
| Los Angeles Federal – USDC Central District of California | L.A. Printex Industries Inc. v. Notations Inc., a New York corp.; Kohl's Dept. Stores Inc.; Ross Stores Inc., a Delaware corp.; Samsung America Inc., a New Jersey corp.; Does 11/2/2006 2:06-cv-7031 FMC | Copyright infringement action over two-dimensional artworks for use on fabrics. | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal – USDC Central District of California | L.A. Printex Industries, Inc. v. KJ Choi's Apparel, Inc.; Ross Stores, Inc., a Delaware Corporation; Target Corp., a Minnesota Corporation; Does 10/3/2006 2:06-cv-6303 RGK | Copyright infringement action over "Internal Design Number D40037 - Subject Design" mark. Defendants manufactured and sold fabric and garments with plaintiff's design. | Stephen Doniger Doniger Law Firm |

6/14/2011 9:10:26 AM

First Page Previous Page Next Page Last Page

# Courthouse News Service

Complaint Results | Bankruptcy Results

View in 4 columns  View in 10 columns

|◄   ◄   5   of 6  ►   ►|     100% ▾           Find | Next
Select a format                        ▾    Export   📄   📑

| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Saks Inc.; Bloomingdale's Inc.; Shopbop.com; Vibe The Boutique LLC; Sean Barron, d.b.a. Joie Jeans; Joie Rucker, d.b.a. Joie Jeans; Does 8/18/2006 2:06-cv-5198 GPS | Copyright Infringement action over fabric designs. | Douglas Linde |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Federated Dept. Stores Inc., a Delaware corp., d.b.a. Hecht's, Robinsons May and Strawbridges; Burlington Coat Factory Direct Corp., a New Jersey corp.; Fang Clothing Inc.; Does 8/17/2006 2:06-cv-05175-CAS-JC CAS | Copyright infringement action over fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Target Corp., a Minnesota corp.; Does 8/17/2006 2:06-cv-05179-RSWL-JC RSWL | Copyright infringement action over fabric designs. Download | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Target Corp., a Minnesota corp.; Does 7/25/2006 2:06cv4641 FMC | Copyright infringement action over fabric designs. | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Rush Apparel Inc.; Unitex; Star Fabric; Absolute Textile Inc.; Ilan Kashanian; 2 W Fashion Inc.; Midthrust Imports Inc.; Nikibiki Inc.; Fashion Bug Inc.; Charming Shoppes Inc., a Pennsylvania corp.; Charming Shoppes of Delaware Inc.; Zoomer's Inc., a New York corp.; Sak's Inc., an Alabama corp.; Dillard's Inc., an Arkansas corp.; Misyd Corp.; T.J. Maxx Inc.; Marmaxx Group; The TJX Companies Inc., a Delaware corp.; Windsors Fashions Inc.; RMLA Inc.; Fabric Studio Inc.; The Bon -Ton Stores Inc., a Pennsylvania corp.; Fusion America of Jersey Garden Inc., a New Jersey corp.; Kuperhand Inc., a New York corp.; Depa Int'l Inc., a New York corp.; Event Inc.; Design Collection Inc.; Does 5/30/2006 2:06cv3333 GPS | Copyright Infringement action over textile designs. | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Belk Inc., a Delaware corp.; The Bon-Ton Stores Inc., a Pennsylvania corp.; Federated Dept. Stores Inc.; Macy's Dept. Stores Inc., an Ohio corp.; Foley's Inc., a Delaware corp.; Strawbridge's Inc., a Pennsylvania corp.; The May Dept. Stores Int'l Inc., d.b.a. Robinsons-May, d.b.a. Hecht's, a Missouri corp.; Steinmart Inc., a Florida corp.; The Dress Barn Inc., a New York corp.; T.J. Maxx Inc., a Massachusetts corp.; The TJX Companies, d.b.a. | Copyright infringement action over textile designs. | Stephen Doniger Doniger Law Firm |

| | | | |
|---|---|---|---|
| | Marshalls, a Delaware corp.; Ross Stores Inc., a Delaware corp.; Value City Dept. Stores LLC, an Ohio LLC; Kohl's Dept. Stores Inc.; Briggs New York Inc., a Missouri corp.; Does 5/30/2006 2:06cv3334 RSWL | | |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Sears Roebuck & Co., a New York corp.; Absolute Textile Inc.; Exact Change Only Corp., a New York corp.; Kohl's Illinois Inc.; Kohl; Does 4/20/2006 2:06cv2419 AHM | Copyright infringement action over textile fabric designs. | Stephen Doniger Doniger Law Firm |
| Los Angeles State - Los Angeles Superior Court Central District | LA Printex Industries, Inc v. Lee & Kent; Thomas E. Kent; Justin M. Lee 4/17/2006 BC350824 Aragon | Fraud | Douglas Linde |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Sears Roebuck & Co.; Komar & Sons Inc.; Milco Industries Inc.; Does 3/27/2006 2:06cv1824 GHK | Copyright infringement action. | Douglas Linde |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Motherhood Maternity Store Inc.; Mother Works Inc.; Does 3/27/2006 2:06cv1825 GPS | Copyright infringement action. | Douglas Linde |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Dots Stores Inc.; Deb Shops Inc.; Forever 21 Retail Inc.; Ice Tea Inc.; Does 3/27/2006 2:06cv1827 JSL | Copyright infringement action. | Douglas Linde |
| Los Angeles Federal - USDC Central District of California | LA Printex Industries Inc. v. Ross Stores Inc.; Exact Change Only Corp., a New York corp.; Does 3/13/2006 2:06cv1545 CAS | Copyright infringement action. | Scott Alan Burroughs Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Daffy's Inc., a New Jersey corp.; Mervyn's LLC; The TJX Companies Inc., a Delaware corp.; T.J. Maxx of California LLC, a Delaware LLC; Bang Bang Boutiques LLC, a Delaware LLC; Miki Manufacturing of Calif.; Does 1/19/2006 2:06cv350 SJO | Copyright infringement action over copyrighted designs on fabric. | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Austin Whang; Int'l Star; Fabric Selection Inc.; EKB; Pop Connection; Alex Fabric; Peyk Int'l Inc.; N.S.S. Fabric Inc.; R.C. Fabric Inc.; Star Fabric; Laguna Fabric; A & K Textiles; The TJX Companies Inc., a New Jersey corp.; TJ Maxx of CA Inc., a Delaware corp.; Ross Stores Inc., a Delaware corp.; Mix Nouveau; Hurley Int'l LLC, an Oregon corp.; 3 other inds.; Does 1/19/2006 2:06cv352 RSWL | Copyright infringement action over copyrighted fabric designs. | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Austin Whang; Kiu Whang; Chang Oak; Absolute Textile Inc.; Ilan Kashanian; Rainbow Distribution Center Corp., a New Jersey corp.; Rainbow | Copyright infringement action over copyrighted fabric designs. | Stephen Doniger Doniger Law Firm |

| | | | |
|---|---|---|---|
| | USA Inc., a New York corp.; The New 5 7 9 and Beyond Inc., a New York corp.; Papaya Clothing; Styles 4 Less Inc.; 2W Fashion Inc.; Does 1/19/2006 2:06cv353 FMC | | |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Ross Stores Inc., a Delaware corp.; G + G Retail Inc., a Delaware corp.; Apparel Holdings Group LLC, a New York LLC; Does 1/19/2006 2:06cv354 RGK | Copyright infringement action over copyrighted fabric designs. | Stephen Doniger Doniger Law Firm |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc. v. Fashion Bug, Inc.; Tilly's, Inc.; The Buckle, Inc.; Global Clothing Network, Inc.; Big M Inc. dba Mandee's; Does 8/19/2005 2:05cv6074 ABC | Copyright infringement action over "Internal Design Number F60023." Defendants sold infringing garments which featured the infringing design. | Stephen Doniger |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries, Inc. v. Fashion Bug, Inc.; Zelouf International; Novelty Plus, Inc.; Only Nine; Does 8/12/2005 2:05cv5916 CBM | Copyright infringement action over "Design E50082." Defendants produced and sold a fabric design identical to plaintiff's and manufactured it under the "Venezia" label. | Stephen Doniger |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. U.F.N. Textile Group Inc.; Seoul Texprint Inc.; Kiu Hong Whang; Austin Whang; Does 6/1/2005 2:05cv3946 DSF | Copyright infringement action over textile designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Kiu Hong Whang; Austin Whang; Does 6/1/2005 2:05cv3947 DT | Copyright infringement action over textile designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Macy's West Inc., an Ohio corp.; Federal Department Stores Inc., a Delaware corp.; Burlington Coat Factory Warehouse Corp., a Delaware corp.; The Buckle Inc.; a Nebraska corp.; Great Escape Manufacturing Corp.; Seoul Texprint Inc.; Kiu Hong Whang; Austin Whang; Does 6/1/2005 2:05cv3948 PA | Copyright infringement action over textile designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Kiu Hong Whang; Austin Whang; Does 6/1/2005 2:05cv3949 GAF | Copyright infringement action over textile designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Kiu Hong Whang; Austin Whang; Does 6/1/2005 2:05cv3952 JFW | Copyright infringement action over textile designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Kiu Hong Whang; Austin Whang; Does 6/1/2005 2:05cv3953 RSWL | Copyright infringement action over textile designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Seoul Texprint Inc.; Kiu Hong Whang; Austin Whang; Does 5/31/2005 2:05cv3944 RSWL | Copyright infringement action over textile designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Target Corp., a Minnesota corp.; Does 5/11/2005 2:05cv3552 NM | Copyright infringement action over copyrighted print designs. | Daniel Chang Chang & Kim LLP |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Mervin's Inc., a Delaware corp.; Does | Copyright infringement action over copyrighted print designs. | Daniel Chang Chang & Kim |

| | | | |
|---|---|---|---|
| Los Angeles Federal - USDC Central District of California | 5/11/2005 2:05cv3553 GAF L.A. Printex Industries Inc. v. Mervyn's Inc., a Delaware corp.; Does 5/11/2005 2:05cv3557 DDP | Copyright infringement action over copyrighted print designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Target Corp., a Minnesota corp.; Does 5/11/2005 2:05cv3558 JSL | Copyright infringement action over copyrighted print designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Mervyn's Inc., a Delaware corp.; Does 5/11/2005 2:05cv3555 JSL | Copyright infringement action over copyrighted print designs. | Daniel Chang Chang & Kim |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Lane Bryant Inc., a Delaware corp.; Lane Bryant Purchasing Corp., a Delaware corp.; Zelouf Int'l Corp., a New York corp.; Does 2/23/2005 2:CV05-1339 DSF | Copyright infringement action over textile designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Lane Bryant Inc., a Delaware corp.; Lane Bryant Purchasing Corp., a Delaware corp.; Fashion Bug #2858 Inc.; Fashion Bug #3227 Inc.; Fashion Bug #3267; Fashion Bug Plus #8078 Inc.; Global Clothing Network Inc.; Does 2/23/2005 2:CV05-1341 CAS | Copyright infringement action over textile designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Lane Bryant Inc., a Delaware corp.; Lane Bryant Purchasing Corp., a Delaware corp.; Fashion Bug #2858 Inc.; Fashion Bug #3227 Inc.; Fashion Bug #3267 Inc.; Fashion Bug Plus #8078 Inc.; Zoomers Inc., a New York corp.; Does 2/23/2005 2:CV05-1346 PA | Copyright infringement action over textile designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Nordstrom Inc., a Washington corp.; Volume One Inc.; Does 1/13/2005 2:CV05-0319 DDP | Copyright infringement action over copyrighted designs on fabric. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Nordstrom Inc., a Washington corp.; Misyd Corp.; Does 1/13/2005 2:CV05-0320 GPS | Copyright infringement action over copyrighted designs on fabric. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Nordstrom Inc., a Washington corp.; Fashion Click Inc.; Does 1/13/2005 2:CV05-0321 FMC | Copyright infringement action over copyrighted designs on fabric. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Nordstrom Inc., a Washington corp.; Star of India Fashions Inc., an Arizona corp.; Does 1/13/2005 2:CV05-0324 CBM | Copyright infringement action over copyrighted designs on fabric. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Nordstrom Inc., a Washington corp.; Alfar Imports Ltd., a New York corp.; Does 1/13/2005 2:CV05-0325 NM | Copyright infringement action over copyrighted designs on fabric. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Macy's West Inc., an Ohio corp.; Misyd Corp.; Does 1/12/2005 2:CV05-0239 ER | Copyright infringement action over copyrighted fabric designs. | Thomas Kent Lee & Kent |

| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Macy's West Inc., an Ohio corp.; Byer California; Does 1/12/2005 2:CV05-0240 JFW | Copyright infringement action over copyrighted fabric designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Macy's West Inc., an Ohio corp.; Stoney Apparel Corp.; Does 1/11/2005 2:CV05-0210 MMM | Copyright infringement action over fabric designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Bang Bang Boutiques Inc., a New York corp.; The Art Apparel Group; Jeetish Imports Inc., a New York corp.; Does 1/4/2005 2:CV05-0057 FMC | Copyright infringement action over fabric designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Ashley Stewart Ltd., a Delaware corp.; Does 1/4/2005 2:CV05-0058 GPS | Copyright infringement action over fabric designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. The Buckle Inc., a Nebraska corp.; Stoney Apparel Inc.; Does 1/3/2005 2:CV05-003 GPS | Copyright infringement action over fabric designs. | Thomas Kent Lee & Kent |

6/14/2011 9:10:26 AM

First Page Previous Page Next Page Last Page

# Courthouse News Service

TUESDAY
JUNE 14, 2011

Beta Website   CNS Home   About Us   Account Info   Search   Dinger   Reports   Full Text Documents   Logout

Complaint Results | Bankruptcy Results

View in 4 columns  View in 10 columns

|◄  ◄  6  of 6  ►  ►|   100%   [ ]   [        ]  Find | Next

Select a format          [📊] Export  [ ]  [ ]

| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. The Buckle Inc., a Nebraska corp.; Alona Apparel Inc.; Does 1/3/2005 2:CV05-004 AHM | Copyright infringement action over fabric designs. | Thomas Kent Lee & Kent |
| Los Angeles Federal - USDC Central District of California | L.A. Printex Industries Inc. v. Sears Roebuck & Co., a New York corp.; Byer Calif.; Alfred Paquette Inc.; Absolute Textile Inc.; Exact Change Only Corp., a New York corp.; Does 1/3/2005 2:CV05-005 RGK | Copyright infringement action over fabric designs. | Thomas Kent Lee & Kent |

6/14/2011 9:10:26 AM

First Page  Previous Page  Next Page  Last Page

# EXHIBIT B

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

HONORABLE GEORGE H. KING, UNITED STATES DISTRICT COURT JUDGE

L.A. PRINTEX INDUSTRIES, INC., )
)
        Plaintiff,            )
)
vs.                           )       CASE NO. CV 04-06769
)
MACY'S WEST, INC., et al.     )
)
        Defendants.           )
)

COPY

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Monday, August 28, 2006

9:30 p.m.

ORDER TO SHOW CAUSE RE:  SANCTIONS

JOHN G. TURMAN, CSR, RMR
Official Court Reporter
255 East Temple Street
Room 181-G
Los Angeles, California 90012
Telephone & Fax:  (213) 626-2920

EXHIBIT B

2

1   APPEARANCES OF COUNSEL:

2   FOR THE PLAINTIFF:

3       LINDE LAW FIRM
        BY:  DOUGLAS A. LINDE, ESQ.
4            2029 Century Park East
             Suite 1360
5            Los Angeles, California  90010
             Telephone:  (310) 203-9555
6

7   FOR THE DEFENDANT MACY'S:

8       RESCH POLSTER ALPERT & BERGER LLP
        BY:  MICHAEL C. BAUM, ESQ.
9            ANDREW V. JABLON, ESQ.
             10390 Santa Monica Boulevard, Fourth Floor
10           Los Angeles, California  90025-6917
             Telephone:  (310) 277-8300
11           Facsimile:  (310) 552-3209

12  FOR THE DEFENDANT SEOUL:

13      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
        BY:  DAVID W. QUINTO, ESQ.
14           865 South Figueroa Street, 10th Floor
             Los Angeles, California  90017
15           Telephone:  (213) 624-7707
             Facsimile:  (213) 624-0643
16

17  FOR THE DEFENDANT UFN TEXTILE:

18      GREENBERG & BASS, LLP
        BY:  DANA J. HADL, ESQ.
19           16000 Ventura Boulevard, Suite 1000
             Encino, California  91436
20           Telephone:  (818) 382-6200
             Facsimile:  (818) 986-6534

21

22

23

24

25

3

```
 1              P R O C E E D I N G S
 2        THE CLERK:  Item No. 1:  Civil 04-6769,  L.A.
 3  Printex, Incorporated, versus Macy's, Incorporated, et al.
 4        Counsel, please state your appearances.
 5        MR. LINDE:  Good morning, Your Honor.  Doug Linde
 6  for the plaintiff.
 7        THE COURT:  Yes, good morning.
 8        MR. BAUM:  Good morning, Your Honor.  Michael
 9  Baum, Andrew Jablon appearing for defendants Macys, Inc.,
10  Federated Department Stores, Inc., J.C. Penny Corporation,
11  Inc., Gottschalks, Inc., Burlington Coat Factory Warehouse
12  Corporation, Marshalls of California, Great Escape
13  Manufacturing.
14        THE COURT:  All right.  Very good.  Good morning.
15        MR. QUINTO:  Good morning, Your Honor.  David
16  Quinto, Quinn, Emanuel, Urquhart, Oliver & Hedges, for Seoul
17  Texprint defendants.
18        THE COURT:  Yes, good morning.
19        MS. HADL:  Good morning, Your Honor.  Dana Hadl on
20  behalf of UFN Textile
21        THE COURT:  Yes, good morning.
22        All right.  This matter is on the court's
23  calendar to consider the responses of the plaintiff to our
24  order to show cause which we issued on June 7, 2006 as to
25  why sanctions ought not to be imposed upon plaintiffs for
```

4

1    the apparent filing by the plaintiffs of falsified documents

2    in the motion -- in the process of the motion for summary

3    judgment that is still pending before the court.

4            Mr. Linde, you may approach the lectern.

5            I have reviewed your response to the order to show

6    cause that you filed and, frankly, I don't find it

7    particularly satisfactory.  It appears to me to be some

8    post-hoc justification trying to shoehorn something into an

9    explanation which it does not bear much resemblance to

10   reality.  I have a good sense as to what happened here and

11   what it is that your side, whether it's you or previous

12   counsel and Mr. Nah, was trying to accomplish, which I find

13   to be very disturbing in this case.

14           If you wish to be heard further on this, I will

15   hear from you.  Obviously, we are just talking about the

16   so-called design ownership certificate that has been filed

17   in this case along with Mr. Nah's declaration, which was

18   dated December 15, 2004, in which he purports to, apparently

19   falsely, assert that that document is a true and correct

20   copy of the assignment that purportedly took place on a date

21   that just didn't happen.

22           So, if you want to be heard further as to what

23   sanctions the court ought to impose, whether or not there

24   ought to be a reference to the United States Attorney's

25   Office for prosecution of Mr. Nah for having made a false

5

1    statement under penalty of perjury, and the full range of

2    remedies that may be available to the court in order to

3    vindicate what appears to be a fairly egregious attempt to

4    manipulate the processes of the court; I'll hear from you.

5           MR. LINDE:  Thank you, Your Honor.

6           The first point that I'd like to address is, it

7    seems like the issue here is the date that the transfer was

8    signed.  And the case law is fairly definitive that the date

9    that the transfer was signed is not material in any way to a

10   copyright action.  There is no dispute as to who created the

11   design.  There has only been testimony from one person in

12   this case that they were the authors of the design.  And the

13   testimony from every person within the Bernini organization,

14   that's all, and Scremin Francesca, submitted by declaration,

15   is that the design was transferred to L.A. Printex solely

16   and exclusively.  Therefe, there is no dispute between the

17   wner of the design and the author of the design as to who

18   owns the design.

19          So, the question is, what is the issue of the

20   design's ownership certificate relevant to in this case.

21   And the case law -- or there are 17 cases.  I cited them in

22   the brief and I brought them with me today.  It's unanimous:

23   It's not relevant to any issue in the case.

24          Now, the defendants, they cite this case

25   Konigsberg, saying no, you need a transfer; without transfer

6

1   it's invalid. The problem is, and the defendants never

2   addressed this point, that Footnote 1 of the Magnison vs.

3   Yesteryear Video cases specifically says that the

4   Koenigsberg case only applies in cases where the original

5   author has a dispute with the current owner. It does not

6   apply in third-party infringement cases and that's clear.

7   Therefore, there is no legal effect of whether or not -- the

8   only issue here today is to determine whether the plaintiff

9   attempted to mislead the court as to whether there was a

10  written assignment as to 1/23/02.

11          Considering any sanctions, it's imperative that

12  the court -- that the court's ruling take into account that

13  there is absolutely no legal effect as to whether or not

14  there is a assignment as to 1/23/02. And that comes to us

15  from the Ninth Circuit and the Halco case.

16          I -- I --

17          THE COURT: For purposes of today, I will permit

18  the conclusion that the assignment did not have to be on

19  January 23, 2002 for there to be a valid assignment of some

20  sort. Because I don't want to talk about the merits of

21  whether or not you do have an assignment for purposes of the

22  merits of this case, because you have to have an assignment,

23  it has to be valid. Whether or not beyond that, to what

24  extent third parties can challenge whether you can have a

25  memorandum that refers back to a previous oral assignment,

7

1    that's for another day.

2          I think it's fair enough that you bring it up,

3    because that may affect whether the court dismisses this

4    action because of the misdeed that I have identified or

5    whether a lesser sanction ought to be imposed. So, as to

6    that, I think it's irrelevant what you are bringing up.

7          But let's assume for the moment that I conclude

8    that this document was not going to be conclusive or

9    dispositive of the action such that a dismissal would appear

10   to be an appropriate sanction, I still want to talk about --

11   -- unless you don't have anything else to say other than

12   what you attempted to say in your response -- about why this

13   is not sanctionable conduct and serious sanctionable

14   conduct.

15          You know, ultimately, at the end of the day, if I

16   agree with you on the merits, all that would seem to say to

17   me is that the plaintiff was ignorant but not without evil

18   motive.  It's not a good combination, because it may turn

19   out that all of this was unnecessary if he had not been

20   ignorant of what the law required.  But perhaps being

21   ignorant of what the law permitted, if evil motivation came

22   to the forefront and he thought that he had to manufacture

23   evidence to satisfy a rule of law which, at least you argue,

24   doesn't really exist in that form, that is, the requirement

25   of a written assignment on the date of assignment, I'm not

8

1    ruling on that.

2            I want to focus on purposes of what -- today's

3    motion, whether you have anything further to say about why

4    this is not sanctionable conduct, why this was not a false

5    document, why this was not an attempt to convince the court

6    of the validity of a document that's false.

7            MR. LINDE:  Okay.  Thank you, Your Honor.  I

8    understand we're reserving that question for at least

9    another time or not day.  The question as to the conduct

10   itself at issue, we have with us three witnesses who were

11   involved directly in the transaction.

12            From reading the court's order to show cause, it

13   seems that some of the court's concern stems from a letter

14   written by Giuliano Bernini wherein it states that L.A.

15   Printex used force to sign a belated design ownership

16   certificate, that L.A. Printex forced Alessandro Bernini to

17   sign his father's name.  To the extent the court relies on

18   that document, which had already been ruled hearsay and

19   admissible --

20            THE COURT:  Well, just -- not quite so fast.  You

21   know darn well that there is difference between

22   admissibility depending upon which party it's being used

23   against versus which party is using it.  Okay?  So just

24   because a document is hearsay, if used by a party doesn't

25   mean that it's hearsay when you -- against that party.  You

9

1   know that, don't you?

2          MR. LINDE:  Well, that would be a party admission,

3   Your Honor.

4          THE COURT:  Well, no.  Answer my question.  You

5   know the difference, don't you?

6          MR. LINDE:  I'm not sure that that difference is

7   applicable in this case.

8          THE COURT:  Well, you understand generally there

9   is that difference, don't you?

10          MR. LINDE:  I understand that document --

11          THE COURT:  Okay.  Now, you understand there is a

12   difference between whether somebody is using that document,

13   whether it's admissible versus whether that document can be

14   used against that party.

15          Well, if you don't and it's taking you sometime to

16   think about that, maybe you need to review the Rules of

17   Evidence, because there is clearly a difference between

18   whether a document is being used against a party versus

19   being used by the party.  But you might want to take

20   sometime after the proceeding to review that.

21          Be that as it may, just because I said that that

22   document is hearsay when used or purported to be used by Mr.

23   Nah and the plaintiff does not necessarily mean that that

24   document is hearsay when being used against the plaintiff,

25   which is the party that purported to sponsor that document,

1   the party that purported to attach that letter to a

2   declaration of Mr. Nah and proffering it to the court to

3   consider. So, don't expect that just because I had

4   previously said that this document is hearsay when sought to

5   be used by you is necessarily hearsay when it is now being

6   used against you.

7         All right. You may proceed.

8         MR. LINDE: Thank you, Your Honor.

9         To extent that the court is inclined to consider

10   that document for the truth of the matter asserted therein,

11   we have brought three witnesses to testify that Mr. Bernini

12   was never at L.A. Printex on the day that the design

13   ownership certificate was signed, and that his understanding

14   of what occurred on that day is incorrect, quite simply.

15         Mr. Nah, Ms. Choi and Mr. Raspi, who is a sales

16   agent for Studio Bernini, will testify that in fact the

17   design ownership certificate was signed voluntarily as a

18   matter of duty of Studio Bernini who did sell the designs to

19   L.A. Printex on January 13th, 2002, and that the decision to

20   sign Mr. Bernini's name was in fact Alessandro Bernini's

21   decision, and that the documents are filled out in

22   Mr. Bernini's own hand, and that the only input L.A. Printex

23   had was the initial request to have the document signed in

24   the first place; and second, one of the dates written on the

25   document. So —

1    THE COURT:  Let me ask you this:  In one of

2    Mr. Giulliano Bernini's statement is that he said at

3    paragraph 5:  So even if the declaration is signed as my

4    name, I confirm the declaration of my son in the sense that

5    you asked him to reproduce my signature because the

6    signature of Alessandro could cause you -- could cause to

7    you other difficulties since he was not the owner of the

8    company in 2002.  I'm just referring to the difficulties --

9    causing difficulties part.  Does Mr. Nah deny that?

10    MR. LINDE:  Deny that --

11    THE COURT:  That he asked the signature be of

12    Mr. -- Mr. Alessandro Bernini to sign it and in Mr. Giuliano

13    Bernini's name because Alessandro's signature could cause

14    him other difficulties since Alessandro was not the owner of

15    the company in 2002.

16    MR. LINDE:  Yes.  Mr. Nah is here to testify, so

17    any questions on that I would defer to Mr. Nah.

18    THE COURT:  No, I just want -- look, I'm assessing

19    whether or not there is any need to have an evidentiary

20    hearing --

21    MR. LINDE:  Okay.  Let --

22    THE COURT:  -- because there may be; you know -- I

23    want to assess whether or not he's going to dispute that or

24    not.  And even if he disputes it, I'm not sure whether or

25    not we need that evidentiary hearing, because I think the

1   focus, while I did, as a matter of fairness, want to put

2   everything out there on the OSC so that you will be prepared

3   to discuss everything, I certainly am not saying that

4   everything that I put out there is going to be the basis of

5   any ruling.

6           So -- and it may turn out that all of this is

7   unnecessary because I'm not going to rely upon Mr. Giuliano

8   Bernini's letter after all.

9           But I was just curious. Do you have the answer?

10  If you want to ask Mr. Nah about that, you can go ahead and

11  ask him, then you can respond to me.

12          MR. LINDE: No, I can address that for you, Your

13  Honor.

14          The -- what the evidence in the case will show is

15  that it was Alessandro Bernini's decision to write his

16  father's name. Whether or not there is a subsequent

17  conversation wherein there was indicated the defense

18  attorneys are challenging whether Alessandro or Giuliano

19  should have signed it, I'm not sure. And we can have

20  Mr. Nah address that point.

21          But on that August date, 2004, the decision to

22  sign Giuliano Bernini's name was Alessandro Bernini's

23  decision and it was -- he had the full endorsement of

24  Giuliano Bernini to sign it.

25          THE COURT: Let's zero in on the problem that I

13

1   nevertheless feel, regardless of the letter and your

2   witnesses all seem to be directed to that letter, but let's

3   move away from that letter and let's talk about this

4   document, which is the design ownership certificate.

5        Do you wish to be heard further on the following:

6   That is, A, there is no doubt in my mind, it seems to me,

7   that that document is not a true document. That document

8   purports to say that it was signed this 23rd day of -- you

9   know, if any of you care -- if you want to make comments or

10  whatever it is, you can step outside or you can be removed.

11  This is a courtroom and I don't want anybody to have any

12  responses just because things have been said or not said.

13       Anybody who responds out of order will be removed

14  from this courtroom. I don't want any responses, laughs or

15  anything.

16       I hope I have made myself clear to this side of

17  the room.

18       MR. LINDE:   Thank you, Your Honor.

19       THE COURT:   The document, which is the design

20  ownership certification, says it was signed this 23rd day of

21  January, 2002, in Los Angeles. That obviously is a false

22  statement because it was, and has been now admitted by

23  everybody, including plaintiffs and plaintiffs' witnesses,

24  that that's just simply not true. That document was not

25  signed on January 23, 2002. It was signed in 2004 --

14

1          MR. LINDE:  Correct, Your Honor.  That was --

2          THE COURT:  -- in August.

3          MR. LINDE:  Correct, Your Honor.  That was made

4    clear 60 days after this was initially filed with the court

5    in declaration.

6          THE COURT:  Right.  However, I have never -- first

7    of all, that declaration was signed by Mr. Nah, who

8    purported to say that this design ownership certification

9    was a true and correct copy of the assignment dated

10   January 23, 2002.  There was no written assignment on that

11   date.  That's what the fact is.  You can't have a copy of an

12   oral assignment, assuming that the oral assignment did take

13   place on that date unless you had a tape recording or video,

14   which you do not have.

15          So it's clear that Mr. Nah's declaration filed

16   under penalty of perjury worked to attempt to mislead the

17   court and counsel into believing that this false document in

18   fact was the written assignment that took place on

19   January 23, 2002 when it is very clear that it did not and

20   that this was not the assignment.

21          In fact, your argument now is, this document is

22   nothing more than a written note or memorandum memorializing

23   a prior earlier assignment which was oral but which took

24   place in January of 2002.  But even in making that argument,

25   you never withdrew this document as the false written

1    assignment that it purports to be. You only say: Well, it

2    doesn't matter because you can have a later memorialization,

3    but this is not a later written memorialization. This

4    purports to be the operative document, the operative

5    assignment. That's the problem.

6             To this date, even on OSC for sanctions, you have

7    still not withdrawn this document, which is absolutely on

8    its face appears to be false, but have tried to argue around

9    it and have yet to come to terms with it. That's the

10   disturbing part, Mr. Linde.

11            MR. LINDE: Okay.

12            THE COURT: And if you want to address that, I

13   think that's what we need to get at.

14            MR. LINDE: Okay, thank you, Your Honor. I would

15   like to address that.

16            To the extent that we have not withdrawn this

17   document, any reliance on this document, the design

18   ownership certificate, we do. To the extent I can request

19   the court not to consider this document in connection with

20   the motion for summary judgment, I do.

21            THE COURT: You mean as of right now you do.

22            MR. LINDE: I -- I -- I must confess to you that I

23   didn't know there was a formal procedure for withdrawing

24   documents for consideration of the court, but I would

25   withdraw the -- this document from consideration of the

16

1  court as of right now, if I may be permitted to do so.

2        We rely, for the design ownership transfer, not

3  merely on this document, and actually not at all on this

4  document, but upon the written transfers contained in the

5  declarations of all the Bernini witnesses, who are

6  Alessandro, Giuliano, and Scremin Francesca --

7        THE COURT:  I don't -- that goes to the merits of

8  summary judgment.  I want to talk about -- all right.  To

9  the extent that you now recognize that this is a false

10  document that should be withdrawn and you have withdrawn it,

11  fine.

12        Now the question is:  What sanctions should I

13  impose, if any, as a result of what has been described to

14  you in the OSC and what I have orally described to you as

15  what happened starting with the December 15, 2004 false

16  declaration by Mr. Nah attesting purportedly to the

17  authenticity and the correctness of that false design

18  ownership certification.

19        If you want to be heard on that, fine, and then I

20  will have counsel from the other side be heard on it and

21  then I will make my determination as to what sanctions to

22  impose.  All right.

23        MR. LINDE:  Just a procedural question.  Will I

24  have an opportunity to address opposing counsels' remarks?

25        THE COURT:  I'm sorry?

`17

1       MR. LINDE: Will I have an opportunity to

2 address --

3       THE COURT: I will give you a brief opportunity to

4 respond to whatever they say.

5       MR. LINDE: Then, I think what I would like to do

6 is reserve our position on the sanctions issue until after

7 they have spoken.

8       THE COURT: No, I want to hear from you first. Do

9 you have any position? I mean, you know, the order to show

10 cause is directed to you as to why sanctions shouldn't be

11 imposed. I mean, it's very nice of you and very, very

12 gentlemanly of you to have to pass the baton to these folks,

13 but I'd like to hear from you first if you don't mind.

14       MR. LINDE: Fair enough. Okay. On the sanctions

15 issue, Mr. Nah is my client. I have spoken with

16 Mr. Bernini, I have spoken with the Berninis in Italy, I

17 have spoken with the original artist, and to the extent --

18 to the extent the court needs to have a finding of bad faith

19 in connection with imposing sanctions, I'm convinced that

20 there is no such bad faith ever existed.

21       The design was transferred in January of 2002 --

22 I'll keep my comments brief. The design was transferred in

23 January of 2002 and there is no dispute about that between

24 the parties. The parties -- they did not consult a lawyer.

25 They are not lawyers, they are artists.

18

1        They attempted to put together a design ownership

2   transfer that would be effective on the date the design

3   actually transferred. Should they have done it? No. Are

4   they going to do it a different way? Yes. I have had

5   conversation with all of them ---

6        THE COURT: It doesn't take legal knowledge. It

7   doesn't take anything to know that you're backdating a

8   document. That's all I'm talking about. This document

9   said: Dated this 23rd day of January, 2002, but it wasn't

10   January 23, 2002, it was August 2004. It doesn't take legal

11   knowledge, it doesn't matter whether they are artists, not

12   lawyers, to know. That's a lot. That's a falsity and you

13   are putting it to a false document, so I'm not accepting any

14   excuses about the niceties of copyright law or all of that,

15   because they don't have to know that. All they need to know

16   is honesty, truth. And if you're telling me that they are

17   mixing up truth because they don't know whether saying one

18   date which is not the correct date is okay or not, then I

19   think they got problems well beyond this lawsuit.

20        MR. LINDE: Okay. Thank you, Your Honor. And to

21   the extent that you do have questions of the individual

22   witnesses and their good faith or bad faith knowledge,

23   ignorance, the witnesses are here today to testify.

24        THE COURT: Well, you haven't proffered anything

25   for me so that there is need to take any testimony. With

19

1   respect to the letter, if I agree with you I won't consider

2   the letter. Then you're saying there is no need also for

3   the testimony, aren't you?

4         MR. LINDE: On that issue, yeah. And the --

5         THE COURT: And what other issue is there, and if

6   you think testimony is needed, where is the declaration in

7   support of it?

8         MR. LINDE: To the extent that the court is --

9         THE COURT: Is there is a declaration in support

10   of anything that you think you want to put on in terms of

11   evidence today?

12         MR. LINDE: There are certain declarations in

13   support of that evidence, yes, Your Honor.

14         THE COURT: Okay. That declaration -- those

15   declarations have already been filed and I have considered

16   it.

17         MR. LINDE: Okay. To the extent the court is

18   making its decision on credibility or bad faith, I feel it's

19   appropriate that the court have an opportunity to assess the

20   demeanor of the witnesses. I understand the court is not

21   inclined to do so, but I feel that that is also relevant and

22   I would like to make my record on that point.

23         THE COURT: I don't remember Mr. Nah filing a

24   declaration in response to the OSC saying somehow that he

25   didn't know the difference between a document that was

1  signed on a date that it actually was signed versus a

2  document that was backdated.  Do you have something in a

3  declaration form that would cause me to question his

4  understanding of a document that has been backdated versus a

5  document that's signed on the date it was supposed to have

6  been signed?

7  I don't — if you do, please call it to my

8  attention, because I see nothing in any of Mr. Nah's various

9  declarations throughout the course of these proceedings that

10  purports to have any explanation or any excuse or argument

11  that somehow when he filed this declaration on December 15,

12  2004, purporting to say that the design certification was

13  true and correct copy of the assignment, that somehow he

14  thought it was really a true and correct copy of it.

15  MR. LINDE:  Okay.  On June 13, 2006, plaintiff

16  L.A. Printex filed a declaration by Jae Nah, paragraph 5.

17  I'm not going to read it.  It's in the record.  I submitted

18  a request for judicial notice in all of the declarations and

19  I just request the court take judicial notice of them.

20  The declaration says -- it details the -- that the

21  design ownership certificate was filled out by Alessandro

22  Bernini in his own hand and Mr. Nah simply states whatever

23  you think is correct is correct.

24  THE COURT:  I have that.  I have it right here.  I

25  have read it.

1    MR. LINDE:  Okay.

2    THE COURT:  So this is all that you have?

3    MR. LINDE:  We also have Mr. Nah here to address

4  any specific questions.

5    THE COURT:  But what my specific question was, I

6  set it forth in the OSC.  If he chose not to address it in

7  his declaration, you know, this is not some kind of an open

8  fishing expedition, let's say, oh, Mr. Nah is here, let's

9  put him on the stand, let's ask him questions, maybe he

10  knows something about baseball or something.  We are not

11  interested in that.

12    If you are not going to put something in his

13  declaration which you filed on June -- on or about June 13,

14  2006, that addresses what I told you would be the subject of

15  this order to show cause, which was issued on the 6th or the

16  7th of June, then I'm not just going to go and spend time

17  and try to discover whatever else that he might have to say,

18  which you still have not even proffered to me what it is

19  that he's going to say, if he's going to say anything, on

20  this critical subject.

21    So, if this is as much as you have to offer me,

22  then I'm going to conclude that a further evidentiary

23  hearing above and beyond the evidence that you have

24  submitted is unnecessary.

25    MR. LINDE:  Okay.  The court's position on that is

1  clear.  The only other point that I would make is that the

2  plaintiff is given seven days to respond to the order to

3  show cause.  In that time period, if Ms. Choi is not able to

4  complete a declaration, I think she may be in Korea, but

5  she's here, and so --

6          THE COURT:  Well, it certainly -- you know, I

7  may -- you know, it may have been seven days when I told you

8  to respond by June 13, but of course as you know, today is

9  August 28.  And even if you say that everything was on hold

10  before me while Judge Snyder was making her decision, I

11  don't remember specifically when she decided the case, the

12  motion for recusal, but my recollection is that it's quite a

13  few weeks ago.  When did she decide that?

14          MR. LINDE:  I don't remember offhand.

15          THE COURT:  Do you folks on this side have the

16  date?

17          MR. BAUM:  Yes, Your Honor.  August 7th, the

18  recusal was --

19          THE COURT:  Three more weeks have gone by.  Was

20  there any impediment to you submitting anything else you

21  cared to during the three weeks after the denial of the

22  motion so that you could say, well, rightly, this matter is

23  back before Judge King so that we can submit things which we

24  didn't have a chance to submit during the initial seven

25  days?  Now you had 21 extra days to do that, if that

23

1    quickly. Was there any impediment?

2              MR. LINDE: Only -- no specific impediment, Your

3    Honor.

4              THE COURT: All right. You may conclude if you

5    have something else to finish up, then let me hear from

6    counsel.

7              MR. LINDE: Thank you, Your Honor. I -- the

8    court --

9              THE COURT: I still haven't heard what

10   sanctions --

11             MR. LINDE: I should address that. The court was

12   interested in my view on the sanctions issue and I want to

13   address that before concluding.

14             The reason that I was getting into -- and I

15   discussed more fully in the papers, I'm not -- I don't share

16   the view of the court that this was done in bad faith or

17   specific attempt to deceive. That being said, assuming

18   sanctions are warranted, the case law is very clear. The

19   court has to consider sanctions in descending order of

20   severity and indicate clearly why lesser sanctions are not

21   appropriate.

22             So, for example, I think the most mild sanction

23   would be censure. Above that would be perhaps a fine or an

24   evidentiary sanction, and all the way at the top of the

25   scale, a dismissal. I believe, to the extent that the court

24

1   believes a sanction is warranted or appropriate, an

2   evidentiary sanction striking the document is clearly

3   appropriate.

4           Additionally, because of the importance of the

5   document in the case, legally speaking, dismissal is not

6   appropriate and a fine would serve the purposes that the

7   court is seeking to serve the court -- serve the court --

8   the purpose of the court's seeking to address through this

9   OSC.  And that's all I have for now.

10          Thank you, Your Honor.

11          THE COURT:  Mr. Quinto.

12          MR. QUINTO:  Thank you, Your Honor.

13          Your Honor, I'd like to lay out briefly some of

14  the factual context that I think bears on the court's

15  analysis and then I believe Mr. Baum will address the legal

16  aspects more.

17          Your Honor, to begin, this is not the first

18  instance of perjury by Mr. Nah in this case.  Mr. Nah

19  submitted a declaration dated September 9, 2004 in which he

20  declared in paragraph 21:  In or about January 2002, L.A.

21  Printex developed artwork for design, L.A. Printex internal

22  design 1204, hereinafter Design R1204.  On or about

23  February 28, 2002 L.A. Printex created engraving design

24  1204.

25          That statement we now know was false.  This was

25

1   not original artwork.  It was artwork acquired from Italy.

2         That declaration was used by plaintiff to appear

3   ex parte on a TRO heard by Judge Collins.  Everything

4   appeared to be in order and Judge Collins issued a sieze

5   order allowing plaintiff to seize, at my client's place of

6   business, all the computers, all the records, the books,

7   everything.

8         We learned that this statement in Mr. Nah's

9   September 2004 declaration was false when I deposed Mr. Nah

10  in November 2004.  During that deposition, Mr. Nah conceded

11  that the design had come from Italy.  I immediately asked to

12  see a copy of the assignment.  Counsel promised to provide

13  me with a copy but no copy was forthcoming.

14        On December 15, 2004, Mr. Nah submitted the

15  declaration that gave rise to the OSC that the court is at

16  issue in which he said a true and correct copy of the

17  assignment was attached.  We had a hearing in January 2005

18  concerning that assignment.  Based only on a photocopy of a

19  photocopy, we raised sufficient questions about the

20  authenticity of the assignment that this court denied

21  plaintiff's request for preliminary injunction with respect

22  to R1204.  I would like to think that had that document been

23  shown to Judge Collins, she might also have had sufficient

24  questions and might have denied the ex parte seizure of my

25  client's place of business.

26

1      Following the January 2005 hearing, this court

2   ordered that the original assignment be produced for

3   defendants' inspection.  That original has never been made

4   available to defendant.  All the defendants were shown

5   thereafter was a color photocopy of the assignment.

6      In July 2005, plaintiff filed the second amended

7   complaint in this action.  That document is now the

8   operative complaint, and it alleges in paragraph 36:  In or

9   about January 2002, plaintiff's president, Mr. Nah, and its

10  design team developed original artwork for a series of print

11  designs and internally designated plaintiff as Lace Group A.

12  Among the designs included in Lace Group A is the design

13  assigned plaintiff's internal design No. R1204, hereinafter

14  Design No. R1204.

15      So, in January 2005, long after we uncovered

16  evidence that the assignment was falsified, they go back to

17  allege in the complaint that's plaintiff's original work of

18  art.  Attached to the complaint is a certificate of

19  copyright registration.  That certificate has legal

20  significance.

21      Under 17 U.S.C. 411, no action for copyright

22  infringement may be filed until the plaintiff has obtained a

23  certificate of copyright registration or been denied

24  registration.

25      17 U.S.C. 409 provides that the applicant for

27

1  copyright registration shall provide correct information in

2  that application. The application, which has never been

3  corrected, states that the design was authored by L.A.

4  Printex. There is no mention that it was acquired by

5  assignment, and yet 409, Section 409 says if it's acquired

6  by assignment, you've got to say who it came from, who the

7  author is, the place of creation, etcetera. They are still

8  relying on what they know to be a false certificate of

9  copyright registration which provides the jurisdictional

10 basis for the court to hear this suit.

11         Thank you, Your Honor.

12         THE COURT: Okay. Mr. Baum.

13         MR. BAUM: Your Honor, the only appropriate

14 sanction in this case is dismissal. And the reason for that

15 is, the issue of the creation of the design is central to

16 this case. Who created it. And as Mr. Quinto points out,

17 that's been a moving target. First, they say they created

18 it and then they say they bought it, then they continue to

19 say they created it in documents filed after the dates that

20 they said they bought it.

21         They continue to allege that they spent millions

22 of dollars to develop these designs when we are now told,

23 based on the design ownership certificate and the receipt

24 accompanying it, that they paid $375.00 for the design.

25 Nobody knows what the truth is.

28

1        The document which the plaintiffs themselves

2   proffered indicate that Mr. Bernini or the Berninis were

3   forced to do things. Now they are telling us: Oh, no, they

4   weren't forced to do things, they did it themselves.

5        Counsel has just told Your Honor that he didn't

6   time to submit a declaration for Moon Choi explaining what

7   the facts really are. What counsel fails to point out and I

8   would remind Your Honor that the plaintiffs filed a reply

9   pleading in connection with the instant proceeding. They

10  filed a -- plaintiff's response to defendants' reply to

11  order to show cause re: sanctions. They filed it on

12  June 22nd, 2006 after they filed their original set of

13  papers. And in that reply pleading they don't say anything

14  about needing a declaration of Moon Choi. They don't

15  address any of the factors that they wanted to proffer to

16  the court here. It's all an afterthought. Everything here

17  is an afterthought.

18       One way of saying it is, if first you don't

19  succeed, try, try, try again. Another way of saying it is,

20  you have in this case of plaintiffs and counsel who will use

21  any means to do anything, adopt any tactic to try to keep

22  this case going to get where they want to go with it.

23       We are two years into this case almost exactly,

24  Your Honor, and Mr. Linde stands up at Your Honor's prodding

25  and says, well, we'll withdraw the design ownership

1  certificate.  That never occurred to them before, Your

2  Honor.  In fact, in their opposition, they state:  Well, the

3  appropriate sanction would be to strike the design ownership

4  certificate.  Now we are told:  Well, maybe we'll withdraw

5  it.  And then, when Mr. Linde argues with Your Honor about

6  sanction, he says:  I think an appropriate sanction is to

7  strike the certificate, which he just withdrew.

8       You know, plaintiffs have approached this case

9  like an onion, Your Honor:  Let's look at the outside.  If

10 you don't like that layer, let's peel back one of the skins

11 and go to the next layer.  If you don't like that, I've got

12 another one.  Let's peel that back.  If you don't like that,

13 I've got another one.  Let's peel that back.

14       Well, we're here, Your Honor, two years into this

15 case and there is still no straight story about the creation

16 of the design, which is the ultimate issue in this case.

17 And the fact is that the facts about the creation are so

18 polluted and so unbelievable at this juncture that there is

19 nothing you can do to ever cure the taint.

20       The creation of this design is like the nuclear

21 reactor at Chernobyl.  It is such a mess, it is so

22 destroyed, so devastated, so polluted, that for 100,000

23 years nobody can get near it, and that's what we have in

24 this case.  It's always another story, another story, a

25 different set of facts.  This thing is radioactive.  The

30

1   only way to cure it is to dismiss it.

2          And this isn't something limited to this case,

3   Your Honor.   Your Honor has found in a -- in a parallel case

4   that L.A. Printex has filed where a motion for leave to

5   amend, that plaintiff and counsel were not candid with the

6   court in setting forth the facts that they relied on for

7   purported late discovery which would allow them to amend.

8          In connection with the recusal motion, Your Honor,

9   it was another example of:  Well, let's try something else.

10  The day of the hearing, on June 28, Mr. Linde stands up and

11  says that's the first time that he ever became aware that

12  Mr. Posner had some connection with this case.   And Judge

13  Snyder, in her order denying the recusal motion, states at

14  page 6, quote:  Here Linde asserts he discovered Posner's

15  presence in the case on the morning of June 28, 2006

16  hearing.   Period.   The evidence submitted strongly suggests

17  otherwise.   Period.   And then she goes on for a page

18  indicating that he knew about Posner's involvement in

19  February.

20         There's always another trick, there is always

21  another card to pull out their pocket.   There is always

22  another rabbit in the hat.   Today we are told:  Well, we

23  need live testimony.   Well, Your Honor there was never any

24  notice to us that they would request live testimony, there

25  was never any request to the court, there was never any

31

1    showing of the reason to the court. This is just another

2    one of these: Well, let's try something else.

3         It's two years into this case and they keep on

4    trying something else. There is a total disregard for Your

5    Honor's orders in this case. Every time Your Honor sets a

6    briefing schedule with plaintiff to file something and

7    defendant to file something and no right of reply, we always

8    find a reply. It's always: Let's get the last word, let's

9    peel the onion a little bit more, you know, let's keep on

10   going. It's two years into this case and the whole issue of

11   creation of design is perjured, muddled and destroyed. And

12   there is no -- and it's done by the plaintiffs at the

13   plaintiffs' election to come up with fabricated evidence and

14   continue to rely on fabricated evidence.

15        Even the story about how the fabricated evidence

16   came up is not even believable, Your Honor. They state that

17   on August 10th, 2004, the design ownership certificate was

18   created and backdated. Now, the complaint in this case was

19   filed on August 13th, three days later. In the August 13th

20   complaint there is no mention of the assignment, etcetera,

21   etcetera. The mention of the -- one would assume that if

22   they had an assignment on hand on August 10th and they

23   thought it was important enough to get the Bernini's to

24   backdate this document on August 10th, their lawyer would

25   have known about it on August 13th when he filed the

32

complaint.

I guess one could say, well, you know, it was an innocent mistake, there was no communication between the client and the lawyer, but they went through all this trouble to get the things August 10th.  They obviously thought it was important to have it before the complaint was filed, but there is not a mention of it in the complaint.

You know, Your Honor I don't even believe it was created on on August 10th.  I believe it was created after Mr. Nah's deposition in November of 2004, after he stated it was an assignment, then they scuttled around to get something and figured we'd better date it before the date of the complaint.

Now, I don't think it's a major point, but the whole story doesn't hang together.  The whole issue of the truth is whatever we can come up when we need it.  And, you know, the notion that there has to be bad faith, well, Your Honor, I think that there is extensive evidence of bad faith, but even if there were not, the cases don't require it in order for dismissal sanctions to be imposed.

We cite in our papers, Your Honor, the case of Business Guides, Inc, vs. Chromatic Communications Enterprises, a Supreme Court case, and it holds that all that is required is a lack of objective reasonableness and in the filing of the challenging documents.  And clearly

1    here there could not have been any objective reasonableness

2    in the filing of the documents.

3            And more significantly, Your Honor, is the manner

4    in which we have to deal with our challenge to these

5    documents.  They never came up and said the truth about

6    this.  When we challenged that, they didn't say:  Oh, yeah,

7    this is what happened, we had to backdate it because we

8    didn't have it, you know, etcetera, etcetera, etcetera.

9    There was never any candor with anybody.  We had to jump

10   through hoops, spend tens of thousands of dollars to figure

11   out what was going on and confronted them with it.  And only

12   after we confronted them with it did they acknowledge what

13   had happened.  Only after we pointed out that there were 52

14   inconsistencies this document did we get an admission that,

15   oh, yeah, we backdated it.

16           There has never been any candor with the court,

17   never any candor with the parties.  There has simply been

18   this gamesship:  You know, we have access to the court, we

19   can say whatever we want.  Let's just keep on saying it and

20   hope we get our way.

21           You know, Your Honor, the parties have spent

22   hundred of thousands of dollars, had extensive damage to

23   their business reputations and to their businesses.  And we

24   are two years into this case, we finally get them to say:

25   Okay, we're going to withdraw the forged design ownership

34

1    certificate.

2         Your Honor, enough is enough. This whole subject

3    matter which goes to the heart of the case has been poisoned

4    by the misconduct of the plaintiff and their counsel, and

5    the appropriate sanction without any hesitation is

6    dismissal.

7         THE COURT: All right. Thank you very much.

8         Ms. Hadl, do you wish to be heard on behalf of

9    your client?

10        MS. HADL: No, thank you, Your Honor.

11        THE COURT: All right. Mr. Linde.

12        MR. LINDE: Thank you, Your Honor. I will try to

13   be brief.

14        The defendants here came up with a litany of

15   supposedly false statements by L.A. Printex, starting with

16   statements in the complaint that the design was developed

17   that we used in the complaint by L.A. Printex.

18        First of all, statements in the complaint or

19   pleadings, as you know, they are legal allegations. But

20   more importantly, there is nothing incorrect about that.

21   That statement is a true statement. The design was

22   developed. It's not that the design was created by L.A.

23   Printex, it says developed.

24        The pleadings in the case make it very clear, and

25   I'll refer specifically to the declaration of Mr. Nah in

35

1   Docket No. 79, paragraphs 5 and 6, that L.A. Printex

2   develops its design in two ways -- should I pause?

3              THE COURT: I'm sorry?

4              MR. LINDE: Should I pause?

5              THE COURT: No. No.

6              MR. LINDE: -- L.A. Printex develops its designs

7   in two ways. In a few number of instances the original oak

8   is purchased from Design Studio, and in most cases the

9   design is created wholly in-house by its design team. So,

10  you know, when when they're sitting up here saying: Oh,

11  there is perjury in a complaint which, by definition, there

12  can't be unless there is a verified complaint, which this

13  one isn't. And they are trying to say: Oh, there are

14  inconsistent statements. It's the defendants' historians'

15  statements.

16         There is no statement anywhere in this case that

17  L.A. Printex personally created this design. The closest

18  that there is a statement in the copyright registration that

19  L.A. Printex is the author. However, the case law is very

20  clear -- we cited case Lida v. Texollini saying that a party

21  purchases as a textile case -- the party that purchases the

22  ownership of a pattern is justified in saying that they are

23  the author in the copyright registration.

24         The defendants have absolutely no case law to

25  support their position. They just come -- they come in and

36

1   they make unsupported arguments the same way that they are

2   trying to argue that Konigsberg is a distinguishing case --

3   is a controlling case and not talking about Footnote 1 in

4   Magnuson.

5        It should be very clear that the only issue before

6   the court is the design ownership certificate.  The

7   questions as to whether or not L.A. Printex claimed that it

8   created the design are manufactured and made up by

9   defendants.  In Mr. Nah's deposition he said very clearly

10  where he got the design from.

11       Moreover, Mr. Baum standing up here speculating:

12  Oh, I don't believe this, I don't believe that, well, you

13  need clear and convincing evidence in order to impose

14  sanctions.  That's Shepard vs. ABC.  That's cited in our

15  briefs.  So, Mr. Baum's speculation as to what the best case

16  might be for his client is not germane to these proceedings,

17  keeping in mind it's Mr. Baum's client who stole this design

18  from L.A. Printex and it's Mr. Baum's client who can't tell

19  us where the design came from.

20       A few other points.  Regarding other instances,

21  the suggestion that I said to the court that I never knew of

22  Dan Posner's involvement until I came here --

23       THE COURT:  Well, Mr. Linde, I'm -- let me tell

24  you, I allowed you folks to go on about a lot of these

25  things, but I'm only --

37

1        MR. LINDE:  Okay.

2        THE COURT:  -- interested in this design ownership

3 certification, I'm interested in Mr. Nah's declaration that

4 was filed on December 15, 2004, and I'm interested in the

5 subsequent conduct of the plaintiffs with respect to the

6 design ownership certificate.

7        As far as your representation to the court with

8 respect to the involvement, if any, of Mr. Posner and your

9 first knowledge of that, that is still the subject of a

10 pending request for OSC which I'm not going to take up

11 today, but I will consider as to whether or not an order to

12 show cause re: sanctions on that issue ought to be issued,

13 but that's for another day.

14        MR. LINDE:  Okay.  Thank you, Your Honor.  That

15 shortens things.

16        Just a few other points.  Mr. Baum said there was

17 never any candor and they have had to consistently try to

18 drag out the truth.  The simple fact of the matter, the

19 undisputed evidence, is that when Mr. Nah sat down in the

20 chair for his deposition, he said that he purchased the

21 design from Studio Bernini one way.  The way that it was

22 discovered that the certification was signed in August of

23 2004, it wasn't brilliant questions by defense attorneys, it

24 wasn't investigating on their behalf, it was plaintiff

25 coming to the table 16 days after the document was filed

38

1    saying this -- I understand there is a question, this is the

2    true story of the design ownership certification.

3           So, I understand there is a question as to why

4    that document was filed in the first place, but the conduct

5    after it was filed evidences good faith, evidences an

6    attempt to explain to the court what really happened, what

7    the circumstances are surrounding that certification.

8           The defendants -- I'll close with this:  The

9    defendants urge that the case should be dismissed.  The

10   simple fact of the matter is, under Halaco vs. Caddo and

11   under the Billy Bob case and other cases we cited, Halaco

12   vs. Caddo, 843 F2d., 376, the case can't be dismissed.

13   There needs to be a nexus to the essential allegations of

14   the complaint.  Here the design ownership does not have that

15   nexus.  That's plain.

16          The defense wants to rely on the Konigsberg case.

17   It's been ruled as a matter of law by the Ninth Circuit very

18   clear in Magnuson vs. Yesteryear Video, Footnote 1, a case

19   they are trying to say controls, has absolutely no bearing

20   on this case whatoever.  There are 17 cases.  They are cited

21   in our brief.  I can read them into the record if the court

22   wants, quote, undisputedly, defendants don't have standing

23   to challenge the design ownership certification, so there is

24   no nexus.

25          The second -- the second point of inquiry under

39

1   the Halaco case is whether lesser sanctions are available

2   and appropriate. The top of the defendants' own brief

3   plainly states -- Mr. Baum takes issue with me saying

4   this -- the proper remedy is to strike the design ownership

5   certification. At the top of defendants' own brief plainly

6   states that that's an appropriate remedy. It is an

7   appropriate remedy. To the extent that the court feels that

8   it's appropriate towards additional remedies, I, of course,

9   disagree, but that's the, you know, obviously within the

10  discretion of the court. However, dismissal under Halaco is

11  absolutely not appropriate

12          Finally, I would just like to draw the court's

13  attention to the case of Shepard vs. ABC, which is also

14  cited in our papers, D.C. Circuit case, 62 F.2d, 1469, and

15  talks about this exact issue, that is to say, what is the

16  proper remedy when a destroyed or altered document relating

17  to a court record. And it says that dismissal is only

18  appropriate in situations where the document goes to the

19  core of the case so that -- so that striking a document is

20  tantamount to a dismissal or where there is destruction or

21  alteration over such a vast quantity of documents, that an

22  evidentiary sanction is not appropriate. Neither is the

23  case here. So I would like to direct the court's attention

24  to that citation.

25          And with that, I will submit. Thank you, Your

40

```
 1   Honor
 2         THE COURT:  I do note that you did -- somewhere in
 3   your papers asserted that the court would have to find by
 4   clear and convincing evidence.  I think in this case, that
 5   would not be an impediment.  But I'm searching through the
 6   papers to see where that is again because I noted it but I
 7   can't find it now.  Which case did you cite for that
 8   proposition?
 9         MR. LINDE:  Shepard vs. ABC.
10         THE COURT:  That of course is not a Ninth Circuit
11   case.
12         MR. LINDE:  That's a D.C. Circuit case.
13         THE COURT:  Do you have any Ninth Circuit cases
14   which say that under the inherent power of the court to
15   impose sanctions, that it can only be imposed upon a finding
16   of clear and convincing evidence?
17         MR. LINDE:  Not with me.  Shepard is the one I
18   brought with me in my brief, but --
19         THE COURT:  Okay.  All right.  All right.  Thank
20   you very much.
21         MR. LINDE:  Thank you, Your Honor.
22         THE COURT:  I am prepared to rule at this time,
23   having heard fully from counsel in this case.  I am prepared
24   to make the following findings in this regard:
25         I find that the plaintiff knowingly presented a
```

41

1    falsified a document to the court. The design ownership

2    certification states, quote: Signed this 23rd day of

3    January, 2002, in Los Angeles, close quote. It is

4    undisputed that this statement is false and that plaintiff

5    knew it was false when the document was filed with the

6    court.

7         We do not find credible plaintiff's claim that the

8    document was falsified somehow unintentionally. There is

9    nothing to support the suggestion that it was a slip of the

10   pen so that the words "23rd day of January, 2002" were all

11   just a mistake and the slip of the pen, but that what they

12   really meant to say was "August of 2002."

13        Moreover, we find that even if it is true and even

14   if we accept the factual assertion, though unsupported, but

15   even if we were to accept plaintiff's factual assertion that

16   somehow there was some confusion based upon the lack of

17   legal expertise and not knowing whether or not this document

18   should reflect the date of the purported oral transfer or

19   the date of the writing, we find it insufficient basis for

20   excusing this presentation of a knowingly falsified --

21   knowing presentation of falsified document, because there

22   can be no doubt, regardless of legal expertise, that the

23   parties on the plaintiff's side and witnesses and the

24   participants in the creation of this document had to know

25   that they were creating a falsified document by putting in

42

1  it a date that is untrue on its face.

2       We further find that plaintiff misrepresented the

3  design ownership certification to the court.  Plaintiff

4  offered this certification into evidence as an attachment to

5  the declaration of Mr. Jae Nah.  Mr. Nah's declaration

6  states, quote:  LAP's design R1204 is based upon artwork

7  that was purchased from an Italian studio, Bernini FMC,

8  which assigned the right to the artwork to LAP in an

9  assignment dated January 23, 2002.  A true and correct copy

10  of the assignment dated January 23, 2002, is attached as

11  Exhibit 1, page 4, which in fact is the purported design

12  ownership certification.

13       I find that this statement is perjurious on the

14  part of Mr. Nah.  He knew clearly -- that's even set forth

15  in his own declaration filed on June 13, 2006 -- that this

16  design ownership certification was signed in or about,

17  according to him, August 2004.  So it could not be true that

18  this backdated and falsified document could be a true and

19  correct copy of the assignment that was dated in January 23,

20  2002.

21       The excuse that the plaintiffs state in their

22  response to the court's OSC re: sanctions is troubling in

23  itself, because as I read it, plaintiff tries to argue that

24  this was literally not a false statement because,

25  purportedly, that piece of paper in Exhibit 1, page 4,

43

1   attached to the declaration of Mr. Nah on December 15, 2004,

2   was in fact a true and correct copy of a purported

3   assignment dated January 23, 2002.  That is sheer sophistry.

4   The fact of the matter is, if all Mr. Nah was telling the

5   court that he was authenticating some purportedly falsified

6   document, there would be absolutely no reason for that

7   document, a falsified document, to be submitted to the

8   court, much less any need for him to authenticate it as a

9   falsified document.

10          There is no doubt what the purpose of this

11  document was.  This declaration was submitted with the

12  intent to mislead the court into believing that there was a

13  written assignment on the 23rd of January, 2002, when

14  Mr. Nah knew at that time that that just wasn't the case.

15          Moreover, this statement is not true because the

16  attached document is not the assignment as Mr. Nah says.

17  There was no written assignment in January 23, 2002, and

18  there is no dispute as to that.  So there cannot be a copy

19  of that which was not written, but was oral, unless this was

20  a tape recording or a video recording, which nobody argues

21  that this was.

22          Now, at best, this written certification might be

23  viewed as some sort of a writing or memorialization of an

24  earlier transfer, but yet this writing does not purport to

25  be that.  It doesn't say that this is a writing

44

1   memorializing an earlier transfer of rights.  Instead, it

2   tries to pretend to be the instrument, the operative

3   instrument of transfer, which it clearly is not.

4        We further find that the plaintiff misrepresented

5   the design ownership certification for an improper purpose

6   related to the merit of this litigation.  This document was

7   proffered to give the court the impression that a written

8   assignment of rights to this design R1204 from Bernini to

9   L.A. Printex was completed on January 23, 2002, in order to

10  support L.A. Printex's claim to own a valid copyright in the

11  design.

12       Now, as it turns out, all of this may have been

13  unnecessary, as I said earlier.  This may evidence ignorance

14  of what the copyright laws required but yet it betrayed an

15  evil motive in an attempt to create evidence to suit the

16  circumstances.

17       We find the plaintiff continued to rely on and to

18  mischaracterize this design ownership certification during

19  the course of the litigation.  Until today, plaintiff has

20  never withdrawn this falsified document.  Even in arguing,

21  in opposition to the defendants' motion for summary

22  judgment, that a later memorialization and oral transfer is

23  valid as a writing under the copyright law, plaintiff

24  continued to mischaracterize this document nevertheless.

25  This document proffered does not purport to be that later

1  memorialization which counsel argued, because on its face,

2  it purports to be the operative instrument of conveyance,

3  which I've already said it is not.

4          To the extent that there is any requirement in the

5  Ninth Circuit for imposing sanctions, under the court's

6  inherent powers, the findings of the court are to be based

7  on the clear and convincing evidence.  I state unambiguously

8  on the record that these findings are all made at least on

9  that standard of clear and convincing evidence.  In fact,

10  they appear to be virtually, if not actually, undisputed,

11  and if any inference is drawn, the court draws these

12  inferences at least on the clear and convincing evidence

13  standard.

14          Insofar as witness testimony is concerned, the

15  court has determined that no such testimony is required.

16  With respect to Ms. Choi, Mr. Raspi, Mr. Nah, with respect

17  to the circumstances discussed in the letter which was dated

18  February 24, 2005, from Mr. Giuliano Bernini which was

19  proffered to the court, I leave open the question of its

20  inadmissibility should there be further proceedings in this

21  case.  But for now, I will not consider the contents, so

22  that any such testimony is unnecessary.

23          With respect to any further testimony, I've

24  already considered all of the declarations of Mr. Nah,

25  including the declaration filed in response to our order to

46

1 show cause.  No other declarations of Ms. Moon Choy has been

2 proffered because nothing has been proffered as to what she

3 would testify to and nobody was placed on notice that she

4 would be here or to testify as to what facts.  There is no

5 need for further testimony.

6    Moreover, even if that testimony might address

7 some confusion or alleged confusion on her part, on

8 Mr. Stefano Raspi's part with respect to what to do about

9 the creation of this design ownership certification, it is

10 not relevant to the fact that our decision on whether to

11 grant sanctions is based upon the finding that I have made,

12 and that is, clearly, Mr. Nah knew that this document was

13 not signed on the date that it purports to have been signed

14 and yet falsely represented to the court that it was a true

15 and correct copy of some assignment in January of 2002,

16 which assignment simply did not appear in writing, as

17 admitted now by plaintiff.

18    No further evidentiary hearing or testimony by

19 Mr. Nah is required.  We have fully considered his

20 declaration.  Defendants have not requested an opportunity

21 to cross-examine and, therefore, Mr. Linde has not set forth

22 any further area of testimony that might be pertinent other

23 than just to offer Mr. Nah for general questioning, which we

24 decline to engage in such rudderless inquiry.

25    The court of course has inherent power to sanction

47

1   which extends the full range of litigation abuse.  Pursuant

2   to our inherent power, we may fashion appropriate sanctions

3   for conduct that abuses the judicial process.  We understand

4   that there is a full range of remedies, starting at the top

5   with dismissal of the case, to other evidentiary sanctions,

6   award of attorney's fees and assessment of compensatory

7   fines for amount of time unduly undertaken by the court in

8   response to the abuse.

9          We do have to make a specific finding of bad faith

10  pursuant to any sanctions under our inherent powers, and in

11  that regard, we do make the following findings:  We find

12  that the plaintiff has acted in bad faith, particularly

13  Mr. Nah, who acts on behalf of plaintiff, by filing with the

14  court a document that is the design ownership certification

15  which Mr. Nah knew had been falsified and backdated.

16         The plaintiff acted in bad faith by deliberately

17  misrepresenting the nature of the document to the court in

18  order to support its claim of ownership of a valid copyright

19  and design R1204, and the plaintiff acted in bad faith by

20  continuing to misrepresent the document in opposition to

21  defendants' motion for summary judgment even after it was

22  undisputed that the document was falsified.

23         Until today, when counsel acquiesced in the

24  striking of this document, it has always been argument that

25  somehow this document is something other than what it really

·48

1    purports to be, which is nothing more than a falsified
2    attempt to create a backdated written assignment of R1204.
3    It is never and not the operative transfer of documents.
4    Even in arguing that a written later memorialization is
5    sufficient under copyright law, counsel still never and
6    plaintiffs still never faced up to the fact that this
7    document cannot even on it face purport to be that
8    written -- later written memorialization of a prior oral
9    transfer.  It misrepresents itself to be the operative
10   document in the transfer.

11          Therefore, we are justified under these findings,
12   which we also make at least on a clear and convincing
13   standard -- of evidence standard, we are justified imposing
14   sanctions on the plaintiff.  The question now is what's the
15   level of the sanction.

16          I have given this a lot of thought, and having
17   considered all the possible array of sanctions, we decline
18   to dismiss this case as a sanction at this time.  We do not
19   impose a sanction of dismissal because we have concluded
20   that the nexus between plaintiff's misrepresentation of the
21   design ownership certification and our ability to make a
22   rightful decision on this case is not sufficiently narrow or
23   tight.  Dismissal is not a remedy that's necessary to
24   address plaintiff's conduct.

25          What we will do, and do order, is as follows as

49

1   sanctions:  that the design ownership certification will be

2   excluded from evidence in our consideration of defendants'

3   motion for summary judgment.  Plaintiffs may not offer the

4   design ownership certification as -- or testimony as to its

5   authenticity at trial, if there is a trial, for any purposes

6   to establish L.A. Printex's ownership of the copyright in

7   design R1204.

8          On the other hand, defendants may introduce the

9   design ownership certification and the related testimony as

10  to its authenticity at trial, if there is one, for the

11  purpose of challenging the credibility of the plaintiff's

12  witnesses, including, of course, Mr. Nah.

13         Furthermore, we believe that an order granting

14  defendants reasonable attorney's fees and costs for works

15  specifically generated by plaintiff's initial offer of the

16  design ownership certification as a written assignment of

17  rights to design R1204 dated January 23, 2002, and by

18  plaintiff's continued reliance on this certification as a

19  later memorialization of an earlier oral transfer.

20         These sanctions are remedial rather than punitive.

21  It is undisputed that the design ownership certificate is

22  falsified.  Therefore, we must disallow it as any purported

23  truthful documentation of that which it purports to assert.

24         The court would be abdicating its role to ensure

25  the legal process is not abused if we were under these

50

1    circumstances to in any way allow the plaintiffs to generate

2    or garner any advantage by reason of the use relating to

3    this design ownership certification.

4         And because the plaintiff's proffer of and

5    continued use of this document has necessitated legal work

6    on the part of the defendants, I find that it is appropriate

7    that they be compensated for having to have expended the

8    money to respond to and resist this document.

9         Accordingly, the defendants may file a motion of

10   request with the court for attorney's fees and costs for

11   work directly generated by plaintiff's initial offer of this

12   design ownership certification as a written assignment of

13   rights to design R1204, dated January 23, 2002, and by

14   plaintiff's continued reliance on this certification of a

15   later memorialization of an earlier oral transfer.

16        However, I want to emphasize to the defendants

17   that your requests are to include exclusively fees and costs

18   directly and tightly related to the conduct that I've just

19   described.  Fees and costs and work only proximally caused

20   by this conduct will not be awarded, nor will fees and costs

21   be awarded for work linked by a chain of causation to this

22   conduct.

23        I simply do not want to have from the defendants

24   any overbroad, much less any overreaching attempt to gain

25   attorney's fees.  If you do and I find that you do, I will

51

1  change my mind and determine that no fees will be awarded.

2         Defendants will file their requests for fees

3  within 30 of today's date. The requests shall include and

4  have attached to it time sheets demonstrating what work was

5  done that relates to the conduct that I have determined to

6  be sanctionable, but the memorandum in support of it shall

7  be no more than seven days in itself. The time sheets, of

8  course, can be what they are.

9         Thereafter, plaintiff may file an opposition to

10  these requests. The opposition shall be filed 14 days

11  thereafter and the opposition will be no more than seven

12  pages.

13         Finally, because the parties here have a tendency

14  to file extraneous documents, I want it to be very clear

15  that there will be one filing by the defendants as to the

16  request for fees and one filing by the plaintiff in

17  opposition to it. Failing other orders of the court

18  permitting anymore filing, there will be no reply, no

19  surreply, no sur-surreply. That will be it.

20         All right. That's the court ruling.

21         Mr. Linde, I think it is appropriate for me to

22  suggest to you the following: that you and your client may

23  wish to take a very close look and reassessment of the value

24  of this case, given this record, regardless of the court's

25  sanctions. If you sat back and imagined how this case will

52

1   play out at trial, if it gets to trial, if you imagine what

2   evidence will be presented to the jury, you may have a very

3   good idea, despite your position, which may be triable, and

4   defendants' position, which may be triable, that at the end

5   of the day the word of the jury might be such that it may

6   not be in the best interest of you or your client to

7   continue this case without some sort of serious effort being

8   made to compromise this case in the manner that's befitting

9   the circumstances you found yourself in.

10          So I strongly urge both sides that before more

11  time and money is spent, some time on these collateral

12  litigations of the fees, that you folks seriously consider

13  whether this case ought to be resolved. Because you know as

14  well as I do, Mr. Linde, this is not the optimal record that

15  you want to go to the jury on. And of course, should you

16  not prevail, there is also the possibility of staring at,

17  shall we say, not insubstantial fee.

18          In any event, I hope you folks will take these

19  comments to heart and attempt to resolve this. If not,

20  we'll issue our decision on the motion for summary judgment

21  in due course now that we have decided what the remedy for

22  this sanction would be, and we have so ordered, and then

23  we'll proceed in this matter. All right?

24          MR. LINDE: Yes, Your Honor. Understood.

25          MR. QUINTO: Your Honor, may I ask for

53

1  clarification of one point?

2         THE COURT:  Yes.

3         MR. QUINTO:  Your Honor, in our firm, all the

4  lawyers daily fill out a time sheet which lists all the work

5  done for all clients that day.  When a bill is prepared for

6  the client, the description of the work done for that client

7  that day is transferred in hac verba to the bill, so the

8  bill is a complete copy of the description given in the time

9  sheet.

10         For purposes of the request, would it be

11  sufficient if we provide our bill containing those

12  word-for-word descriptions found in the time sheets?

13         THE COURT:  I think that's fine, because I don't

14  care to have time sheets referring to anybody else's bill,

15  if that's what you're saying.  So if a lawyer in your firm

16  works on ten items, only one of which happens to be

17  something that you think is appropriate for recovery of fees

18  pursuant to my order, no, I don't want to look at the other

19  stuff.

20         MR. QUINTO:  Thank you, Your Honor.

21         THE COURT:  Mr. Baum, anything?

22         MR. BAUM:  Your Honor, in connection with the

23  motion for summary judgment, is that going to be rescheduled

24  for hearing or is it submitted?

25         THE COURT:  It' submitted and I will render my



54

1    decisions in due course.

2            MR. BAUM:  Thank you, Your Honor.

3            THE COURT:  All right.  Thank you, counsel.  Thank

4    you very much.

5            MR. LINDE:  Thank you, Your Honor.

6            (Proceedings adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

55

```
 1                    C E R T I F I C A T E

 2

 3

 4          I, JOHN G. TURMAN, Official Court Reporter herein,

 5     do hereby certify that pursuant to Section 753, Title 28,

 6     United States Code, the foregoing is a true and correct

 7     transcript of the stenographically reported proceedings held

 8     in the above-entitled matter and that the transcript page

 9     format is in conformance with the regulations of the

10     Judicial Conference of the Judicial Conference of the United

11     States.

12          DATED this 10th day of September, 2006.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**EXHIBIT H**

139