# EXHIBIT C

**Scott Shaw**

| | |
|---|---|
| **From:** | Stephen M. Doniger [stephen@donigerlawfirm.com] |
| **Sent:** | Wednesday, May 11, 2011 1:50 PM |
| **To:** | Scott Shaw; 'Regina Yeh' |
| **Cc:** | Aaron Renfro |
| **Subject:** | RE: Activity in Case 2:10-cv-02102-GW -JEM L.A. Printex Industries, Inc. v. CSI Industries, Inc. et al Notice of Settlement |

Scott,

USTP negotiated a settlement directly with LA Printex. That settlement includes a release of all fabric it printed with the offending design, and specifically includes the garments that were sold through Wet Seal. The case is done. Either we get a stipulation to dismiss with prejudice on file or we will make a motion for the same. Towards that end, and if your client for some reason refuses to stipulate to a dismissal, please consider this to be our request pursuant to Local Rule 7-3 to confer over a motion to dismiss all claims in the case regarding design N0042 on the grounds that a good faith settlement and resolution of those claims has been reached for which your client is a third party beneficiary. I request we hold this conference Friday morning at 10am, but please advise if there is a more convenient time. Thanks.

*Stephen M. Doniger, Esq.*
**DONIGER / BURROUGHS, APC**
*300 Corporate Pointe, Suite 355*
*Culver City, CA 90230*
*Telephone: 310-590-1820*
*Facsimile: 310-417-3538*
*www.donigerlawfirm.com*

**From:** Scott Shaw [mailto:sshaw@calljensen.com]
**Sent:** Wednesday, May 11, 2011 1:05 PM
**To:** Regina Yeh
**Cc:** Stephen M. Doniger; Aaron Renfro
**Subject:** RE: Activity in Case 2:10-cv-02102-GW -JEM L.A. Printex Industries, Inc. v. CSI Industries, Inc. et al Notice of Settlement

Regina,

Yes, please file a notice of errata as to Wet Seal. I am confused why Frank or anyone would have been speaking on behalf of Wet Seal.

In the meantime, I will try to get in touch with Frank to find out the status, and perhaps there will be a settlement. I just don't know, because I was never involved in the process and I need to be, because I am the counsel of record for Wet Seal. Frank's client never agreed to defend and indemnify Wet Seal, but maybe they are agreeing to do so now. If you hear from Frank, please tell him to contact me ASAP.

**Scott P. Shaw**
*Shareholder*
**Call & Jensen**
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
sshaw@calljensen.com

**EXHIBIT C**

6/17/2011

www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Regina Yeh [mailto:regina@donigerlawfirm.com]
**Sent:** Wednesday, May 11, 2011 12:50 PM
**To:** Scott Shaw
**Cc:** 'Stephen M. Doniger'; Aaron Renfro
**Subject:** RE: Activity in Case 2:10-cv-02102-GW -JEM L.A. Printex Industries, Inc. v. CSI Industries, Inc. et al Notice of Settlement

I left you a voice message earlier today, but it is my understanding that LA Printex and USTP have resolved their claims against each other, and therefore the claims with Wet Seal were also resolved.

If that is not the case, then I will file a notice of errata to reflect that the action may still be active as to Wet Seal.  Can you also confirm if that is the case?  Thanks,

Regina Yeh

**From:** Scott Shaw [mailto:sshaw@calljensen.com]
**Sent:** Wednesday, May 11, 2011 12:35 PM
**To:** Regina Yeh
**Cc:** Stephen M. Doniger; Aaron Renfro
**Subject:** FW: Activity in Case 2:10-cv-02102-GW -JEM L.A. Printex Industries, Inc. v. CSI Industries, Inc. et al Notice of Settlement

Regina,

What is this?  Wet Seal has not agreed to sign off on any settlement, as far as I know.  You did not have permission to file this on behalf of Wet Seal, who has expended a significant amount of money defending this case.

Please e-mail the status ASAP.

Thank you.

**Scott P. Shaw**
*Shareholder*
**Call & Jensen**
**610 Newport Center Drive, Suite 700**
**Newport Beach, California 92660**
**Telephone: (949) 717-3000**
**Facsimile: (949) 717-3100**
sshaw@calljensen.com
www.calljensen.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from

6/17/2011

your system. Use, dissemination, or reproduction of this message by unintended recipients is not
authorized and may be unlawful.

---

**From:** cacd_ecfmail@cacd.uscourts.gov [mailto:cacd_ecfmail@cacd.uscourts.gov]
**Sent:** Wednesday, May 11, 2011 12:31 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:10-cv-02102-GW -JEM L.A. Printex Industries, Inc. v. CSI Industries, Inc.
et al Notice of Settlement

This is an automatic e-mail message generated by the CM/ECF system. **Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Doniger, Stephen on 5/11/2011 at 12:30 PM PDT and filed on
5/11/2011
**Case Name:**          L.A. Printex Industries, Inc. v. CSI Industries, Inc. et al
**Case Number:**        2:10-cv-02102-GW -JEM
**Filer:**              L.A. Printex Industries, Inc.
**Document Number:** 174

**Docket Text:**
**NOTICE of Settlement *OF CLAIMS WITH RESPECT TO PLAINTIFF L.A. PRINTEX
INDUSTRIES, INC.S N0042 DESIGN* filed by Plaintiff L.A. Printex Industries, Inc.. (Doniger,
Stephen)**

**2:10-cv-02102-GW -JEM Notice has been electronically mailed to:**

Aaron Lewis Renfro      arenfro@calljensen.com, sbravo@calljensen.com

Aidan W Butler      tocontactaidan@gmail.com

Brian C Vanderhoof      bvanderhoof@ropers.com, aarriola@ropers.com, kkakiuchi@ropers.com,
lrich@rmkb.com

Christopher S Walters      cwalters@hansonbridgett.com, calendarclerk@hansonbridgett.com,
lprongos@hansonbridgett.com

Emily Lacey Rice     lrice@rmkb.com

Frank N Lee     franknlee@gmail.com

Garner K Weng     gweng@hansonbridgett.com, calendarclerk@hansonbridgett.com,
lprongos@hansonbridgett.com

James C Potepan     jpotepan@ropers.com, aarriola@ropers.com, kkakiuchi@rmkb.com,
tpierson@rmkb.com

Martin J Kaufman     mjk@lklaw.net

Scott A Burroughs     scott@donigerlawfirm.com

Scott P Shaw     sshaw@calljensen.com, kdominick@calljensen.com

Stephen M Doniger     stephen@donigerlawfirm.com, agrozman@donigerlawfirm.com,
regina@donigerlawfirm.com

Thomas M O'Leary     toleary@rmkb.com, aarriola@rmkb.com, kkakiuchi@rmkb.com,
lrich@rmkb.com

William G Barrett     wgb@lklaw.net

**2:10-cv-02102-GW -JEM Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Notice of Settlement_N0042.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/11/2011] [FileNumber=11599169-0
] [3786879e874d820ab5c005336af4f0870e3afae54df80dbed573cf520d629933db5
3fe6614aa95c3ecfdff3dad64856f87b2db433a471d017d70d3823d1aefe9]]

6/17/2011

# EXHIBIT D

**CALL & JENSEN**
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                      PAGE: 1
THE WET SEAL, INC.                                    05/31/2010
JULIANNA HALLSTED, ACP                                1780-05M
ADVANCED CERTIFIED PARALEGAL               STATEMENT #:   46789
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05

| | | | | |
|---|---|---|---|---|
| 05/18/2010 | SPS | REVIEW AND ANALYZE NEW COMPLAINT AGAINST WET SEAL. | 0.30 | 115.50 |
| 05/19/2010 | BPA | REVIEW AND ANALYZE COMPLAINT AND PREPARE ANSWER. | 2.30 | 667.00 |
| | ANC | PREPARE NEW MATTER PROFILE; REVIEW AND ANALYZE COMPLAINT AND CIVIL CASE DOCUMENTS; REVIEW PACER DOCKET HISTORY; CALENDARING REGARDING SERVICE AND RESPONSIVE PLEADING. | 0.90 | 171.00 |
| | SPS | REVIEW AND REVISE DRAFT ANSWER TO COMPLAINT. | 0.70 | 269.50 |
| 05/20/2010 | SPS | REVIEW COMPLAINT AND PREPARE ANSWER. | 1.20 | 462.00 |
| 05/24/2010 | ANC | REVIEW AND ANALYZE ANSWER, AND CALENDARING REGARDING SAME. | 0.40 | 76.00 |
| | SPS | REVIEW PLEADINGS AND COMMUNICATE WITH CLIENT REGARDING ANSWER AND REQUEST FOR INFORMATION. | 0.30 | 115.50 |
| 05/25/2010 | SPS | REVIEW PLEADINGS AND CASE FILE IN PREPARATION FOR RULE 26 CONFERENCE. | 0.50 | 192.50 |
| 05/26/2010 | ANC | PREPARE COPYRIGHT ANALYSIS REGARDING SUBJECT DESIGNS, AND UPDATE SAME WITH CASE INFORMATION. | 0.40 | 76.00 |
| | SPS | PARTICIPATE IN RULE 26 CONFERENCE WITH OPPOSING COUNSEL AND PREPARE JOINT RULE 26 REPORT. | 1.40 | 539.00 |
| 05/27/2010 | ANC | REVIEW AND ANALYZE JOINT RULE 26 REPORT AND CALENDARING REGARDING SAME. | 0.30 | 57.00 |
| | | CURRENT SERVICES RENDERED | 8.70 | 2,741.00 |

RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 4.40 | $385.00 | $1,694.00 |
| BEN AMMERMAN | ASSOCIATE | 2.30 | 290.00 | 667.00 |
| ANDREA CABRIALES | PARALEGAL | 2.00 | 190.00 | 380.00 |

| | | |
|---|---|---|
| 05/24/2010 | COURIER SERVICES, UNITED STATES DISTRICT COURT | 17.42 |
| | TOTAL DISBURSEMENTS | 17.42 |
| | TOTAL CURRENT CHARGES | 2,758.42 |

**EXHIBIT D**

```
                                                              PAGE:  2
THE WET SEAL, INC.                                          05/31/2010
                                                             1780-05M
                                                STATEMENT #:    46789
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05


        BALANCE DUE                                         $2,758.42
```

TIME INDICATED IN HOURS & TENTHS OF HOURS
PAYMENT DUE UPON PRESENTATION
12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
FEDERAL TAX ID # 33-0120573

**CALL & JENSEN**
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                              PAGE: 1
THE WET SEAL, INC.                                         06/30/2010
JULIANNA HALLSTED, ACP                                       1780-05M
ADVANCED CERTIFIED PARALEGAL                    STATEMENT #:    46978
26972 BURBANK
FOOTHILL RANCH  CA  92610


L.A. PRINTEX V. CSI INDUSTRIES           REDACTED
C&J MATTER WET01-05
```

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 06/03/2010 | ANC | REVIEW AND ANALYZE JUDGE WU'S STANDING ORDER; REVIEW ANSWER OF ROSS STORES, INC. AND JOINT RULE 26(f) REPORT; PREPARE CASE BINDER; REVIEW AND ANALYZE ORDER REGARDING SETTLEMENT PROCEDURE ASSIGNMENT; RESEARCH AND ANALYSIS REGARDING LOCAL RULES FOR SETTLEMENT PROCEDURES AND CALENDARING REGARDING SAME. | 3.40 | 646.00 |
| | MHC | ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.  (NO CHARGE) | 0.35 | |
| 06/04/2010 | ANC | REVIEW NOTICE OF DEFICIENCIES REGARDING JOINT RULE 26(f) DISCOVERY PLAN. | 0.20 | 38.00 |
| 06/08/2010 | ANC | REVIEW NOTICE REGARDING CONTINUED SCHEDULING CONFERENCE AND CALENDARING REGARDING SAME. | 0.20 | 38.00 |
| | SPS | REVIEW PLEADINGS AND CASE STATUS. | 0.50 | 192.50 |
| 06/09/2010 | SPS | REVISE MEMORANDUM REGARDING COPYRIGHT OWNERSHIP. | 0.75 | 288.75 |
| 06/11/2010 | BPA | PREPARE CORRESPONDENCE TO CLIENT REQUESTING DOCUMENTS FOR FILE. | 0.30 | 87.00 |
| | SPS | ANALYZE PLEADINGS AND DEFENSE STRATEGY, INCLUDING REQUEST FOR RELEVANT INFORMATION AND DOCUMENTS. | 1.20 | 462.00 |
| 06/13/2010 | SPS | REVISE MEMORANDUM REGARDING COPYRIGHT OWNERSHIP. | 0.25 | 96.25 |
| 06/15/2010 | ANC | | 0.60 | 114.00 |
| | MHC | ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.  (NO CHARGE) | 0.25 | |
| | SPS | ANALYZE PLEADINGS AND POTENTIAL STATUTE OF LIMITATIONS DEFENSE. | 0.40 | 154.00 |
| 06/21/2010 | BPA | | | |

```
                                                                      PAGE:  2
THE WET SEAL, INC.                                                06/30/2010
                                                                    1780-05M
                                                     STATEMENT #:    46978
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

# REDACTED

|  |  |  | 0.50 | 145.00 |
|---|---|---|---|---|
| 06/23/2010 | BPA | REVIEW AND ANALYZE COMPLAINT, ANSWER AND PARTIES' INITIAL DISCLOSURES TO PREPARE FOR SCHEDULING CONFERENCE. | 0.60 | 174.00 |
| 06/24/2010 | BPA | PREPARE FOR AND ATTEND SCHEDULING CONFERENCE; PREPARE MEMORANDUM REGARDING DEADLINES DISCUSSED AT SCHEDULING CONFERENCE. | 4.80 | 1,392.00 |
|  | ANC | REVIEW CORRESPONDENCE REGARDING SCHEDULING CONFERENCE AND PROPOSED PRETRIAL DEADLINES. | 0.20 | 38.00 |
|  | ANC | ASSEMBLE CASE PLEADINGS AND INITIAL DISCLOSURES; PREPARE CASE BINDER. | 0.50 | 95.00 |
| 06/28/2010 | BPA | REVIEW AND ANALYZE CO-DEFENDANT FASHION CLICK'S RULE 26 DISCLOSURES; REVIEW AND ANALYZE PLAINTIFF'S RULE 26 DISCLOSURES. | 0.40 | 116.00 |
|  | ANC | REVIEW CASE PLEADINGS, ANSWERS FILED TO DATE, AND SCHEDULING ORDER, AND PREPARE CASE BINDER REGARDING SAME; REVIEW INITIAL DISCLOSURES OF DEFENDANT FASHION CLICK AND DOCUMENTS PRODUCED REGARDING SAME; REVIEW AND ANALYZE SCHEDULING ORDER AND CALENDARING REGARDING SAME. | 3.30 | 627.00 |
|  | SPS | ANALYZE DEFENSE STRATEGY AND ISSUES REGARDING DISCOVERY FROM PLAINTIFF AND THIRD PARTIES. | 0.70 | 269.50 |
| 06/29/2010 | ANC | REVIEW PLAINTIFF'S INITIAL DISCLOSURES; RESEARCH AND ANALYSIS REGARDING PENDING EVENTS AND CALENDARING REGARDING SAME. | 0.40 | 76.00 |
| 06/30/2010 | BPA | REVIEW AND RESPOND TO CORRESPONDENCE FROM OPPOSING COUNSEL REGARDING RULE 26 CONFERENCE. | 0.10 | 29.00 |
|  |  | CURRENT SERVICES RENDERED | 19.90 | 5,078.00 |

RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 3.80 | $385.00 | $1,463.00 |
| BEN AMMERMAN | ASSOCIATE | 6.70 | 290.00 | 1,943.00 |
| ANDREA CABRIALES | PARALEGAL | 8.80 | 190.00 | 1,672.00 |
| MATT CLAYTON | PARALEGAL | 0.60 | 0.00 | 0.00 |

|  |  |
|---|---|
| PARKING & MILEAGE | 60.00 |
| TOTAL EXPENSES | 60.00 |
| TOTAL CURRENT CHARGES | 5,138.00 |
| PRIOR BILLS OUTSTANDING | $2,758.42 |

```
                                                              PAGE: 3
THE WET SEAL, INC.                                         06/30/2010
                                                           1780-05M
                                            STATEMENT #:    46978
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05


     BALANCE DUE                                         $7,896.42


        0-30       31-60      61-90      91-120    121-150     151+
     7,896.42       0.00       0.00        0.00       0.00     0.00
```

TIME INDICATED IN HOURS & TENTHS OF HOURS
PAYMENT DUE UPON PRESENTATION
12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
FEDERAL TAX ID # 33-0120573

**CALL & JENSEN**
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                                   PAGE: 1
THE WET SEAL, INC.                                              07/31/2010
JULIANNA HALLSTED, ACP                                           1780-05M
ADVANCED CERTIFIED PARALEGAL                        STATEMENT #:    47335
26972 BURBANK
FOOTHILL RANCH  CA  92610



        L.A. PRINTEX V. CSI INDUSTRIES
        C&J MATTER WET01-05


07/01/2010 BPA  PREPARE SET ONE INTERROGATORIES; PREPARE SET ONE REQUESTS
                FOR ADMISSION; PREPARE SET ONE REQUESTS FOR PRODUCTION.      2.80   812.00

           ANC  REVIEW INITIAL CASE PLEADINGS AND ANSWERS FILED TO DATE,
                AND PREPARE CASE BINDER REGARDING SAME.                      0.50    95.00

           MHC  ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.        0.35    38.50

07/06/2010 ANC  PREPARE AND UPDATE INDEX TO CASE PLEADINGS BINDER; PREPARE
                CORRESPONDENCE TO J. CAMBE AT TITAN LEGAL REGARDING
                SUBPOENA FOR PRODUCTION OF DOCUMENTS ON THE FASHION
                BOOKSTORE, AND PROVIDE SERVICE INSTRUCTIONS REGARDING SAME.  0.70   133.00

07/07/2010 BPA  PREPARE SUBPOENA REGARDING RECORDS TO FASHION BOOKSTORE.    0.10    29.00

           ANC  PREPARE SUBPOENA FOR PRODUCTION OF DOCUMENTS TO THE FASHION
                BOOKSTORE; PREPARE CORRESPONDENCE TO J. CAMBE REGARDING
                SERVICE INSTRUCTIONS, AND TELEPHONE CALL WITH J. CAMBE
                REGARDING SAME.                                             1.30   247.00

           SPS  ANALYZE LEGAL ISSUES REGARDING LACK OF PROOF OF
                INFRINGEMENT.                                               0.10    38.50

07/08/2010 ANC  REVIEW AND ANALYZE CASE PLEADINGS, INITIAL DISCLOSURES, AND
                DISCOVERY PROPOUNDED TO DATE; PREPARE DISCOVERY BINDER AND
                INDEX REGARDING SANE; REVIEW DOCUMENTS PRODUCED BY CHARMING
                CLICK INC.; CALENDARING REGARDING WET SEAL'S RESPONSES TO
                PLAINTIFF'S DISCOVERY.                                      2.00   380.00

           SPS  REVIEW DISCOVERY FROM PLAINTIFF AND CORRESPOND WITH CLIENT
                REGARDING SAME.                                            0.40   154.00

07/12/2010 BPA  PREPARE CORRESPONDENCE TO PLAINTIFF REGARDING INFORMATION
                REGARDING SUBJECT DESIGN AND PURCHASE OF ALLEGED INFRINGING
                GARMENTS; PREPARE INTERROGATORIES TO PLAINTIFF; PREPARE
                REQUESTS FOR ADMISSION TO PLAINTIFF; PREPARE REQUESTS FOR
                PRODUCTION TO PLAINTIFF; REVIEW AND ANALYZE PLAINTIFF'S SET
                ONE DISCOVERY TO THE WET SEAL; PREPARE OUTLINE OBJECTIONS
                TO PLAINTIFF'S SET ONE INTERROGATORIES; PREPARE OUTLINE
                OBJECTIONS TO PLAINTIFF'S SET ONE REQUESTS FOR ADMISSION.   4.80  1,392.00

           ANC  REVIEW STATUS REPORT FROM TITAN LEGAL REGARDING SUBPOENA ON
```

```
                                                              PAGE:  2
       THE WET SEAL, INC.                                  07/31/2010
                                                            1780-05M
                                               STATEMENT #:    47335
       L.A. PRINTEX V. CSI INDUSTRIES
       C&J MATTER WET01-05
```

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | FASHION BOOKSTORE, AND PREPARE RESPONSE REGARDING SAME. | 0.30 | 57.00 |
| 07/13/2010 | BPA | CONTINUE PREPARING WRITTEN DISCOVERY TO PLAINTIFF; PREPARE RESPONSES TO PLAINTIFF'S SET ONE INTERROGATORIES; PREPARE RESPONSES TO PLAINTIFF'S SET ONE REQUESTS FOR PRODUCTION. | 4.30 | 1,247.00 |
|  | ANC | REVIEW DISCOVERY PROPOUNDED TO PLAINTIFF, AND CALENDARING REGARDING SAME. | 0.30 | 57.00 |
|  | SPS | ANALYZE DISCOVERY STRATEGY, REQUESTS, AND INFORMATION NEEDED FOR RESPONSES. | 0.50 | 192.50 |
|  | SPS | REVISE MEMORANDUM REGARDING INVESTIGATIVE AND LITIGATION STRATEGIES. | 0.10 | 38.50 |
| 07/14/2010 | ANC | REVIEW CORRESPONDENCE FROM TITAN LEGAL REGARDING CERTIFICATE OF NO RECORDS FROM THE FASHION BOOKSTORE. | 0.20 | 38.00 |
| 07/19/2010 | BPA | REVIEW AND ANALYZE CORRESPONDENCE FROM OPPOSING COUNSEL REGARDING REQUEST FOR IMAGES OF ALLEGED INFRINGING GARMENTS, HANGTAGS AND RECEIPTS REGARDING SAME. | 0.10 | 29.00 |
| 07/20/2010 | BPA | PREPARE INITIAL DISCLOSURES. | 0.40 | 116.00 |
| 07/21/2010 | BPA | FINALIZE INITIAL DISCLOSURES; CORRESPONDENCE TO OPPOSING COUNSEL REGARDING IMAGES OF DESIGN, HANGTAGS AND RECEIPTS REGARDING ALLEGED INFRINGING GARMENTS. | 0.20 | 58.00 |
| 07/22/2010 | BPA | REVIEW AND RESPOND TO CORRESPONDENCE FROM CLIENT; REVIEW AND ANALYZE CORRESPONDENCE FROM OPPOSING COUNSEL WITH IMAGES OF ALLEGED INFRINGING GARMENTS, HANGTAGS AND PURCHASE RECEIPTS; PREPARE CORRESPONDENCE TO CLIENT REGARDING IMAGES OF ALLEGED INFRINGING GARMENTS AND RELATION TO ALLEGATIONS IN COMPLAINT. | 0.40 | 116.00 |
|  | ANC | REVIEW INITIAL DISCLOSURES OF DEFENDANT, AND UPDATE CASE BINDER REGARDING SAME. | 0.40 | 76.00 |
| 07/23/2010 | ANC | REVIEW IMAGES OF ALLEGED GARMENTS, AND CORRESPONDENCE TO CLIENT REGARDING SAME. | 0.30 | 57.00 |
| 07/26/2010 | SPS | REVIEW COMPLAINT, EXHIBITS, AND DOCUMENTS FROM PLAINTIFF AND ANALYZE FACTS FOR DISCUSSION WITH CLIENT. | 1.20 | 462.00 |
| 07/27/2010 | SPS | ANALYZE PLEADINGS, CLIENT DOCUMENTS, AND CASE STRATEGY. | 0.40 | 154.00 |
| 07/29/2010 | ANC | REVIEW REPORT REGARDING SUBPOENA ON FASHION BOOKSTORE; PREPARE CORRESPONDENCE TO J. CAMBE REGARDING SAME; UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME. | 1.00 | 190.00 |
| 07/30/2010 | ANC | REVIEW FASHION CLICK'S RESPONSES TO PLAINTIFF'S INTERROGATORIES. | 0.30 | 57.00 |
|  | JOE | CORRESPOND WITH OPPOSING COUNSEL REGARDING DISCOVERY; STRATEGIZE REGARDING SAME; TELEPHONE CONFERENCE WITH J. |  |  |

```
                                                          PAGE:  3
THE WET SEAL, INC.                                     07/31/2010
                                                       1780-05M
                                              STATEMENT #:   47335
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

SEDIVY REGARDING POTENTIAL TENDER OF DEFENSE; REVIEW
COMPLAINT REGARDING SAME.                                1.80    558.00

CURRENT SERVICES RENDERED                               25.25  6,822.00

RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 2.70 | $385.00 | $1,039.50 |
| JOHN T. EGLEY | ASSOCIATE | 1.80 | 310.00 | 558.00 |
| BEN AMMERMAN | ASSOCIATE | 13.10 | 290.00 | 3,799.00 |
| ANDREA CABRIALES | PARALEGAL | 7.30 | 190.00 | 1,387.00 |
| MATT CLAYTON | PARALEGAL | 0.35 | 110.00 | 38.50 |

```
            PHOTOCOPIES                                          14.20
            COMPUTERIZED ACCESS TO COURT RECORDS                  7.68
            TOTAL EXPENSES                                       21.88

07/06/2010  EVIDENCE                                             20.40
07/26/2010  SERVICE OF PROCESS, THE FASHION BOOKSTORE            76.13
            TOTAL DISBURSEMENTS                                  96.53

            TOTAL CURRENT CHARGES                             6,940.41

            PRIOR BILLS OUTSTANDING                          $7,896.42

07/19/2010  PAYMENT BY CHECK # 551684                        -2,758.42
07/19/2010  PAYMENT BY CHECK # 551684 (INTENDED FOR WET01-03, BUT THAT
            MATTER IS PAID IN FULL)                          -2,889.50
08/09/2010  PAYMENT BY CHECK # 551815                        -5,138.00
            TOTAL PAYMENTS                                  -10,785.92

            BALANCE DUE                                      $4,050.91
```

TIME INDICATED IN HOURS & TENTHS OF HOURS
PAYMENT DUE UPON PRESENTATION
12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
FEDERAL TAX ID # 33-0120573

**CALL & JENSEN**
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                              PAGE: 1
THE WET SEAL, INC.                                         08/31/2010
JULIANNA HALLSTED, ACP                                      1780-05M
ADVANCED CERTIFIED PARALEGAL                     STATEMENT #:   47928
26972 BURBANK
FOOTHILL RANCH  CA  92610


L.A. PRINTEX V. CSI INDUSTRIES          REDACTED
C&J MATTER WET01-05
```

| Date | ID | Description | Hours | Amount |
|---|---|---|---|---|
| 08/03/2010 | JOE | MULTIPLE TELEPHONE CONFERENCES CONCERNING DESIGN       PROVIDED TO WET SEAL. | 0.80 | 248.00 |
| 08/04/2010 | BPA | PREPARE CASE STRATEGY. | 0.30 | 87.00 |
| | JOE | STRATEGIZE REGARDING CASE TASKS AND OUTSTANDING DISCOVERY. | 0.40 | 124.00 |
| 08/05/2010 | ANC | REVIEW CORRESPONDENCE REGARDING DISCOVERY EXTENSION AND CALENDARING REGARDING SAME; REVIEW DEFENDANT FASHION CLICK'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION; REVIEW DOCUMENTS PRODUCED REGARDING SAME. | 0.60 | 114.00 |
| 08/11/2010 | JOE | STRATEGIZE REGARDING DISMISSAL OF OTHER CLAIMS AGAINST WET SEAL; STRATEGIZE REGARDING DISCOVERY PLAN; UPDATE WITH CLIENT REGARDING REMAINING CLAIMS. | 3.30 | 1,023.00 |
| | BSD | ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.  (NO CHARGE) | 0.35 | |
| | SPS | ANALYZE CLIENT DOCUMENTS, COMPLAINT, AND CORRESPOND WITH CLIENT REGARDING SAME. | 1.50 | 577.50 |
| 08/12/2010 | ANC | REVIEW PLAINTIFF'S DISCOVERY RESPONSES AND DOCUMENTS PRODUCED; PREPARE DISCOVERY BINDER AND INDEX REGARDING SAME; REVIEW DISCOVERY PROPOUNDED TO PLAINTIFF WET SEAL, AND DEFENDANT CHARMING CLICK, AND PREPARE DISCOVERY BINDERS AND INDEX REGARDING SAME. | 3.00 | 570.00 |
| 08/13/2010 | SPS | ANALYZE CASE STRATEGY, DIFFERENCES IN DESIGNS, LACK OF ACCESS, AND POTENTIAL FOR TENDER TO VENDOR. | 1.30 | 500.50 |
| 08/18/2010 | ANC | REVIEW DEFENDANT FASHION CLICK'S DISCOVERY RESPONSES; UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME. | 0.40 | 76.00 |
| 08/19/2010 | JOE | PREPARE CORRESPONDENCE TO CLIENT REGARDING DISCOVERY | 0.90 | 279.00 |
| 08/20/2010 | ANC | REVIEW WET SEAL, INC.'S SUPPLEMENTAL DISCLOSURES; REVIEW PLAINTIFF'S RESPONSES TO WET SEAL, INC.'S REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION AND INTERROGATORIES; UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME; REVIEW | | |

```
                                                                    PAGE:  2
THE WET SEAL, INC.                                               08/31/2010
                                                                  1780-05M
                                                    STATEMENT #:    47928
L.A. PRINTEX V. CSI INDUSTRIES           REDACTED
C&J MATTER WET01-05
```

|  |  |  |  |
|---|---|---|---:|---:|
|  |  | PLAINTIFF'S SUPPLEMENTAL DOCUMENT PRODUCTION AND PREPARE BINDER REGARDING SAME. | 1.00 | 190.00 |
|  | JOE | FINALIZE DISCOVERY RESPONSES; PREPARE CORRESPONDENCE TO CLIENTS. | 2.10 | 651.00 |
| 08/23/2010 | ANC | REVIEW DEFENDANT FASHION BUG'S RESPONSES TO PLAINTIFF'S DISCOVERY, DEFENDANT CHARMING SHOPPES' RESPONSES TO PLAINTIFF'S DISCOVERY, AND PREPARE BINDER AND INDEX REGARDING SAME; PREPARE DISCOVERY BINDER WITH PLAINTIFF'S SUPPLEMENTAL DOCUMENTS PRODUCED; UPDATE DISCOVERY INDEX REGARDING PLAINTIFF'S RESPONSES TO DISCOVERY PROPOUNDED BY WET SEAL, INC. | 2.30 | 437.00 |
| 08/24/2010 | ANC | REVIEW DEFENDANT FASHION CLICK'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SUPPLEMENTAL RESPONSES TO INTERROGATORIES, AND REQUESTS FOR PRODUCTION; PREPARE DISCOVERY BINDER AND INDEX REGARDING SAME; REVIEW DOCUMENTS PRODUCED BY FASHION CLICK, AND PREPARE DISCOVERY BINDER REGARDING SAME; REVIEW INITIAL DISCLOSURES FILED BY PLAINTIFF AND WET SEAL, UPDATE CASE BINDER REGARDING SAME. | 1.80 | 342.00 |
|  | JOE | PREPARE CORRESPONDENCE TO OPPOSING COUNSEL REGARDING SETTLEMENT AND DISCOVERY STATUS; STRATEGIZE REGARDING CASE RESOLUTION AND INDEMNITY WITH CLIENT; REVIEW FOUR SETS OF DISCOVERY RESPONSES SERVED BY OTHER DEFENDANTS. | 2.00 | 620.00 |
|  | SPS | REVIEW DISCOVERY REQUESTS AND ANALYZE INFORMATION FOR RESPONSES AND OBJECTIONS. | 0.80 | 308.00 |
| 08/25/2010 | JOE | CORRESPOND WITH OPPOSING COUNSEL AND CLIENT REGARDING OUTSTANDING DISCOVERY. | 0.50 | 155.00 |
|  | SPS | REVIEW CASE STATUS AND DISCOVERY RESPONSES, AND CORRESPOND WITH CLIENT REGARDING UPDATE. | 0.30 | 115.50 |
| 08/26/2010 | ANC | REVIEW CORRESPONDENCE FROM PLAINTIFF'S COUNSEL REGARDING DISCOVERY EXTENSION, AND CALENDARING REGARDING SAME. | 0.20 | 38.00 |
|  | JOE | TELEPHONE CONFERENCE WITH CLIENT REGARDING<br><br>CALL BOX. | 0.80 | 248.00 |
|  | SPS | REVIEW CASE STATUS AND DISCOVERY EXTENSION. | 0.20 | 77.00 |
| 08/31/2010 | JOE | TELEPHONE CONFERENCE WITH CALL BOX REGARDING DESIGN ORIGIN AND INDEMNIFICATION; PREPARE CORRESPONDENCE REGARDING SAME. | 0.80 | 248.00 |
|  | SPS | ANALYZE DESIGNS AND EVIDENCE OF INDEPENDENT CREATION. | 0.30 | 115.50 |
|  |  | CURRENT SERVICES RENDERED | 25.95 | 7,144.00 |

```
                         RECAPITULATION
TIMEKEEPER              TITLE              HOURS      RATE       TOTAL
SCOTT P. SHAW           SHAREHOLDER         4.40    $385.00   $1,694.00
JOHN T. EGLEY           ASSOCIATE          11.60     310.00    3,596.00
```

```
                                                            PAGE:  3
THE WET SEAL, INC.                                      08/31/2010
                                                          1780-05M
                                           STATEMENT #:    47928

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| BEN AMMERMAN | ASSOCIATE | 0.30 | 290.00 | 87.00 |
| ANDREA CABRIALES | PARALEGAL | 9.30 | 190.00 | 1,767.00 |
| BRITTANY DAVISON | PARALEGAL | 0.35 | 0.00 | 0.00 |

```
            TOTAL CURRENT CHARGES                          7,144.00

            PRIOR BILLS OUTSTANDING                       $4,050.91

09/07/2010  PAYMENT BY CHECK # 551966                     -4,050.91

            BALANCE DUE                                   $7,144.00
```

```
         TIME INDICATED IN HOURS & TENTHS OF HOURS
               PAYMENT DUE UPON PRESENTATION
     12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
               FEDERAL TAX ID # 33-0120573
```

**CALL & JENSEN**
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                          PAGE: 1
THE WET SEAL, INC.                                      09/30/2010
JULIANNA HALLSTED, ACP                                     1780-05M
ADVANCED CERTIFIED PARALEGAL                   STATEMENT #:   48375
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES                **REDACTED**
C&J MATTER WET01-05

| | | | |
|---|---|---|---|
| 09/02/2010 JOE | CORRESPOND WITH CALL BOX REGARDING ORIGIN OF DESIGN AND REVIEW COLOR PRINTS PROVIDED BY VENDOR TO CALL BOX. | 0.80 | 248.00 |
| 09/03/2010 JOE | TELEPHONE CONFERENCES WITH CLIENT AND WITH CALL BOX REGARDING CASE STRATEGY; REVIEW SUBPOENA FOR RECORDS OF LA PRINTEX BOOK PURCHASES. | 1.10 | 341.00 |
| 09/07/2010 JOE | TELEPHONE CONFERENCE WITH CUSTODIAN REGARDING RECORDS TO SUBPOENA AND FOLLOW UP WITH CLIENT REGARDING OUTSTANDING DISCOVERY. | 0.80 | 248.00 |
| 09/08/2010 BSD | ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.  (NO CHARGE) | 0.60 | |
| JOE | FINALIZE DISCOVERY RESPONSES; TELEPHONE CONFERENCE WITH CLIENT REGARDING SAME; REVIEW PATTERNS; CORRESPONDENCE FROM CALL BOX REGARDING INDEMNIFICATION. | 2.10 | 651.00 |
| 09/09/2010 JOE | FINALIZE DISCOVERY RESPONSES; REVIEW DOCUMENTS FOR POTENTIAL PRODUCTION. | 1.50 | 465.00 |
| 09/10/2010 JOE | TELEPHONE CONFERENCE WITH U.S. TEXTILE REGARDING ORIGIN OF DESIGN AND INDEMNIFICATION ISSUES. | 0.50 | 155.00 |
| SPS | REVIEW AND ANALYZE CASE STATUS. | 0.20 | 77.00 |
| 09/13/2010 SPS | ANALYZE DEFENSE STRATEGY AND POTENTIAL MOTION FOR SUMMARY JUDGMENT. | 0.70 | 269.50 |
| 09/16/2010 ANC | REVIEW CORRESPONDENCE FROM F. KIM REGARDING ORIGINAL PATTERNS FROM U.S. TEXTILE, REVIEW PATTERNS REGARDING SAME. | 0.40 | 76.00 |
| 09/17/2010 ANC | REVIEW PLAINTIFF'S SUPPLEMENTAL DOCUMENT PRODUCTION AND UPDATE DISCOVERY BINDER REGARDING SAME; REVIEW PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FASHION CLICK'S REQUESTS FOR PRODUCTION. | 0.60 | 114.00 |
| 09/27/2010 JOE | PREPARE CORRESPONDENCE TO CALL BOX REGARDING INDEMNITY; | 1.50 | 465.00 |
| 09/29/2010 JOE | REVIEW STIPULATION BY OPPOSING COUNSEL; PREPARE CORRESPONDENCE TO CALL BOX REGARDING INDEMNITY. | 0.30 | 93.00 |

```
                                                          PAGE:  2
THE WET SEAL, INC.                                     09/30/2010
                                                        1780-05M
                                               STATEMENT #:   48375
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

# REDACTED

```
09/30/2010 ANC  REVIEW STIPULATION FOR CONTINUANCE OF MEDIATION DATES AND
                POST MEDIATION STATUS CONFERENCE DATES AND DEADLINES;
                REVIEW CORRESPONDENCE TO F. KIM REGARDING INDEMNIFICATION.    0.40    76.00

           SPS  STRATEGIZE REGARDING            POSSIBLE SUMMARY
                JUDGMENT MOTION.                                              0.70   269.50
                CURRENT SERVICES RENDERED                                    12.20  3,548.00
```

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 1.60 | $385.00 | $616.00 |
| JOHN T. EGLEY | ASSOCIATE | 8.60 | 310.00 | 2,666.00 |
| ANDREA CABRIALES | PARALEGAL | 1.40 | 190.00 | 266.00 |
| BRITTANY DAVISON | PARALEGAL | 0.60 | 0.00 | 0.00 |

RECAPITULATION

```
           TOTAL CURRENT CHARGES                                            3,548.00

           PRIOR BILLS OUTSTANDING                                         $7,144.00

           BALANCE DUE                                                    $10,692.00
```

| 0-30 | 31-60 | 61-90 | 91-120 | 121-150 | 151+ |
|---|---|---|---|---|---|
| 10,692.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

TIME INDICATED IN HOURS & TENTHS OF HOURS
PAYMENT DUE UPON PRESENTATION
12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
FEDERAL TAX ID # 33-0120573

CALL & JENSEN
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                                    PAGE: 1
THE WET SEAL, INC.                                                10/31/2010
JULIANNA HALLSTED, ACP                                              1780-05M
ADVANCED CERTIFIED PARALEGAL                          STATEMENT #:    48996
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES                **REDACTED**
C&J MATTER WET01-05

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 10/04/2010 | ANC | REVIEW DEPOSITION SUBPOENA TO CALL BOX APPAREL, AND CALENDARING REGARDING SAME. | 0.20 | 38.00 |
| | JOE | REVIEW DOCUMENTS TO BE PRODUCED BY WET SEAL; TELEPHONE CONFERENCE WITH OPPOSING COUNSEL REGARDING SAME; CORRESPOND WITH COUNSEL FOR US TEXTILE. | 1.30 | 403.00 |
| | SPS | ANALYZE DEFENSE AND SETTLEMENT STRATEGIES. | 0.40 | 154.00 |
| 10/05/2010 | ANC | REVIEW AND ANALYZE MEET AND CONFER CORRESPONDENCE FROM PLAINTIFF REGARDING WET SEAL INC.'S DISCOVERY RESPONSES, AND CALENDARING SAME; REVIEW AND ANALYZE CLIENT DOCUMENTS; ORGANIZE AND BATES LABEL SAME FOR DOCUMENT PRODUCTION. | 1.20 | 228.00 |
| | JOE | PREPARE CORRESPONDENCE TO CLIENT AND CORRESPONDENCE TO CALL BOX REGARDING SETTLEMENT AND STATUS. | 0.80 | 248.00 |
| 10/06/2010 | ANC | REVIEW AND ANALYZE WET SEAL'S DISCOVERY RESPONSES AND SUPPLEMENTAL DOCUMENTS PRODUCED, AND UPDATE DISCOVERY BINDER REGARDING SAME; REVIEW PLAINTIFF'S RESPONSES TO DISCOVERY PROPOUNDED BY FASHION CLICK, AND PREPARE DISCOVERY BINDER; REVIEW DISCOVERY RESPONSES OF MAX RAVE AND ROSS STORES, AND PREPARE BINDER REGARDING SAME; REVIEW STIPULATION TO CONTINUE MEDIATION AND NOTICE OF MEDIATION STATUS CONFERENCE, AND CALENDARING REGARDING SAME. | 2.30 | 437.00 |
| | JOE | TELEPHONE CONFERENCE WITH | 1.20 | 372.00 |
| | JOE | PREPARE CORRESPONDENCE TO COUNSEL AND STRATEGIZE REGARDING SAME. | 1.10 | 341.00 |
| | SPS | REVIEW AND ANALYZE DEFENSE AND INDEMNIFICATION ISSUES AND POSSIBLE SETTLEMENT. | 0.30 | 115.50 |
| 10/07/2010 | JOE | CORRESPOND WITH US TEXTILE'S COUNSEL; STRATEGIZE REGARDING CASE RESOLUTION. | 0.80 | 248.00 |
| | SPS | ANALYZE INDEMNIFICATION ISSUES AND CORRESPOND WITH COUNSEL FOR FABRIC SUPPLIER. | 0.50 | 192.50 |

```
                                                              PAGE:  2
THE WET SEAL, INC.                                           10/31/2010
                                                             1780-05M
                                              STATEMENT #:     48996
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 10/08/2010 | JOE | TELEPHONE CONFERENCE WITH C. LESLIE REGARDING INDEMNIFICATION AND STRATEGY AS TO CALL BOX. | 0.50 | 155.00 |
| 10/12/2010 | JOE | REVIEW DOCUMENTS RECEIVED FROM CALL BOX; PREPARE CORRESPONDENCE TO CALL BOX REGARDING SAME. | 0.50 | 155.00 |
| 10/14/2010 | JOE | REVIEW DOCUMENTS RECEIVED FROM CALL BOX; STRATEGIZE REGARDING SAME. | 0.80 | 248.00 |
| | SPS | ANALYZE ISSUES REGARDING CALL BOX SUBPOENA AND INDEMNIFICATION. | 0.40 | 154.00 |
| 10/18/2010 | JOE | PREPARE CORRESPONDENCE TO COUNSEL FOR US TEXTILE REGARDING INDEMNIFICATION; STRATEGIZE REGARDING SAME. | 0.80 | 248.00 |
| 10/20/2010 | JOE | PREPARE MULTIPLE CORRESPONDENCE TO COUNSEL FOR US TEXTILE REGARDING INDEMNIFICATION AND UPDATE CALL BOX REGARDING SAME. | 1.30 | 403.00 |
| | SPS | ANALYZE INDEMNIFICATION AND CASE MANAGEMENT ISSUES. | 0.30 | 115.50 |
| 10/21/2010 | ANC | REVIEW AND ANALYZE AMENDED DISCOVERY RESPONSES OF FASHION BUG RETAIL; UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME; REVIEW AND ANALYZE AMENDED DISCOVERY RESPONSES OF CHARMING SHOPPES; UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME. | 1.00 | 190.00 |
| | JOE | TELEPHONE CONFERENCE WITH C. LESLIE REGARDING CASE STRATEGY; REVIEW DISCOVERY RESPONSES OF OTHER DEFENDANTS; REVIEW STIPULATION PROPOSED BY C. LESLIE. | 0.80 | 248.00 |
| | SPS | REVIEW AND ANALYZE INDEMNIFICATION ISSUES. | 0.20 | 77.00 |
| 10/25/2010 | ANC | REVIEW DEFENDANT FASHION CLICK'S DISCOVERY TO PLAINTIFF; UPDATE DISCOVERY BINDER AND INDEX TO SAME. | 0.40 | 76.00 |
| 10/26/2010 | ANC | REVIEW AND ANALYZE CORRESPONDENCE FROM C. LESLIE REGARDING SETTLEMENT ISSUES AND INDEMNIFICATION ISSUES REGARDING CALL BOX; REVIEW JOINT STIPULATION TO CONTINUE DISCOVERY CUT-OFF DATES AND DEADLINES. | 0.40 | 76.00 |
| | JOE | PREPARE CORRESPONDENCE TO CALL BOX REGARDING INDEMNIFICATION AND PAYMENTS TO WET SEAL; STRATEGIZE REGARDING SAME. | 0.60 | 186.00 |
| | SPS | REVIEW INDEMNIFICATION ISSUES AND CONTACT COUNSEL FOR FABRIC SUPPLIER. | 0.20 | 77.00 |
| 10/27/2010 | ANC | REVIEW DOCUMENTS PRODUCED BY DEFENDANT CHARMING SHOPPES; UPDATE DISCOVERY BINDER REGARDING SAME; REVIEW CORRESPONDENCE FROM S. WINTER REGARDING AMENDED DISCOVERY RESPONSES OF DEFENDANTS CHARMING SHOPPES AND FASHION BUG RETAIL. | 0.40 | 76.00 |
| | JOE | TELEPHONE CONFERENCE WITH F. KIM REGARDING INDEMNIFICATION | | |

```
                                                                    PAGE:  3
THE WET SEAL, INC.                                               10/31/2010
                                                                    1780-05M
                                                     STATEMENT #:     48996
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

|  |  | | |
|---|---|---|---|
|  | AND ISSUES WITH US TEXTILE; REVIEW CORRESPONDENCE FROM US TEXTILE. | 0.50 | 155.00 |
| 10/28/2010 ANC | REVIEW ORDER REGARDING STIPULATION TO CONTINUE FACT AND EXPERT DISCOVERY DATES; REVIEW MINUTES OF SCHEDULING CONFERENCE REGARDING TRIAL DATES, AND CALENDARING REGARDING SAME. | 0.30 | 57.00 |
|  | CURRENT SERVICES RENDERED | 19.50 | 5,473.50 |

RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 2.30 | $385.00 | $885.50 |
| JOHN T. EGLEY | ASSOCIATE | 11.00 | 310.00 | 3,410.00 |
| ANDREA CABRIALES | PARALEGAL | 6.20 | 190.00 | 1,178.00 |

| | | |
|---|---|---|
| 10/20/2010 | ONLINE LEGAL RESEARCH | 32.94 |
|  | TOTAL DISBURSEMENTS | 32.94 |
|  | TOTAL CURRENT CHARGES | 5,506.44 |
|  | PRIOR BILLS OUTSTANDING | $10,692.00 |
| 10/25/2010 | PAYMENT BY CHECK # 552305 | -7,144.00 |
| 11/08/2010 | PAYMENT BY CHECK # 552429 | -3,548.00 |
|  | TOTAL PAYMENTS | -10,692.00 |
|  | BALANCE DUE | $5,506.44 |

```
                    TIME INDICATED IN HOURS & TENTHS OF HOURS
                         PAYMENT DUE UPON PRESENTATION
                 12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
                           FEDERAL TAX ID # 33-0120573
```

CALL & JENSEN
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                              PAGE: 1
THE WET SEAL, INC.                                        11/30/2010
JULIANNA HALLSTED, ACP                                      1780-05M
ADVANCED CERTIFIED PARALEGAL             STATEMENT #:        49262
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES        **REDACTED**
C&J MATTER WET01-05

```
11/03/2010 JOE  PREPARE CORRESPONDENCE TO WET SEAL; PREPARE CORRESPONDENCE
                TO CALL BOX REGARDING CASE STATUS AND POTENTIAL SETTLEMENT.    0.60    186.00

           SPS  ANALYZE CASE STATUS; CORRESPOND WITH CRAIG LESLIE REGARDING
                DEFENSE STRATEGY.                                              0.50    192.50

11/04/2010 SGB  RESEARCH REGARDING INDEMNITY.                                  0.20     54.00

           ANC  REVIEW AND ANALYZE JOINT STIPULATION REGARDING DEFENDANT
                FASHION CLICK'S MOTION TO COMPEL RESPONSES TO
                INTERROGATORIES AND REQUESTS FOR PRODUCTION; REVIEW NOTICES
                OF DEFICIENCIES REGARDING SAME; REVIEW PLAINTIFF'S
                SUPPLEMENTAL RULE 26 DISCLOSURES; UPDATE CASE BINDER
                REGARDING SAME.                                                1.00    190.00

           JOE  TELEPHONE CONFERENCE WITH WET SEAL AND TELEPHONE CONFERENCE
                WITH CALL BOX REGARDING INDEMNIFICATION PROGRESS AND
                POTENTIAL FOR RESOLUTION.                                      0.50    155.00

11/05/2010 ANC  REVIEW PLEADINGS AND STIPULATION FILED IN SUPPORT OF
                DEFENDANT FASHION CLICK'S SECOND MOTION TO COMPEL
                PLAINTIFF'S DISCOVERY RESPONSES; REVIEW SUPPLEMENTAL
                DOCUMENTS PRODUCED BY PLAINTIFF AND PRIVILEGE LOG REGARDING
                SAME; UPDATE DISCOVERY BINDER AND INDEX TO SAME.               0.90    171.00

           JOE  MULTIPLE TELEPHONE CONFERENCES WITH CALL BOX AND WET SEAL
                REGARDING INDEMNIFICATION AND                                  0.80    248.00

11/08/2010 BSD  ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.           0.30     33.00

           ANC  REVIEW PLAINTIFF'S DISCOVERY PROPOUNDED TO UNO CLOTHING;
                PREPARE DISCOVERY BINDER AND INDEX TO SAME.                    0.60    114.00

           SPS  ANALYZE PRIOR DESIGN, CORRESPOND WITH CO-COUNSEL, AND
                REVIEW CASE STRATEGY REGARDING INDEMNIFICATION.                0.30    115.50

11/09/2010 BSD  ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.           0.70     77.00

           JOE  REVIEW ADDITIONAL PRINTS; REVIEW CORRESPONDENCE TO ALL
                COUNSEL REGARDING SAME.                                        0.20     62.00

           SPS  ANALYZE POTENTIAL GROUNDS FOR SUMMARY JUDGMENT.                0.20     77.00
```

```
                                                             PAGE:   2
THE WET SEAL, INC.                                        11/30/2010
                                                          1780-05M
                                              STATEMENT #:   49262
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05                    REDACTED
```

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 11/11/2010 | ANC | REVIEW CORRESPONDENCE REGARDING SERVICE OF COMPLAINT ON NORDSTROM. | 0.10 | 19.00 |
| | JOE | CORRESPOND REGARDING MEDIATION STRATEGY; TELEPHONE CONFERENCE WITH CALL BOX REGARDING MOVING CASE FORWARD WITH INDEMNITY OBLIGATION. | 0.50 | 155.00 |
| 11/15/2010 | JOE | CORRESPOND WITH ALL COUNSEL | 0.20 | 62.00 |
| 11/16/2010 | ANC | REVIEW NOTICE OF MEDIATION AND CALENDARING REGARDING SAME. | 0.30 | 57.00 |
| 11/17/2010 | ANC | REVIEW JAMS MEDIATION AGREEMENT AND CORRESPONDENCE REGARDING SAME; CALENDAR RELATED DEADLINES; REVIEW PLAINTIFF'S OPPOSITION TO DEFENDANT FASHION CLICK'S MOTION TO COMPEL. | 0.60 | 114.00 |
| 11/18/2010 | ANC | REVIEW PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT FASHION CLICK'S MOTION TO COMPEL; REVIEW PRIVILEGE LOG OF PLAINTIFF; REVIEW PLAINTIFF'S SUPPLEMENTAL DOCUMENT PRODUCTION, AND UPDATE DISCOVERY BINDER REGARDING SAME. | 0.50 | 95.00 |
| 11/19/2010 | ANC | REVIEW ORDER VACATING MOTION TO COMPEL HEARING; CALENDARING REGARDING SAME. | 0.30 | 57.00 |
| 11/22/2010 | ANC | REVIEW ORDER VACATING DEFENDANT FASHION CLICK'S MOTION TO COMPEL, AND CALENDARING REGARDING SAME; REVIEW CORRESPONDENCE FROM JAMS REGARDING ADDITIONAL MEDIATION DEADLINES, AND CALENDARING REGARDING SAME. | 0.50 | 95.00 |
| | JOE | CORRESPOND WITH CALL BOX REGARDING INDEMNITY; PREPARE CORRESPONDENCE TO WET SEAL REGARDING SAME. | 0.50 | 155.00 |
| 11/23/2010 | ANC | REVIEW ANSWER OF DEFENDANT NORDSTROM, INC.; REVIEW UPCOMING MEDIATION DATES AND REVIEW RULES REGARDING SAME. | 0.40 | 76.00 |
| | JOE | TELEPHONE CONFERENCE WITH ALL DEFENSE COUNSEL | 0.50 | 155.00 |
| 11/24/2010 | JOE | CORRESPOND WITH ALL COUNSEL | 0.20 | 62.00 |
| 11/29/2010 | JOE | CORRESPOND WITH ALL COUNSEL; PREPARE FOR MEDIATION. | 0.50 | 155.00 |
| 11/30/2010 | ANC | REVIEW SUPPLEMENTAL DECLARATIONS OF B. VANDERHOOF AND R. YEH, IN OPPOSITION TO MOTION TO COMPEL; REVIEW FASHION CLICK'S DISCOVERY PROPOUNDED TO PLAINTIFF, PLAINTIFF'S RESPONSES, AND UPDATE DISCOVERY BINDER REGARDING SAME; REVIEW DISCOVERY PROPOUNDED TO NORDSTROM INC., AND UPDATE DISCOVERY BINDER REGARDING SAME. | 1.70 | 323.00 |
| | JOE | PREPARE FOR AND ATTEND MEDIATION; UPDATE WITH CLIENTS REGARDING SAME. | 7.50 | 2,325.00 |
| | | CURRENT SERVICES RENDERED | 21.10 | 5,580.00 |

```
                                                              PAGE:  3
THE WET SEAL, INC.                                        11/30/2010
                                                          1780-05M
                                          STATEMENT #:      49262

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05


                          RECAPITULATION
TIMEKEEPER                  TITLE           HOURS     RATE      TOTAL
SCOTT P. SHAW               SHAREHOLDER      1.00    $385.00   $385.00
JOHN T. EGLEY               ASSOCIATE       12.00     310.00  3,720.00
SAM BROOKS                  ASSOCIATE        0.20     270.00     54.00
ANDREA CABRIALES            PARALEGAL        6.90     190.00  1,311.00
BRITTANY DAVISON            PARALEGAL        1.00     110.00    110.00


          PARKING & MILEAGE                                   90.10
          TOTAL EXPENSES                                      90.10

11/22/2010   MEDIATION FEE, JAMS, INC.                     1,475.00
11/23/2010   PARCEL SERVICE, L. HART                          11.79
          TOTAL DISBURSEMENTS                              1,486.79

          TOTAL CURRENT CHARGES                            7,156.89

          PRIOR BILLS OUTSTANDING                         $5,506.44


          BALANCE DUE                                    $12,663.33


        0-30       31-60      61-90      91-120    121-150      151+
     12,663.33      0.00       0.00       0.00       0.00       0.00




                 TIME INDICATED IN HOURS & TENTHS OF HOURS
                      PAYMENT DUE UPON PRESENTATION
              12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
                      FEDERAL TAX ID # 33-0120573
```

**CALL & JENSEN**
**A PROFESSIONAL CORPORATION**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                              PAGE: 1
THE WET SEAL, INC.                                         12/31/2010
JULIANNA HALLSTED, ACP                                       1780-05M
ADVANCED CERTIFIED PARALEGAL                    STATEMENT #:    49684
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES          **REDACTED**
C&J MATTER WET01-05

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 12/01/2010 | ANC | REVIEW PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FASHION CLICK'S INTERROGATORIES; UPDATE DISCOVERY BINDER AND INDEX TO SAME. | 0.40 | 76.00 |
| 12/02/2010 | JOE | ATTEND TELEPHONIC STATUS CONFERENCE HEARING. | 0.80 | 248.00 |
| 12/03/2010 | ANC | REVIEW CORRESPONDENCE REGARDING HEARING ON PLAINTIFF'S MOTION TO ADD PARTIES; CALENDARING REGARDING SAME; REVIEW PLAINTIFF'S INTERROGATORIES PROPOUNDED TO CHARMING SHOPPES; REVIEW PLAINTIFF'S INTERROGATORIES PROPOUNDED TO FASHION BUG; UPDATE DISCOVERY BINDER AND INDEX TO SAME. | 0.80 | 152.00 |
| 12/07/2010 | JOE | PREPARE INDEMNIFICATION LETTER FOR USTP; STRATEGIZE REGARDING SAME. | 1.60 | 496.00 |
| | ANC | REVIEW COURT MINUTES REGARDING POST MEDIATION STATUS CONFERENCE. | 0.10 | 19.00 |
| 12/08/2010 | ANC | REVIEW PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND CALENDARING REGARDING SAME; REVIEW PLAINTIFF'S NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE OF CHARMING SHOPPES, AND CALENDARING REGARDING SAME; REVIEW COURT ORDER REGARDING FASHION CLICK'S MOTION TO COMPEL; REVIEW CORRESPONDENCE TO CLIENT REGARDING INDEMNIFICATION. | 1.10 | 209.00 |
| 12/09/2010 | ANC | REVIEW SUPPLEMENTAL DOCUMENTS PRODUCED BY PLAINTIFF; UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME. | 0.40 | 76.00 |
| 12/14/2010 | SPS | RESEARCH AND ANALYZE        DAMAGES. | 0.55 | 211.75 |
| 12/16/2010 | ANC | REVIEW DEFENDANT FASHION CLICK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND; REVIEW JOINDER OF CHARMING SHOPPES AND FASHION BUG TO OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND. | 0.50 | 95.00 |
| 12/17/2010 | MHC | ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS. | 0.95 | 104.50 |
| 12/20/2010 | SPS |                    ANALYZE ISSUES REGARDING DEFENSE OF CASE ON THE MERITS. | 0.60 | 231.00 |

```
                                                                    PAGE:  2
      THE WET SEAL, INC.                                          12/31/2010
                                                                   1780-05M
                                                    STATEMENT #:    49684

      L.A. PRINTEX V. CSI INDUSTRIES
      C&J MATTER WET01-05


12/21/2010 MHC   ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.        0.55    60.50

           ANC   REVIEW PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES OF
                 MAX RAVE, LLC AND ROSS STORES, INC., AND CALENDARING
                 REGARDING SAME.                                             0.40    76.00

12/23/2010 ANC   REVIEW ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND.      0.20    38.00

12/27/2010 JOE   REVIEW STIPULATIONS FOR TRIAL DATES AND CORRESPONDENCE
                 REGARDING OUTSTANDING DISCOVERY.                            0.50   155.00

           SPS   ANALYZE LITIGATION STRATEGY, DEADLINES, AND POSSIBLE MOTION
                 FOR SUMMARY JUDGMENT.                                       0.50   192.50

12/28/2010 ANC   REVIEW SIGNED PROTECTIVE ORDER; REVIEW NOTICE OF CONTINUED
                 DEPOSITION OF LA PRINTEX WITH REQUESTS FOR PRODUCTION, AND
                 CALENDARING REGARDING SAME; REVIEW DISCOVERY RESPONSES OF
                 MAX RAVE, LLC TO PLAINTIFF'S INTERROGATORIES AND REQUESTS
                 FOR PRODUCTION; UPDATE DISCOVERY BINDER AND INDEX TO SAME.   0.90   171.00

           JOE   PREPARE UPDATE TO WET SEAL; CORRESPONDENCE WITH ALL
                 COUNSEL.                                                     0.50   155.00

12/29/2010 SPS   CORRESPOND WITH CLIENT REGARDING CASE UPDATE.               0.30   115.50

12/31/2010 MHC   ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS.        0.80    88.00

           ANC   REVIEW PLAINTIFF'S NOTICE OF MOTION TO WITHDRAW MOTION TO
                 COMPEL.                                                      0.10    19.00
                 CURRENT SERVICES RENDERED                                  12.55  2,988.75
```

```
                                 RECAPITULATION
      TIMEKEEPER                  TITLE          HOURS     RATE      TOTAL
      SCOTT P. SHAW               SHAREHOLDER     1.95   $385.00   $750.75
      JOHN T. EGLEY              ASSOCIATE        3.40    310.00  1,054.00
      ANDREA CABRIALES          PARALEGAL        4.90    190.00    931.00
      MATT CLAYTON              PARALEGAL        2.30    110.00    253.00


             PHOTOCOPIES                                             42.20
             TOTAL EXPENSES                                          42.20

             TOTAL CURRENT CHARGES                                3,030.95

             PRIOR BILLS OUTSTANDING                            $12,663.33

12/13/2010   PAYMENT BY CHECK # 552638                          -5,506.44
01/10/2011   PAYMENT BY CHECK # 552778                          -7,156.89
             TOTAL PAYMENTS                                    -12,663.33

             BALANCE DUE                                         $3,030.95
```

PAGE: 3
12/31/2010
1780-05M
STATEMENT #:    49684

THE WET SEAL, INC.

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05

**CALL & JENSEN**
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                           PAGE: 1
THE WET SEAL, INC.                                      01/31/2011
JULIANNA HALLSTED, ACP                                   1780-05M
ADVANCED CERTIFIED PARALEGAL               STATEMENT #:   50217
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES          **REDACTED**
C&J MATTER WET01-05

| | | | |
|---|---|---|---|
| 01/02/2011 SPS | ANALYZE APPORTIONMENT. | 0.30 | 115.50 |
| 01/03/2011 ALR | PREPARE NOTICE OF APPEARANCE; ANALYSIS AND STRATEGY REGARDING CLAIMS AND DEFENSES IN PREPARATION FOR PERSON MOST KNOWLEDGEABLE DEPOSITION. | 1.50 | 435.00 |
| 01/04/2011 ANC | REVIEW NOTICES OF DEPOSITION  OF L.A. PRINTEX AND D. JUNG AND CALENDARING REGARDING SAME. | 0.30 | 57.00 |
| ALR | REVIEW AND ANALYZE ORDER GRANTING CONTINUANCE OF SCHEDULING ORDER BY 60 DAYS. | 0.10 | 29.00 |
| 01/05/2011 ANC | REVIEW  COURT ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL. | 0.10 | 19.00 |
| 01/07/2011 JOE | REVIEW COURT ORDERS; TELEPHONE CONFERENCE WITH NEW COUNSEL FOR ULTIMATE INDEMNITOR. | 0.50 | 155.00 |
| ALR | PREPARE NOTICE OF APPEARANCE. | 0.10 | 29.00 |
| 01/09/2011 ANC | REVIEW NOTICE OF AMENDED DEPOSITIONS OF L.A. PRINTEX AND D. JUNG AND CALENDARING REGARDING SAME; REVIEW SUPPLEMENTAL RESPONSE OF MAX RAVE TO MOTION TO COMPEL AND NOTE CALENDAR REGARDING SAME. | 0.50 | 95.00 |
| 01/12/2011 ANC | REVIEW PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF CHARMING SHOPPES AND ALTERNATE LOCATIONS AND CALENDARING REGARDING SAME; REVIEW COURT ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL. | 0.70 | 133.00 |
| 01/13/2011 ANC | REVIEW AND ANALYZE PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL AND NOTE CALENDAR REGARDING SAME. | 0.20 | 38.00 |
| 01/14/2011 ALR | ANALYZE CASE STRATEGY AND DEVELOPMENT. | 0.20 | 58.00 |
| 01/17/2011 ANC | REVIEW CORRESPONDENCE FROM K. CISNEROS OF JAMS REGARDING CASE STATUS AND CALENDARING REGARDING SAME. | 0.20 | 38.00 |
| BSD | ANALYZE CASE DOCUMENTS; ORGANIZE SAME FOR ATTORNEYS. | 0.90 | 99.00 |
| 01/18/2011 ALR | PREPARE COPYRIGHT CASE MATRIX. | 0.40 | 116.00 |

```
                                                                PAGE:  2
        THE WET SEAL, INC.                                   01/31/2011
                                                              1780-05M
                                                  STATEMENT #:   50217
        L.A. PRINTEX V. CSI INDUSTRIES
        C&J MATTER WET01-05
```

| | | | | |
|---|---|---|---|---|
| 01/19/2011 | SPS | ANALYZE DEFENSE STRATEGY AND CORRESPOND WITH COUNSEL FOR VENDOR REGARDING INDEMNIFICATION. | 0.60 | 231.00 |
| 01/21/2011 | JOE | STRATEGIZE REGARDING POTENTIAL MOTION FOR SUMMARY JUDGMENT; STRATEGIZE FOR NEW COUNSEL FOR US TEXTILE. | 0.50 | 155.00 |
| | ALR | ANALYSIS REGARDING INDEMNIFICATIONS AND CASE STRATEGY. | 0.20 | 58.00 |
| | SPS | ANALYZE DEFENSE STRATEGY AND MOTION FOR SUMMARY JUDGMENT AND DISCUSS SAME WITH CLIENT. | 0.60 | 231.00 |
| 01/24/2011 | JOE | STRATEGIZE REGARDING CASE DESIGNS AND MOTION FOR SUMMARY JUDGMENT ARGUMENTS. | 1.50 | 465.00 |
| | ALR | REVIEW AND ANALYZE CO-DEFENDANTS' NOTICE OF DEPOSITION OF LA PRINTEX AND D. JUNG; COMMUNICATE WITH CO-DEFENDANTS REGARDING SAME; ANALYSIS AND STRATEGY REGARDING WRITTEN DISCOVERY, CASE DEVELOPMENT, AND PERSON MOST KNOWLEDGEABLE DEPOSITION; PREPARE FOR PERSON MOST KNOWLEDGEABLE DEPOSITION. | 2.40 | 696.00 |
| 01/25/2011 | ANC | REVIEW CORRESPONDENCE REGARDING NOTICE OF CANCELLATION OF DEPOSITION OF CHARMING SHOPPES, INC.; CALENDARING REGARDING SAME. | 0.20 | 38.00 |
| | ALR | ANALYSIS AND STRATEGY REGARDING DISPOSITIVE MOTIONS AND CASE RESOLUTION; PREPARE FOR PERSON MOST KNOWLEDGEABLE DEPOSITION. | 2.50 | 725.00 |
| | SPS | ANALYZE CASE STATUS, DEFENSE STRATEGY, AND CORRESPOND WITH CLIENT REGARDING SAME. | 0.80 | 308.00 |
| 01/26/2011 | ALR | PREPARE FOR PERSON MOST KNOWLEDGEABLE DEPOSITION. | 5.10 | 1,479.00 |
| 01/27/2011 | ANC | REVIEW AND ANALYZE ORDER GRANTING CONTINUANCE OF SCHEDULING ORDER DATES AND TRIAL DEADLINES AND CALENDAR SAME; REVIEW AND ANALYZE JUDGE WU'S STANDING ORDER REGARDING FINAL PRETRIAL CONFERENCE; CALENDAR DEADLINES AND PREPARE MEMORANDUM REGARDING SAME. | 2.20 | 418.00 |
| | ALR | CORRESPOND WITH CO-DEFENDANTS REGARDING PERSON MOST KNOWLEDGEABLE DEPOSITIONS. | 0.20 | 58.00 |
| 01/31/2011 | JOE | REVIEW SIMILAR DESIGNS FOR OTHER SOURCES; STRATEGIZE REGARDING SAME. | 0.80 | 248.00 |
| | ALR | ANALYZE PRIOR ARTWORK IDENTIFIED AS SIMILAR TO SUBJECT DESIGNS. | 0.80 | 232.00 |
| | ALR | ANALYSIS REGARDING CASE STRATEGY AND MANAGEMENT. | 0.30 | 87.00 |
| | | CURRENT SERVICES RENDERED | 24.70 | 6,845.50 |
| | | COURTESY DISCOUNT | | -1,000.00 |
| | | | | 5,845.50 |

```
                                                                        PAGE: 3
THE WET SEAL, INC.                                                    01/31/2011
                                                                     1780-05M
                                                        STATEMENT #:    50217
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05


                              RECAPITULATION
TIMEKEEPER                       TITLE              HOURS      RATE      TOTAL
SCOTT P. SHAW                    SHAREHOLDER         2.30   $385.00    $885.50
AARON RENFRO                     ASSOCIATE          13.80    290.00   4,002.00
JOHN T. EGLEY                    ASSOCIATE           3.30    310.00   1,023.00
ANDREA CABRIALES                 PARALEGAL           4.40    190.00     836.00
BRITTANY DAVISON                 PARALEGAL           0.90    110.00      99.00


01/07/2011    COURIER SERVICES, UNITED STATES DISTRICT COURT              46.02
              TOTAL DISBURSEMENTS                                         46.02

              TOTAL CURRENT CHARGES                                    5,891.52

              PRIOR BILLS OUTSTANDING                                 $3,030.95

01/17/2011    PAYMENT BY CHECK # 552829                                 -695.50
02/07/2011    PAYMENT BY CHECK # 552971                               -3,030.95
02/14/2011    PAYMENT BY CHECK # 171312, JAMS, REFUND                   -400.00
              TOTAL PAYMENTS                                          -4,126.45

              BALANCE DUE                                            $4,796.02
```

TIME INDICATED IN HOURS & TENTHS OF HOURS
PAYMENT DUE UPON PRESENTATION
12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
FEDERAL TAX ID # 33-0120573

CALL & JENSEN
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                                    PAGE: 1
THE WET SEAL, INC.                                                02/28/2011
JULIANNA HALLSTED, ACP                                             1780-05M
ADVANCED CERTIFIED PARALEGAL                          STATEMENT #:    50750
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES          **REDACTED**
C&J MATTER WET01-05

| | | | | |
|---|---|---|---|---|
| 02/01/2011 | ALR | ANALYSIS AND STRATEGY REGARDING WRITTEN DISCOVERY. | 0.10 | 29.00 |
| 02/02/2011 | ALR | ANALYSIS REGARDING LITIGATION STRATEGY AND DEVELOPMENT. | 0.20 | 58.00 |
| | SPS | ANALYZE DISCOVERY STATUS AND MEET AND CONFER REGARDING SUMMARY JUDGMENT AND CORRESPOND WITH OPPOSING COUNSEL REGARDING SAME. | 0.30 | 115.50 |
| 02/04/2011 | ALR | REVIEW AND ANALYSIS OF PRIOR ARTWORK/DESIGNS IN PREPARATION FOR MOTION FOR SUMMARY JUDGMENT REGARDING ACCESS. | 0.20 | 58.00 |
| | SPS | REVIEW AND ANALYZE STRATEGY FOR SUMMARY JUDGMENT AND LACK OF PROOF OF ACCESS. | 0.40 | 154.00 |
| 02/07/2011 | JOE | STRATEGIZE REGARDING TRIAL TASKS AND POTENTIAL MOTION FOR SUMMARY JUDGMENT. | 2.30 | 713.00 |
| | ALR | REVIEW AND ANALYZE PRIOR ARTWORK REGARDING ACCESS ISSUES. | 0.30 | 87.00 |
| | SPS | ANALYZE      DEFENSE STRATEGIES | 0.40 | 154.00 |
| 02/08/2011 | ANC | REVIEW AND ANALYZE DOCUMENTS REGARDING CHINA TEXTILE PATTERNS IN THE PUBLIC DOMAIN, VOLUMES 1 THROUGH 15, IN PREPARATION OF SUPPLEMENTAL DISCLOSURES; PREPARE MEMORANDUM REGARDING SAME; PREPARE SUPPLEMENTAL RULE 26 DISCLOSURES AND FINALIZE SAME. | 0.90 | 171.00 |
| | ALR | PREPARE PRIOR ARTWORK/DESIGNS FOR MOTION FOR SUMMARY JUDGMENT; PREPARE SUPPLEMENTAL RULE 26 DISCLOSURES; PREPARE WRITTEN DISCOVERY REQUESTS. | 1.40 | 406.00 |
| 02/09/2011 | ANC | REVIEW AND ANALYZE PLAINTIFF'S RESPONSES TO CHARMING SHOPPES INC.'S INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION; UPDATE DISCOVERY BINDER AND INDEX TO SAME; REVIEW AND ANALYZE PLAINTIFF'S AMENDED SUPPLEMENTAL RESPONSES TO FASHION CLICK'S INTERROGATORIES; UPDATE DISCOVERY BINDER AND INDEX TO SAME; REVIEW AND ANALYZE NORDSTROM INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION REGARDING SAME; UPDATE DISCOVERY BINDER AND INDEX TO SAME; REVIEW AND ANALYZE FIRST SUPPLEMENTAL RESPONSE  OF CHARMING SHOPPES, | | |

```
                                                                      PAGE:  2
THE WET SEAL, INC.                                                 02/28/2011
                                                                    1780-05M
                                                       STATEMENT #:    50750

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | INC. AND FASHION BUG TO PLAINTIFF'S INTERROGATORIES; UPDATE DISCOVERY BINDER AND INDEX TO SAME. | 1.50 | 285.00 |
|  | ALR | REVIEW AND ANALYZE PRIOR ARTWORK IN PUBLIC DOMAIN REGARDING ORIGINALITY AND ACCESS ISSUES. | 0.20 | 58.00 |
|  | ALR | PREPARE WRITTEN DISCOVERY REQUESTS. | 0.70 | 203.00 |
| 02/10/2011 | ANC | REVIEW AND ANALYZE PLAINTIFF'S AMENDED NOTICES OF DEPOSITION OF DEFENDANT FASHION CLICK INC.'S PERSON MOST QUALIFIED AND NORDSTROM INC.'S PERSON MOST QUALIFIED; CALENDAR RELATED DATES AND DEADLINES. | 0.50 | 95.00 |
|  | ALR | PREPARE WRITTEN DISCOVERY REQUESTS. | 1.10 | 319.00 |
| 02/11/2011 | SPS | MEET AND CONFER WITH OPPOSING COUNSEL REGARDING SUMMARY JUDGMENT. | 0.30 | 115.50 |
| 02/14/2011 | ALR | PREPARE WRITTEN DISCOVERY TO PLAINTIFFS. | 0.40 | 116.00 |
| 02/15/2011 | ANC | REVIEW AND ANALYZE INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION PROPOUNDED TO PLAINTIFF; CALENDAR RELATED DATES AND DEADLINES; UPDATE DISCOVERY BINDER AND INDEX TO SAME. | 0.40 | 76.00 |
| 02/22/2011 | ALR | REVIEW AND ANALYZE CO-DEFENDANT'S MOTION FOR SANCTIONS. | 0.40 | 116.00 |
| 02/27/2011 | ALR | PREPARE FOR DEPOSITIONS OF L.A. PRINTEX PERSON MOST KNOWLEDGEABLE AND D. JUNG. | 3.10 | 899.00 |
|  | MAY | UPDATE DISCOVERY DEADLINES. | 0.30 | 57.00 |
| 02/28/2011 | ANC | REVIEW AND ANALYZE DEFENDANT FASHION CLICK'S MOTION FOR SANCTIONS; UPDATE CASE CALENDAR REGARDING RELATED DEADLINES. | 0.30 | 57.00 |
|  | ALR | PREPARE FOR DEPOSITION OF L.A. PRINTEX PERSON MOST KNOWLEDGEABLE. | 6.90 | 2,001.00 |
|  | SPS | ANALYZE ISSUES IN ADVANCE OF DEPOSITION. | 0.50 | 192.50 |
|  |  | CURRENT SERVICES RENDERED | 23.10 | 6,535.50 |

RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 1.90 | $385.00 | $731.50 |
| AARON RENFRO | ASSOCIATE | 15.00 | 290.00 | 4,350.00 |
| JOHN T. EGLEY | ASSOCIATE | 2.30 | 310.00 | 713.00 |
| MARIAM A. YUSUF | PARALEGAL | 0.30 | 190.00 | 57.00 |
| ANDREA CABRIALES | PARALEGAL | 3.60 | 190.00 | 684.00 |

```
         TOTAL CURRENT CHARGES                                   6,535.50

         PRIOR BILLS OUTSTANDING                               $4,796.02
```

```
                                                         PAGE: 3
   THE WET SEAL, INC.                                 02/28/2011
                                                       1780-05M
                                          STATEMENT #:   50750
   L.A. PRINTEX V. CSI INDUSTRIES
   C&J MATTER WET01-05


03/14/2011    PAYMENT BY CHECK # 553200                -4,796.02


              BALANCE DUE                             $6,535.50
                                                     _____
```

```
           TIME INDICATED IN HOURS & TENTHS OF HOURS
                 PAYMENT DUE UPON PRESENTATION
         12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
                   FEDERAL TAX ID # 33-0120573
```

**CALL & JENSEN**
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000

```
                                                              PAGE: 1
THE WET SEAL, INC.                                       03/31/2011
JULIANNA HALLSTED, ACP                                      1780-05M
ADVANCED CERTIFIED PARALEGAL              STATEMENT #:     51115
26972 BURBANK
FOOTHILL RANCH  CA  92610
```

L.A. PRINTEX V. CSI INDUSTRIES                    **REDACTED**
C&J MATTER WET01-05

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 03/01/2011 | ANC | REVIEW AND ANALYZE DEFENDANT FASHION CLICK'S SUPPLEMENTAL DOCUMENT PRODUCTION, AND UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME; | 0.40 | 76.00 |
| | ALR | PREPARE FOR AND ATTEND DEPOSITION OF L.A. PRINTEX'S PERSON MOST KNOWLEDGEABLE. | 14.10 | 4,089.00 |
| 03/02/2011 | ANC | REVIEW AND ANALYZE AMENDED NOTICE OF DEPOSITION OF FASHION CLICK PERSON MOST KNOWLEDGEABLE; UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES. | 0.30 | 57.00 |
| | JOE | STRATEGIZE REGARDING NO NEED FOR EXPERTS; TRIAL STRATEGY REGARDING SAME. | 0.50 | 155.00 |
| | ALR | CORRESPONDENCE WITH COUNSEL REGARDING MEET AND CONFER REGARDING FURTHER PERSON MOST KNOWLEDGEABLE DEPOSITION TESTIMONY. | 0.50 | 145.00 |
| 03/03/2011 | ALR | CORRESPONDENCE WITH PLAINTIFF'S COUNSEL REGARDING CONTINUATION OF L.A. PRINTEX PERSON MOST KNOWLEDGEABLE DEPOSITION AND STIPULATION TO MODIFY SCHEDULING ORDER. | 0.20 | 58.00 |
| 03/04/2011 | ANC | REVIEW AND ANALYZE MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S WITNESSES; UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES. | 0.20 | 38.00 |
| 03/07/2011 | JOE | STRATEGIZE REGARDING TRIAL DEADLINES AND DESIGN STYLES. | 0.30 | 93.00 |
| 03/08/2011 | ALR | CORRESPONDENCE WITH COUNSEL FOR ALL PARTIES REGARDING CONTINUATION OF L.A. PRINTEX PERSON MOST KNOWLEDGEABLE DEPOSITION. | 0.10 | 29.00 |
| 03/09/2011 | ANC | REVIEW AND ANALYZE AMENDED NOTICE OF DEPOSITION OF L.A. PRINTEX, AND UPDATE CASE CALENDAR REGARDING RELATED DATES; REVIEW AND ANALYZE DEPOSITION SUBPOENAS TO U.S. TEXTILE PRINTING, INC. AND CALIFORNIA BLUE, INC., AND UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES. | 0.60 | 114.00 |
| | BSD | ANALYZE CASE DOCUMENTS; ORGANIZE AND INDEX SAME FOR ATTORNEYS. | 0.80 | 88.00 |

```
                                                                    PAGE:  2
        THE WET SEAL, INC.                                        03/31/2011
                                                                    1780-05M
                                                       STATEMENT #:    51115
        L.A. PRINTEX V. CSI INDUSTRIES
        C&J MATTER WET01-05
```

|            |     |                                                                                                                                                                                                                                                                                                          |      |        |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|--------|
|            | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S SUPPLEMENTAL PRODUCTION OF DOCUMENTS.                                                                                                                                                                                                                                  | 0.10 | 29.00  |
| 03/10/2011 | ANC | REVIEW AND ANALYZE PLAINTIFF'S SUPPLEMENTAL DOCUMENTS PRODUCED, AND UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME; REVIEW AND ANALYZE AMENDED NOTICE OF DEPOSITION OF L.A. PRINTEX, AND UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES.                                                       | 0.40 | 76.00  |
|            | SPS | ANALYZE COMPLAINT AND OUTLINE EVIDENCE NEEDED FOR SUMMARY JUDGMENT MOTION.                                                                                                                                                                                                                                | 0.30 | 115.50 |
|            | ALR | CORRESPONDENCE WITH COUNSEL REGARDING CONTINUING L.A. PRINTEX PERSON MOST KNOWLEDGEABLE DEPOSITION; REVIEW AND ANALYSIS OF SUBPOENAS TO U.S. TEXTILE AND CALIFORNIA BLUE.                                                                                                                                   | 0.40 | 116.00 |
| 03/11/2011 | ANC | REVIEW AND ANALYZE SUPPLEMENTAL DOCUMENTS PRODUCED BY DEFENDANT FASHION CLICK; UPDATE DISCOVERY BINDER AND INDEX.                                                                                                                                                                                          | 0.30 | 57.00  |
| 03/14/2011 | ANC | ANALYSIS AND STRATEGY REGARDING MOTION FOR SUMMARY JUDGMENT SERVICE AND HEARING DEADLINES; TELEPHONE CONFERENCE WITH DISTRICT CLERK J. GONZALEZ REGARDING MOTION FOR SUMMARY JUDGMENT HEARING DATES; PREPARE MEMORANDUM REGARDING SAME; REVIEW AND ANALYZE NOTICE REGARDING WET SEAL'S MOTION FOR SUMMARY JUDGMENT HEARING, AND CALENDAR RELATED DATES AND DEADLINES. | 1.00 | 190.00 |
|            | ALR | ANALYSIS AND STRATEGY REGARDING MOTION FOR SUMMARY JUDGMENT FILING.                                                                                                                                                                                                                                       | 0.20 | 58.00  |
| 03/15/2011 | ANC | REVIEW AND ANALYZE NOTICE OF VACATING HEARING ON FASHION CLICK'S MOTION FOR SANCTIONS; UPDATE CASE CALENDAR REGARDING SAME.                                                                                                                                                                                | 0.20 | 38.00  |
|            | ALR | REVIEW AND ANALYSIS OF COURT ORDER REGARDING DEFENDANT FASHION CLICK'S MOTION FOR SANCTIONS; ANALYSIS AND STRATEGY REGARDING MOTION FOR SUMMARY JUDGMENT FILING, CALENDARING, AND PROCEDURES.                                                                                                               | 0.40 | 116.00 |
| 03/18/2011 | ANC | REVIEW AND ANALYZE ORDER VACATING MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S PERSON MOST KNOWLEDGEABLE WITNESS, AND UPDATE CASE CALENDAR REGARDING SAME; REVIEW AND ANALYZE NOTICE OF DEPOSITION OF PERSON MOST QUALIFIED OF NORDSTROM, INC., AND UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES; REVIEW AND ANALYZE PLAINTIFF'S RESPONSES TO WET SEAL'S DISCOVERY, AND UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME. | 0.60 | 114.00 |
|            | ALR | REVIEW AND ANALYSIS OF ORDER DENYING CO-DEFENDANT'S MOTION TO COMPEL FURTHER PERSON MOST KNOWLEDGEABLE DEPOSITION TESTIMONY.                                                                                                                                                                               | 0.20 | 58.00  |
|            | ALR | LEGAL RESEARCH AND ANALYSIS IN PREPARATION FOR FILING MOTION FOR SUMMARY JUDGMENT; LEGAL RESEARCH AND ANALYSIS IN                                                                                                                                                                                          |      |        |

```
                                                        PAGE:  3
THE WET SEAL, INC.                                    03/31/2011
                                                      1780-05M
                                          STATEMENT #:    51115
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | PREPARATION FOR PERSON MOST KNOWLEDGEABLE DEPOSITION. | 2.40 | 696.00 |
| 03/21/2011 | ANC | ANALYSIS AND STRATEGY REGARDING SERVICE DEADLINES FOR WET SEAL'S MOTION FOR SUMMARY JUDGMENT; PREPARE MEMORANDUM REGARDING SAME. | 0.40 | 76.00 |
|  | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S RESPONSES TO WRITTEN DISCOVERY; ANALYSIS REGARDING LITIGATION STRATEGY; LEGAL RESEARCH IN PREPARATION FOR MOTION FOR SUMMARY JUDGMENT. | 5.70 | 1,653.00 |
|  | SPS | REVIEW DISCOVERY RESPONSES AND DOCUMENTS AND ANALYZE ISSUES IN ADVANCE OF DEPOSITION; ANALYZE PLEADING, EVIDENCE, AND LAW IN PREPARATION FOR SUMMARY JUDGMENT MOTION. | 2.80 | 1,078.00 |
| 03/22/2011 | ANC | REVIEW AND ANALYZE PLAINTIFF'S SUPPLEMENTAL DOCUMENT PRODUCTION AND UPDATE DISCOVERY BINDER AND INDEX REGARDING SAME; PREPARE DECLARATIONS OF S. SHAW AND A. CABRIALES FOR MOTION FOR SUMMARY JUDGMENT; REVIEW AND ANALYZE CORRESPONDENCE REGARDING DEPOSITION TRANSCRIPT OF J. NAH AND D. JUNG AND UPDATE CASE CALENDAR REGARDING SAME; REVIEW AND ANALYZE DEPOSITION TRANSCRIPT OF D. JUNG REGARDING RELEVANT EXCERPTS FOR PREPARATION OF MOTION FOR SUMMARY JUDGMENT. | 2.40 | 456.00 |
|  | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S SUPPLEMENTAL PRODUCTION OF DOCUMENTS AND WRITTEN DISCOVERY RESPONSES; PREPARE FOR PERSON MOST KNOWLEDGEABLE HEARING, INCLUDING ANALYSIS OF PRIOR PERSON MOST KNOWLEDGEABLE TESTIMONY BY L.A. PRINTEX'S D. JUNG; PREPARE MOTION FOR SUMMARY JUDGMENT. | 4.80 | 1,392.00 |
|  | SPS | REVIEW PLEADINGS AND PREPARE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING EVIDENCE; REVIEW PLAINTIFF'S DOCUMENTS AND PREPARE FOR DEPOSITION OF PLAINTIFF'S PERSON MOST KNOWLEDGEABLE. | 3.30 | 1,270.50 |
| 03/23/2011 | ANC | PREPARE UNITED STATES COPYRIGHT OFFICE LITIGATION STATEMENT TO OBTAIN CERTIFIED COPYRIGHT REGISTRATION; REVIEW AND ANALYZE CLIENT DOCUMENTS PERTAINING TO WET SEAL CONTEMPO GARMENT AND PLAINTIFF'S DESIGN; REVIEW AND ANALYZE PRINT IMAGES; PREPARE DESIGN ANALYSIS SUMMARY FOR MEMORANDUM OF POINTS AND AUTHORITIES; REVIEW AND ANALYZE VOLUMES 1 THOUGH 14 OF CHINESE TEXTILE PATTERNS REGARDING ANIMAL PRINT COMPARISONS; PREPARE MEMORANDUM REGARDING SAME; PREPARE EXHIBITS TO S. SHAW DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. | 7.90 | 1,501.00 |
|  | JOE | REVIEW FOR CALL BOX INFORMATION; STRATEGIZE REGARDING SAME. | 0.60 | 186.00 |
|  | MAY | ASSIST WITH ORGANIZING EVIDENCE FOR MOTION FOR SUMMARY JUDGMENT. | 0.80 | 152.00 |
|  | MEV | REVIEW DRAFT LITIGATION STATEMENT ORDER FORM; PREPARE MEMORANDUM TO FILE REGARDING PREPARATION OF WRITTEN REQUEST. | 0.30 | 115.50 |

```
                                                                        PAGE:  4
THE WET SEAL, INC.                                                     03/31/2011
                                                                        1780-05M
                                                           STATEMENT #:   51115
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05                         REDACTED
```

|  |  | | |
|---|---|---|---|
| | ALR | PREPARE CALL BOX DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; PREPARE FOR PERSON MOST KNOWLEDGEABLE HEARING, INCLUDING ANALYSIS OF PRIOR PERSON MOST KNOWLEDGEABLE TESTIMONY BY L.A. PRINTEX'S D. JUNG; PREPARE MOTION FOR SUMMARY JUDGMENT, INCLUDING POINTS AND AUTHORITIES AND WET SEAL DECLARATION. | 8.70 | 2,523.00 |
| | SPS | REVIEW AND REVISE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DECLARATIONS. | 3.30 | 1,270.50 |
| 03/24/2011 | ANC | REVIEW AND ANALYZE DRAFT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; REVISE SAME; PREPARE DECLARATION OF S. SHAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; REVIEW AND ANALYZE VOLUMES 1 THROUGH 14 OF CHINESE TEXTILE PATTERNS REGARDING SIMILAR ANIMAL PRINT PATTERNS FOR SUPPORTING EXHIBITS TO S. SHAW DECLARATION; RESEARCH AND ANALYSIS REGARDING DESIGN COMPARISONS AND ANIMAL PRINT PATTERNS; COMPILE IMAGES OF SAME FOR MOTION FOR SUMMARY JUDGMENT SUPPORTING EXHIBITS. | 7.30 | 1,387.00 |
| | MEV | MEET WITH COPYRIGHT OFFICE TO REQUEST LITIGATION STATEMENT AND CERTIFICATION OF MATERIALS. | 2.00 | 770.00 |
| | ALR | PREPARE MOTION FOR SUMMARY JUDGMENT, INCLUDING POINTS AND AUTHORITIES, CALL BOX DECLARATION, AND WET SEAL DECLARATION; REVIEW AND ANALYSIS OF CO-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT | 6.20 | 1,798.00 |
| | SPS | PREPARE FOR AND ATTEND DEPOSITION OF PLAINTIFF'S WITNESS J. NAH. | 4.80 | 1,848.00 |
| 03/25/2011 | ANC | REVIEW AND ANALYZE DECLARATION OF WET SEAL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND PREPARE SUPPORTING EXHIBITS; REVIEW AND ANALYZE DECLARATION OF F. KIM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND PREPARE SUPPORTING EXHIBITS; RESEARCH AND ANALYSIS REGARDING ANIMAL PRINT PATTERNS IN THE PUBLIC DOMAIN; COMPILE IMAGES OF SAME FOR DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; PREPARE LETTER TO UNITED STATES PATENT AND TRADEMARK OFFICE REGARDING LITIGATION STATEMENT; PREPARE DECLARATION REGARDING ANIMAL PRINT PATTERNS; PREPARE SUPPORTING EXHIBITS TO SAME. | 7.10 | 1,349.00 |
| | MEV | TELEPHONE CALL FROM COPYRIGHT OFFICE; PREPARE MEMORANDUM TO FILE REGARDING COPYRIGHT OFFICE REQUEST FOR WRITTEN COVER LETTER. | 0.20 | 77.00 |
| | ALR | PREPARE CALL BOX DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND COMMUNICATE WITH DECLARANT REGARDING SAME; PREPARE WET SEAL DECLARATION, POINTS AND AUTHORITIES, AND SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; REVIEW AND ANALYSIS OF PLAINTIFF'S SUPPLEMENTAL DISCOVERY RESPONSES; | 6.10 | 1,769.00 |

```
                                                                    PAGE:  5
THE WET SEAL, INC.                                                03/31/2011
                                                                   1780-05M
                                                    STATEMENT #:     51115
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                            |        |           |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------|-----------|
|            | SPS | COMMUNICATE WITH CLIENT AND CO-COUNSEL REGARDING SUMMARY JUDGMENT STRATEGY; REVISE MOTION.                                                                                                                                                                                                                                                                                                                                                                                                                                                   | 2.00   | 770.00    |
| 03/26/2011 | SPS | RESEARCH AND ANALYZE LAW REGARDING COPYRIGHT OWNERSHIP OF FOREIGN WORKS.                                                                                                                                                                                                                                                                                                                                                                                                                                                                     | 0.50   | 192.50    |
| 03/27/2011 | ALR | LEGAL RESEARCH AND ANALYSIS REGARDING DEVELOPMENT OF DISPOSITIVE ARGUMENTS WITHIN ITALIAN COPYRIGHT LAW AND THE BERNE CONVENTION FOR WORKS ORIGINATING OUTSIDE THE U.S.                                                                                                                                                                                                                                                                                                                                                                       | 1.10   | 319.00    |
| 03/28/2011 | ANC | REVIEW AND ANALYZE VOLUMES 2 THROUGH 14 OF CHINESE TEXTILE PATTERNS REGARDING SIMILAR WET SEAL ANIMAL PATTERNS FOR MOTION FOR SUMMARY JUDGMENT; PREPARE EXHIBITS TO S. SHAW DECLARATION; REVISE A. RENFRO DECLARATION AND FINALIZE SAME; REVISE EXHIBITS TO A. RENFRO DECLARATION AND FINALIZE SAME; EDIT A. CABRIALES DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; REVISE EXHIBITS TO SAME; REVIEW AND ANALYZE PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION RESPONSES AND SUPPLEMENTAL DOCUMENTS PRODUCED; UPDATE DISCOVERY BINDER AND INDEX TO SAME; ANALYSIS AND STRATEGY REGARDING JUDGE WU'S MOTION FOR SUMMARY JUDGMENT FILING PROCEDURES. | 8.00   | 1,520.00  |
|            | ALR | ANALYSIS AND STRATEGY REGARDING MOTION FOR SUMMARY JUDGMENT; PREPARE POINTS AND AUTHORITIES, S. SHAW DECLARATION, A. RENFRO DECLARATION, AND SEPARATE STATEMENT.                                                                                                                                                                                                                                                                                                                                                                              | 7.50   | 2,175.00  |
|            | SPS | PREPARE AND FINALIZE MOTION FOR SUMMARY JUDGMENT, STATEMENT OF UNCONTROVERTED FACTS AND LAW, AND SUPPORTING EVIDENCE.                                                                                                                                                                                                                                                                                                                                                                                                                        | 4.80   | 1,848.00  |
| 03/29/2011 | ANC | REVIEW AND ANALYZE DEFENDANT UNO CLOTHING, INC.'S AND CO-DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; UPDATE CASE CALENDAR REGARDING RELATED DATES AND PREPARE MEMORANDUM REGARDING SAME; REVIEW AND ANALYZE ORDER REGARDING STIPULATION TO EXTEND DISCOVERY CUT-OFF AND UPDATE CASE CALENDAR REGARDING SAME; REVIEW AND ANALYZE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND UPDATE CASE CALENDAR REGARDING SAME.                                                                                                                            | 1.00   | 190.00    |
|            | ALR | REVIEW AND ANALYSIS OF CO-DEFENDANT MOTIONS FOR SUMMARY JUDGMENT; LEGAL RESEARCH AND ANALYSIS REGARDING DEVELOPMENT OF DISPOSITIVE ARGUMENTS WITHIN ITALIAN COPYRIGHT LAW AND THE BERNE CONVENTION FOR WORKS ORIGINATING OUTSIDE THE U.S.                                                                                                                                                                                                                                                                                                      | 0.80   | 232.00    |
| 03/30/2011 | BSD | ANALYZE CASE DOCUMENTS; ORGANIZE AND INDEX SAME FOR ATTORNEYS.                                                                                                                                                                                                                                                                                                                                                                                                                                                                               | 0.40   | 44.00     |
| 03/31/2011 | BSD | ANALYZE CASE DOCUMENTS; ORGANIZE AND INDEX SAME FOR ATTORNEYS.                                                                                                                                                                                                                                                                                                                                                                                                                                                                               | 1.30   | 143.00    |
|            | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND STRATEGY FOR OPPOSING SAME.                                                                                                                                                                                                                                                                                                                                                                                                                                       | 1.50   | 435.00    |
|            |     | CURRENT SERVICES RENDERED                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                   | 128.10 | 35,145.50 |

```
                                                           PAGE:  6
THE WET SEAL, INC.                                      03/31/2011
                                                          1780-05M
                                             STATEMENT #:    51115

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

                              RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 21.80 | $385.00 | $8,393.00 |
| MELINDA EVANS | OF COUNSEL | 2.50 | 385.00 | 962.50 |
| AARON RENFRO | ASSOCIATE | 61.00 | 290.00 | 17,690.00 |
| JOHN T. EGLEY | ASSOCIATE | 1.40 | 310.00 | 434.00 |
| MARIAM A. YUSUF | PARALEGAL | 0.80 | 190.00 | 152.00 |
| ANDREA CABRIALES | PARALEGAL | 38.10 | 190.00 | 7,239.00 |
| BRITTANY DAVISON | PARALEGAL | 2.50 | 110.00 | 275.00 |

```
          PHOTOCOPIES                                         15.60
          PARKING & MILEAGE                                   66.03

          TOTAL EXPENSES                                      81.63

02/08/2011  PROFESSIONAL SERVICES, M. CURRAN                 175.00
02/16/2011  FASHION DESIGN/ PATTERN BOOKS                     28.89
03/01/2011  TRANSCRIPT, DEPOSITION OF D. JUNG                942.00
03/12/2011  FASHION DESIGN/PATTERN BOOK                        2.78
03/24/2011  LITIGATION STATEMENT FEE, LIBRARY OF CONGRESS COPYRIGHT OFFICE   565.55
03/24/2011  TRANSCRIPT, DEPOSITION OF J. NAH                 744.95
03/25/2011  CONFERENCE CALL                                   24.70

          TOTAL DISBURSEMENTS                              2,483.87

          TOTAL CURRENT CHARGES                           37,711.00

          PRIOR BILLS OUTSTANDING                         $6,535.50

04/04/2011  PAYMENT BY CHECK # 553337                      -6,535.50


          BALANCE DUE                                     $37,711.00
```

```
              TIME INDICATED IN HOURS & TENTHS OF HOURS
                   PAYMENT DUE UPON PRESENTATION
            12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
                     FEDERAL TAX ID # 33-0120573
```

CALL & JENSEN
A PROFESSIONAL CORPORATION
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CA 92660
(949) 717-3000


```
                                                                   PAGE:  1
THE WET SEAL, INC.                                              04/30/2011
JULIANNA HALLSTED, ACP                                            1780-05M
ADVANCED CERTIFIED PARALEGAL                       STATEMENT #:      51619
26972 BURBANK
FOOTHILL RANCH  CA  92610



L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

| | | | |
|---|---|---|---:|---:|
| 04/01/2011 ANC | REVIEW AND ANALYZE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES; ANALYSIS AND STRATEGY REGARDING OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT. | 0.90 | 171.00 |
| SPS | REVIEW AND ANALYZE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PREPARE OPPOSITION. | 2.00 | 770.00 |
| 04/02/2011 SPS | PREPARE OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. | 3.50 | 1,347.50 |
| 04/04/2011 ANC | ANALYSIS AND STRATEGY REGARDING OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT; PREPARE DECLARATION OF S. SHAW IN SUPPORT OF OPPOSITION AND PREPARE EXHIBITS TO SAME; REVIEW AND ANALYZE RELEVANT PORTIONS OF DEPOSITION TRANSCRIPTS OF J. NAH AND D. JUNG AND UPDATE OPPOSITION WITH TRANSCRIPT REFERENCES TO SAME. | 9.20 | 1,748.00 |
| MAY | RESEARCH REGARDING CITATIONS. | 0.50 | 95.00 |
| ALR | PREPARE OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ANALYSIS AND STRATEGY REGARDING SAME; PREPARE DECLARATIONS OF A. RENFRO AND M. LOCARNO, OBJECTIONS TO J. NAH DECLARATION, AND OBJECTIONS TO SEPARATE STATEMENT OF UNCONTROVERTED FACTS. | 9.00 | 2,610.00 |
| SPS | PREPARE AND REVISE OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO PLAINTIFF'S EVIDENCE. | 3.30 | 1,270.50 |
| 04/05/2011 ANC | REVIEW AND ANALYZE COMBINED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES; PREPARE MEMORANDUM REGARDING SAME. | 0.50 | 95.00 |
| ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S OPPOSITION TO WET SEAL'S MOTION FOR SUMMARY JUDGMENT AND CO-DEFENDANT BRIEFINGS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; LEGAL RESEARCH REGARDING NEW CASE LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING ITALIAN LAW AND OWNERSHIP ISSUES; ANALYSIS AND STRATEGY REGARDING REPLY BRIEF IN SUPPORT OF WET SEAL'S MOTION FOR SUMMARY JUDGMENT. | 2.90 | 841.00 |

```
                                                          PAGE:  2
THE WET SEAL, INC.                                     04/30/2011
                                                       1780-05M
                                          STATEMENT #:    51619

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 04/06/2011 | ANC | REVIEW AND ANALYZE CERTIFICATE OF REGISTRATION REGARDING PLAINTIFF'S DESIGN FOR PREPARATION OF REPLY TO PLAINTIFF'S OPPOSITION TO WET SEAL'S MOTION FOR SUMMARY JUDGMENT. | 0.20 | 38.00 |
| | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S OPPOSITION TO WET SEAL'S MOTION FOR SUMMARY JUDGMENT AND CO-DEFENDANT BRIEFINGS; DEVELOP LEGAL ANALYSIS, STRUCTURE AND ARGUMENTS FOR REPLY BRIEF. | 4.70 | 1,363.00 |
| 04/07/2011 | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CO-DEFENDANT BRIEFINGS; ADDITIONAL LEGAL RESEARCH OF CASE LAW RAISED IN OPPOSITION BRIEFINGS; PREPARE REPLY BRIEF. | 6.30 | 1,827.00 |
| 04/08/2011 | ANC | REVIEW AND ANALYZE EX PARTE TO CONTINUE PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND REVIEW NOTICE OF RENEWED MOTION FOR SANCTIONS; UPDATE CASE CALENDAR REGARDING RELATED DATES AND DEADLINES; REVIEW AND ANALYZE ORDER SHORTENING TIME REGARDING FASHION CLICK'S MOTION FOR SANCTIONS AND UPDATE CASE CHRONOLOGY REGARDING SAME; PREPARE MEMORANDUM WITH REVISED MOTION DEADLINES. | 1.40 | 266.00 |
| | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CO-DEFENDANT BRIEFINGS; ADDITIONAL LEGAL RESEARCH OF CASE LAW RAISED IN OPPOSITION BRIEFINGS; PREPARE REPLY BRIEF. | 7.00 | 2,030.00 |
| 04/10/2011 | SPS | REVIEW AND EDIT DRAFT REPLY BRIEF. | 0.80 | 308.00 |
| 04/11/2011 | ANC | REVIEW AND ANALYZE REPLY BRIEF IN SUPPORT OF WET SEAL'S MOTION FOR SUMMARY JUDGMENT; REVIEW AND ANALYZE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, IN PREPARATION OF REPLY;  PREPARE CITATIONS TO REPLY BRIEF;  REVIEW AND ANALYZE DEPOSITION TRANSCRIPTS OF D. JUNG AND J. NAH AND PREPARE CITATIONS TO RELEVANT TESTIMONY. | 4.00 | 760.00 |
| | MAY | RESEARCH REGARDING LOCAL RULES. | 0.50 | 95.00 |
| | ALR | PREPARE REPLY BRIEF. | 4.20 | 1,218.00 |
| | SPS | REVIEW AND REVISE REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. | 1.00 | 385.00 |
| 04/12/2011 | ANC | REVIEW AND ANALYZE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT; UPDATE CASE CALENDAR REGARDING SAME. | 0.30 | 57.00 |
| | ALR | REVIEW AND ANALYSIS OF PLAINTIFF'S REPLY BRIEF AND CO-DEFENDANT REPLY BRIEFS IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT. | 0.80 | 232.00 |
| 04/13/2011 | BSD | ANALYZE CASE DOCUMENTS; ORGANIZE AND INDEX SAME FOR ATTORNEYS. | 1.60 | 176.00 |
| | ALR | ANALYSIS AND STRATEGY REGARDING DISPOSITIVE MOTIONS; | | |

```
                                                              PAGE: 3
THE WET SEAL, INC.                                         04/30/2011
                                                            1780-05M
                                            STATEMENT #:     51619
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | PREPARE FOR HEARING ON MOTIONS FOR SUMMARY JUDGMENT; CORRESPONDENCE WITH CLIENT REGARDING DISPOSITIVE MOTIONS. | 1.90 | 551.00 |
|  | SPS | REVIEW AND ANALYZE RULE 16 ISSUES AND PRETRIAL DEADLINES. | 0.50 | 192.50 |
| 04/18/2011 | ANC | REVIEW AND ANALYZE ORDER OF CONTINUANCE OF HEARINGS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; UPDATE CASE CALENDAR REGARDING SAME; PREPARE MEMORANDUM REGARDING REVISED DATES AND DEADLINES. | 0.50 | 95.00 |
|  | ALR | RESEARCH NEW CASE LAW REGARDING STANDING TO CHALLENGE OWNERSHIP OF COPYRIGHTED DESIGNS. | 0.20 | 58.00 |
| 04/19/2011 | MAY | RESEARCH TRIAL RELATED DEADLINES FOR ATTORNEYS. | 0.50 | 95.00 |
|  | ALR | ANALYSIS AND STRATEGY REGARDING PRETRIAL PREPARATION AND FILINGS. | 1.30 | 377.00 |
|  | SPS | REVIEW PRETRIAL DEADLINES, REQUIREMENTS AND EVIDENTIARY ISSUES, AND ANALYZE UPCOMING ISSUES AND ITEMS TO DISCUSS WITH OPPOSING COUNSEL. | 1.30 | 500.50 |
| 04/20/2011 | ANC | REVISE DRAFT JOINT STIPULATION TO CONTINUE TRIAL. | 0.40 | 76.00 |
|  | ALR | PRETRIAL PREPARATION, INCLUDING STRATEGY FOR ADMISSION OF KEY WITNESSES AND EXHIBITS AT TRIAL AND OTHER EVIDENTIARY ISSUES; PREPARE STIPULATION TO CONTINUE TRIAL DATE AND PROPOSED ORDER. | 3.10 | 899.00 |
|  | SPS | PREPARE STIPULATION EXTENDING TRIAL AND RELATED DEADLINES AND CORRESPOND WITH OPPOSING COUNSEL REGARDING SAME. | 0.40 | 154.00 |
| 04/21/2011 | ANC | ANALYSIS REGARDING REVISED TRIAL DATES AND DEADLINES FOR TRIAL CONTINUANCE AND FINAL PRETRIAL CONFERENCE CONTINUANCE; REVISE STIPULATION AND PREPARE DECLARATION OF S. SHAW IN SUPPORT OF TRIAL CONTINUANCE. | 1.40 | 266.00 |
|  | ALR | ANALYSIS AND STRATEGY REGARDING PRETRIAL PREPARATION; PREPARE STIPULATION TO CONTINUE TRIAL DATE AND CORRESPONDENCE WITH ALL COUNSEL REGARDING SAME; CORRESPONDENCE WITH CLIENT REGARDING CASE STATUS AND TRIAL. | 1.10 | 319.00 |
|  | SPS | CONFER WITH OPPOSING COUNSEL AND FINALIZE STIPULATION FOR EXTENSION OF TRIAL DATE. | 0.30 | 115.50 |
| 04/25/2011 | ALR | CORRESPONDENCE WITH ALL COUNSEL REGARDING TRIAL DATES AND RULE 16 CONFERENCE. | 0.20 | 58.00 |
|  | ALR | PREPARE STIPULATION TO EXTEND TRIAL DATE FOR FILING. | 0.30 | 87.00 |
| 04/28/2011 | ALR | ANALYSIS AND STRATEGY REGARDING PRETRIAL PLEADINGS AND DOCUMENTS. | 0.20 | 58.00 |
| 04/30/2011 | ALR | LOCATE ITALIAN TRANSLATOR TO TRANSLATE ITALIAN COPYRIGHT |  |  |

```
                                                              PAGE:  4
THE WET SEAL, INC.                                         04/30/2011
                                                            1780-05M
                                                STATEMENT #:   51619
L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05
```

```
            ACT FOR PURPOSES OF MOTION FOR SUMMARY JUDGMENT.       0.20     58.00
            CURRENT SERVICES RENDERED                             78.40 21,662.50
```

### RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 13.10 | $385.00 | $5,043.50 |
| AARON RENFRO | ASSOCIATE | 43.40 | 290.00 | 12,586.00 |
| MARIAM A. YUSUF | PARALEGAL | 1.50 | 190.00 | 285.00 |
| ANDREA CABRIALES | PARALEGAL | 18.80 | 190.00 | 3,572.00 |
| BRITTANY DAVISON | PARALEGAL | 1.60 | 110.00 | 176.00 |

```
03/28/2011   COURIER SERVICES, UNITED STATES DISTRICT COURT              48.23
04/05/2011   COURIER SERVICES, UNITED STATES DISTRICT COURT             165.75
04/05/2011   COURIER SERVICES, UNITED STATES DISTRICT COURT             212.50
04/12/2011   COURIER SERVICES, UNITED STATES DISTRICT COURT              27.50
04/25/2011   COURIER SERVICES, UNITED STATES DISTRICT COURT              78.75
             TOTAL DISBURSEMENTS                                        532.73

             TOTAL CURRENT CHARGES                                   22,195.23

             PREVIOUS BALANCE BEFORE ADJUSTMENTS                    $37,711.00

04/30/2011   CREDIT AGAINST MARCH STATEMENT, PER CLIENT REQUEST      -1,500.00

             PRIOR BILLS OUTSTANDING                                $36,211.00

05/09/2011   PAYMENT BY CHECK # 553607                             -37,711.00

             BALANCE DUE                                            $20,695.23
```

**CALL & JENSEN**
**A PROFESSIONAL CORPORATION**
**610 NEWPORT CENTER DRIVE, SUITE 700**
**NEWPORT BEACH, CA 92660**
**(949) 717-3000**

|  |  |
|---|---|
| | PAGE: 1 |
| THE WET SEAL, INC. | 05/31/2011 |
| JULIANNA HALLSTED, ACP | 1780-05M |
| ADVANCED CERTIFIED PARALEGAL | STATEMENT #:          1 |
| 26972 BURBANK | |
| FOOTHILL RANCH  CA  92610 | |

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05                                    DRAFT STATEMENT

**05/02/2011**
   ANC   REVIEW JUDGE WU'S ORDER GRANTING CONTINUANCE
      OF TRIAL AND RELATED DEADLINES; UPDATE CASE
      CALENDAR WITH REVISED TRIAL DATES AND
      DEADLINES AND PREPARE MEMORANDUM
      REGARDING SAME.                                1.30      247.00      328

   ALR   INVESTIGATE PROVISIONS OF ITALIAN COPYRIGHT ACT
      NEEDING CERTIFIED TRANSLATION FOR PURPOSES OF
      DISPOSITIVE MOTIONS.                            0.30       87.00      333

   SPS   ANALYZE EVIDENTIARY ISSUES REGARDING MOTION
      FOR SUMMARY JUDGMENT.                           0.40      154.00      345

**05/03/2011**
   ALR   PLAN AND PREPARE FOR TRANSLATION OF RELEVANT
      PORTIONS OF ITALIAN COPYRIGHT ACT; PREPARE
      NOTICE OF LODGING ITALIAN COPYRIGHT ACT AND
      CERTIFIED TRANSLATION OF EXCERPTS; RESEARCH
      AND ANALYSIS OF EUROPEAN AND BERNE
      CONVENTION RULES OF COPYRIGHT ISSUES,
      INCLUDING OWNERSHIP, WORK-MADE FOR HIRE, AND
      OTHER ISSUES RELEVANT TO TRANSFER AND
      PROTECTION OF COPYRIGHTED WORKS.               1.20      348.00      334

   SPS   STRATEGIZE FOR SUMMARY JUDGMENT HEARING AND
      REVIEW TRANSLATION OF EVIDENCE OF ITALIAN LAW.  0.50      192.50      346

**05/04/2011**
   ALR   PREPARE NOTICE OF LODGING OF ITALIAN COPYRIGHT
      ACT IN SUPPORT OF MOTION FOR SUMMARY
      JUDGMENT FOR FILING; REVIEW AND ANALYSIS OF D.
      JUNG'S ERRATA SHEET AND CORRECTIONS TO
      DEPOSITION TESTIMONY; REVIEW AND ANALYSIS OF
      RECENT JURY INSTRUCTIONS APPROVED IN CENTRAL
      DISTRICT RELATING TO COPYRIGHT INFRINGEMENT
      CASES IN PREPARATION FOR TRIAL DOCUMENTS.      0.90      261.00      335

   SPS   REVISE FILING FOR NOTICE OF ITALIAN LAW IN
      SUPPORT OF SUMMARY JUDGMENT MOTION.            0.30      115.50      347

**05/09/2011**
   ALR   COMMUNICATE WITH CO-DEFENDANTS REGARDING
      SETTLEMENT ISSUES.                             0.10       29.00      336

**05/10/2011**
   ALR   COMMUNICATE WITH CO-DEFENDANTS REGARDING

PAGE: 2
05/31/2011
1780-05M
STATEMENT #: 1

THE WET SEAL, INC.

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05

|  |  |  |  |  |
|---|---|---|---|---|
|  | SETTLEMENT STATUS. | 0.20 | 58.00 | 337 |
| SPS | PREPARE FOR HEARING ON SUMMARY JUDGMENT. | 0.30 | 115.50 | 348 |
| **05/11/2011** |  |  |  |  |
| ALR | ANALYSIS AND STRATEGY REGARDING SETTLEMENT ALTERNATIVES; REVIEW AND ANALYZE PLAINTIFF'S STIPULATION OF DISMISSAL. | 0.40 | 116.00 | 338 |
| SPS | ANALYSIS REGARDING SETTLEMENT OF OTHER PARTIES AND PREPARE FOR HEARING ON SUMMARY JUDGMENT MOTION. | 2.00 | 770.00 | 349 |
| **05/12/2011** |  |  |  |  |
| ANC | REVIEW AND ANALYZE ORDER ON DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT; UPDATE CASE CHRONOLOGY REGARDING SAME. | 0.40 | 76.00 | 331 |
| ALR | REVIEW AND ANALYZE TENTATIVE RULING ON MOTION FOR SUMMARY JUDGMENT; ANALYSIS AND STRATEGY REGARDING RECOVERY OF ATTORNEYS' FEES AND OBTAINING JUDGMENT. | 1.00 | 290.00 | 339 |
| SPS | PREPARE FOR AND ATTEND HEARING ON SUMMARY JUDGMENT. | 5.40 | 2,079.00 | 350 |
| **05/16/2011** |  |  |  |  |
| SRP | REVIEW AND ANALYZE PLAINTIFF'S EX PARTE APPLICATION AND COURT'S TENTATIVE ORDER GRANTING CLIENT'S MOTION FOR SUMMARY JUDGMENT; PREPARE OPPOSITION TO APPLICATION. | 4.20 | 1,218.00 | 327 |
| ANC | REVIEW AND ANALYZE JUDGE WU'S TENTATIVE RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; PREPARE CORRESPONDENCE TO CLERK J. GONZALEZ REGARDING STATUS OF FINAL ORDER AND PREPARE MEMORANDUM REGARDING SAME. | 0.40 | 76.00 | 330 |
| ALR | ANALYSIS AND STRATEGY REGARDING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE NEW EVIDENCE. | 0.50 | 145.00 | 340 |
| SPS | REVIEW STIPULATION WITH OPPOSING COUNSEL AND MEET AND CONFER REGARDING ATTORNEYS' FEE MOTION; REVIEW EX PARTE APPLICATION FROM PLAINTIFF AND ANALYZE ARGUMENTS FOR OPPOSITION; REVIEW DRAFT. | 1.90 | 731.50 | 351 |
| **05/17/2011** |  |  |  |  |
| SGB | REVISE OPPOSITION TO EX PARTE MOTION. | 1.50 | 405.00 | 324 |
| ANC | REVIEW PLAINTIFF'S EX PARTE REGARDING EXHIBITS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; UPDATE CASE CALENDAR REGARDING RELATED DEADLINES; REVIEW OPPOSITION TO PLAINTIFF'S EX PARTE AND UPDATE CASE CALENDAR REGARDING SAME. | 0.50 | 95.00 | 329 |

|  |  | PAGE: 3 |
|---|---|---|
| THE WET SEAL, INC. |  | 05/31/2011 |
|  |  | 1780-05M |
|  | STATEMENT #: | 1 |

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05

| | | | | | |
|---|---|---|---|---|---|
| | ALR | PREPARE WET SEAL'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER GRANTING LEAVE FOR MANUAL FILING. | 0.70 | 203.00 | 341 |
| 05/18/2011 | ANC | REVIEW AND ANALYZE FASHION CLICK'S MOTION IN LIMINE NO. 1; UPDATE CASE CALENDAR REGARDING RELATED MOTION HEARING DATES; REVIEW AND ANALYZE PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 AND 2 AND FASHION CLICK'S MOTION IN LIMINE NO. 1, AND UPDATE TRIAL BINDER AND INDEX. | 0.60 | 114.00 | 332 |
| | ALR | REVIEW AND ANALYZE PLAINTIFF'S MOTIONS IN LIMINE. | 0.30 | 87.00 | 342 |
| 05/19/2011 | BSD | ANALYZE CASE DOCUMENTS; ORGANIZE AND INDEX SAME FOR ATTORNEYS. | 0.60 | 66.00 | 326 |
| | ALR | ANALYZE LITIGATION STRATEGY FOLLOWING TENTATIVE RULING ON MOTION FOR SUMMARY JUDGMENT. | 0.20 | 58.00 | 343 |
| 05/31/2011 | ANC | REVIEW AND ANALYZE ORDER PRECLUDING EVIDENCE, ARGUMENT, AND TESTIMONY REGARDING PRIOR LAWSUITS, IN PREPARATION FOR TRIAL. | 0.40 | 76.00 | 325 |
| | ALR | REVIEW AND ANALYZE ORDER REGARDING STIPULATION TO PRECLUDE ALL PARTIES FROM OFFERING EVIDENCE OF PRIOR LAWSUITS; ANALYSIS AND STRATEGY REGARDING PREPARATION OF PRETRIAL DOCUMENTS AND COMMUNICATE WITH CO-DEFENDANTS REGARDING SAME; PREPARE MEMORANDUM OF FACTS AND LAW. | 1.00 | 290.00 | 344 |
| | SPS | ANALYSIS REGARDING PRETRIAL OBLIGATIONS AND FILINGS. | 0.80 | 308.00 | 355 |
| | | CURRENT SERVICES RENDERED | 28.30 | 8,811.00 | |

RECAPITULATION

| TIMEKEEPER | TITLE | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| SCOTT P. SHAW | SHAREHOLDER | 11.60 | $385.00 | $4,466.00 |
| AARON RENFRO | ASSOCIATE | 6.80 | 290.00 | 1,972.00 |
| SHANEN R. PROUT | ASSOCIATE | 4.20 | 290.00 | 1,218.00 |
| SAM BROOKS | ASSOCIATE | 1.50 | 270.00 | 405.00 |
| ANDREA CABRIALES | PARALEGAL | 3.60 | 190.00 | 684.00 |
| BRITTANY DAVISON | PARALEGAL | 0.60 | 110.00 | 66.00 |

| | | |
|---|---|---|
| PARKING & MILEAGE | 58.18 | |
| TOTAL EXPENSES | 58.18 | |

| | | | |
|---|---|---|---|
| 04/19/2011 | ONLINE LEGAL RESEARCH | 215.13 | 33 |
| 05/03/2011 | TRANSLATION SERVICES OF, ITALIAN COPYRIGHT LAW ARTICLES | 215.67 | 30 |
| 05/04/2011 | COURIER SERVICES, UNITED STATES DISTRICT COURT | 48.23 | 36 |
| 05/18/2011 | COURIER SERVICES, UNITED STATES DISTRICT COURT | 19.95 | 34 |
| | TOTAL DISBURSEMENTS | 498.98 | |

PAGE: 4
05/31/2011
1780-05M

THE WET SEAL, INC.

STATEMENT #:          1

L.A. PRINTEX V. CSI INDUSTRIES
C&J MATTER WET01-05

| | | | |
|---|---|---|---|
| | TOTAL CURRENT CHARGES | 9,368.16 | |
| | PRIOR BILLS OUTSTANDING | $20,695.23 | |
| 06/06/2011 | PAYMENT BY CHECK # 553814 | -20,695.23 | 15 |
| | BALANCE DUE | $9,368.16 | |

TIME INDICATED IN HOURS & TENTHS OF HOURS
PAYMENT DUE UPON PRESENTATION
12% INTEREST IF PAYMENT NOT RECEIVED WITHIN 20 DAYS
FEDERAL TAX ID # 33-0120573

# EXHIBIT E

RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey

# SURVEY INTRODUCTION AND METHODOLOGY

## INTRODUCTION

This year's survey contains information from 174 Southern California law firm participants which includes 8,195 attorneys and 8,295 non-attorney staff.

Of the 174 participating firms, 86 of them range from 1 to 25 attorneys, 58 range from 26 to 75 attorneys and 30 firms have 76 or more attorneys. The geographical dispersion of the participating firms is as follows:

> 54 firms from downtown Los Angeles and mid-Wilshire area
> 48 firms from Beverly Hills, Century City, Westwood and related areas
> 17 firms from Santa Monica, West Los Angeles, Marina del Rey and related areas
> 12 firms from Pasadena, Glendale, Burbank, Universal City, the San Fernando Valley
> and related areas
> 41 firms from Orange County
> 2 firms from other locations

Base salary and bonus data were collected for 86 full-time and 28 part-time position categories.

## SURVEY CONFIDENTIALITY

Numerous security procedures and controls are in place to safeguard and protect the confidentiality of the participating Firms and the reported data.

Your completed survey data was sent directly to RBZ, LLP for tabulation and summarization. All data is sent electronically to a secure site. Only two individuals within our firm have access to this information. All individual firm data is strictly confidential and will not be disclosed or distributed to any party by RBZ, LLP.

## SURVEY RESULTS

Survey results are available to both survey participants and non-participants. Non-participants may purchase the survey results from:

> RBZ, LLP
> Suite 900
> 11755 Wilshire Blvd.
> Los Angeles, California 90025

If you have any questions, please contact David Roberts or Catherine Aldrich at 310-478-4148.

**EXHIBIT E**

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited



RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey

---

### SURVEY METHODOLOGY AND ANALYSIS

The codes used in the Survey for **FIRM SIZE** are as follows:

| CODE | FIRM SIZE |
|------|-----------|
| A | 1 to 7 attorneys |
| B | 8 to 15 attorneys |
| C | 16 to 25 attorneys |
| D | 26 to 35 attorneys |
| E | 36 to 50 attorneys |
| F | 51 to 75 attorneys |
| G | 76 to 150 attorneys |
| H | 151 or more attorneys |

The codes used in the Survey for **GEOGRAPHICAL LOCATION** are as follows:

| CODE | LOCATION |
|------|----------|
| 1 | Downtown Los Angeles and mid-Wilshire area |
| 2 | Beverly Hills, Century City, Westwood and related areas |
| 3 | Santa Monica, West Los Angeles, Marina del Rey and related areas |
| 4 | Pasadena, Glendale, Burbank, Universal City, the San Fernando Valley and related areas |
| 5 | Orange County |
| 6 | Other locations |

Within the compensation categories, the total number of firms by size will equal the All Firms number.  In the Location section, the total firms in all locations usually will not equal the All Firms number because each participating firm may have multiple salary locations or branches.

### SECTION II – GENERAL QUESTIONS

This section reports the responses on the general questions regarding firm data.  Data in this section is reported by the number of firms responding.  Since all participants did not respond to each question, the analyses are reported only for those firms responding.  Thus, many totals will be less than the total number of firms participating in this year's Survey.

### SECTION III – ATTORNEYS – Compensation, Billing Rates, and Billable Hours

This section reports the responses on base salary, bonuses, billing rates and billable hours for partners and associates.  The salaries reported were those in effect on July 1, 2010, and bonuses reported were the last bonuses paid prior to July 1, 2010.  The categories of the analyses in this section (and also in Sections IV through VI), are as follows:

---



Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited

**RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey**

**Average** – The total of all base salaries/bonuses/total compensation reported divided by the number of base salaries/bonuses/total compensation reported.

**10th Percentile** – The value that has 10% of the reported base salaries/bonuses/total compensation values below it.

**25th Percentile** – The value that has 25% of the reported base salaries/bonuses/total compensation values below it.

**Median** – The value where there is an equal number of reported base salaries/bonuses/total compensation both above and below the value.

**75th Percentile** – The value that has 75% of the reported base salaries/bonuses/total compensation values below it.

**90th Percentile** – The value that has 90% of the reported base salaries/bonuses/total compensation values below it.

For certain position categories, a small number of incumbents and corresponding salary data were reported for various firm sizes or locations. In order to maintain the confidentiality of individual data, certain statistical information was omitted based upon the number of incumbents reported. The omitted information is noted by an asterisk (*) in the statistical data.

## SECTION IV – DIRECT NON-ATTORNEY BILLER COMPENSATION

This section reports the responses on base salary and bonuses (plus billable hours for legal assistants) for the 16 full-time non-attorney billable positions covered by the Survey. The salaries reported were those in effect on July 1, 2010, and bonuses reported were the last bonuses paid prior to July 1, 2010. The categories of the analyses in this section are the same as described above for attorneys.

## SECTION V – DIRECT COMPENSATION – STAFF

This section reports the responses on base salary and bonuses for the 66 full-time non-billable staff positions covered by the Survey. The salaries reported were those in effect on July 1, 2010, and bonuses reported were the last bonuses paid prior to July 1, 2010. The categories of the analyses in this section are the same as described above for attorneys.

## SECTION VI – PART-TIME STAFF

This section reports the responses on base salary (hourly compensation) and billing rate (if applicable) for the 28 part-time staff positions covered by the Survey. The salaries reported were those in effect on July 1, 2010, and bonuses reported were the last bonuses paid prior to July 1, 2010.

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited



**RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey**

## 1 - Equity Partners/Shareholders
### Billing Rates

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| All Firms | 115 | 1,038 | 501 | 274 | 395 | 495 | 605 | 735 |
| Size A | 12 | 29 | 397 | 185 | 350 | 395 | 520 | 562 |
| Size B | 34 | 144 | 435 | 285 | 348 | 413 | 515 | 600 |
| Size C | 22 | 132 | 462 | 300 | 385 | 460 | 525 | 623 |
| Size D | 15 | 151 | 489 | 310 | 423 | 490 | 593 | 665 |
| Size E | 17 | 249 | 482 | 230 | 395 | 485 | 570 | 698 |
| Size F | 4 | 45 | 525 | 225 | 385 | 495 | 745 | 806 |
| Size G | 9 | 206 | 508 | 275 | 406 | 525 | 620 | 700 |
| Size H | 2 | 82 | 769 | 670 | 715 | 755 | 835 | 875 |
| Location 1 | 32 | 376 | 499 | 293 | 395 | 480 | 576 | 765 |
| Location 2 | 30 | 259 | 594 | 425 | 500 | 595 | 708 | 750 |
| Location 3 | 11 | 113 | 487 | 231 | 425 | 500 | 595 | 645 |
| Location 4 | 12 | 79 | 451 | 285 | 390 | 460 | 538 | 595 |
| Location 5 | 28 | 201 | 420 | 190 | 300 | 415 | 495 | 670 |
| Location 6 | 2 | 10 | 385 | 348 | 356 | 395 | 399 | 422 |
| Headquarters office | 94 | 847 | 471 | 241 | 385 | 470 | 565 | 680 |
| Branch office | 21 | 191 | 635 | 470 | 550 | 650 | 728 | 785 |

## 1 - Equity Partners/Shareholders
### Billable Hours

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| All Firms | 107 | 982 | 1,661 | 1,051 | 1,372 | 1,666 | 1,942 | 2,198 |
| Size A | 12 | 29 | 1,722 | 1,146 | 1,404 | 1,592 | 2,011 | 2,415 |
| Size B | 31 | 116 | 1,632 | 1,043 | 1,334 | 1,644 | 1,894 | 2,178 |
| Size C | 20 | 126 | 1,593 | 975 | 1,287 | 1,578 | 1,928 | 2,198 |
| Size D | 14 | 140 | 1,664 | 1,025 | 1,329 | 1,664 | 1,947 | 2,237 |
| Size E | 16 | 230 | 1,613 | 1,095 | 1,360 | 1,614 | 1,855 | 2,115 |
| Size F | 4 | 44 | 1,701 | 1,229 | 1,500 | 1,695 | 1,981 | 2,077 |
| Size G | 8 | 218 | 1,750 | 1,156 | 1,512 | 1,779 | 2,012 | 2,220 |
| Size H | 2 | 79 | 1,654 | 956 | 1,361 | 1,763 | 1,992 | 2,196 |
| Location 1 | 30 | 363 | 1,703 | 1,081 | 1,407 | 1,690 | 1,981 | 2,247 |
| Location 2 | 26 | 233 | 1,573 | 945 | 1,302 | 1,616 | 1,861 | 2,115 |
| Location 3 | 11 | 110 | 1,601 | 1,093 | 1,322 | 1,618 | 1,832 | 2,067 |
| Location 4 | 12 | 77 | 1,696 | 1,240 | 1,441 | 1,605 | 1,873 | 2,252 |
| Location 5 | 26 | 189 | 1,709 | 1,085 | 1,375 | 1,740 | 2,027 | 2,307 |
| Location 6 | 2 | 10 | 1,654 | 1,122 | 1,619 | 1,759 | 1,849 | 1,915 |
| Headquarters office | 89 | 828 | 1,666 | 1,050 | 1,378 | 1,668 | 1,940 | 2,207 |
| Branch office | 18 | 154 | 1,632 | 1,064 | 1,342 | 1,629 | 1,947 | 2,144 |

**rbz**

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited

**RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey**

## 1 - Equity Partners/Shareholders

**Billing rates by class year**

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| 2004 and Later | 1 | 1 | * | * | * | * | * | * |
| 2003 | 2 | 2 | 310 | * | * | * | * | * |
| 2002 | 1 | 1 | * | * | * | * | * | * |
| 2001 | 5 | 5 | 409 | 309 | 375 | 385 | 495 | 513 |
| 2000 | 5 | 10 | 489 | 385 | 385 | 415 | 511 | 756 |
| 1999 | 12 | 16 | 407 | 243 | 315 | 408 | 469 | 538 |
| 1998 | 15 | 19 | 431 | 256 | 348 | 450 | 510 | 534 |
| 1997 | 12 | 20 | 456 | 350 | 400 | 443 | 521 | 541 |
| 1996 | 22 | 31 | 502 | 360 | 413 | 485 | 550 | 755 |
| 1995 | 17 | 22 | 484 | 199 | 285 | 513 | 598 | 825 |
| 1994 | 18 | 26 | 420 | 183 | 281 | 468 | 508 | 668 |
| 1993 | 23 | 30 | 481 | 248 | 350 | 450 | 598 | 712 |
| 1992 | 28 | 36 | 466 | 285 | 371 | 450 | 565 | 613 |
| 1991 | 29 | 39 | 523 | 342 | 475 | 525 | 633 | 725 |
| 1990 | 22 | 29 | 513 | 307 | 395 | 525 | 600 | 717 |
| 1989 | 24 | 30 | 508 | 217 | 378 | 500 | 670 | 772 |
| 1988 | 26 | 37 | 461 | 216 | 350 | 450 | 595 | 682 |
| 1987 | 24 | 29 | 484 | 199 | 395 | 500 | 595 | 707 |
| 1986 | 23 | 31 | 487 | 193 | 395 | 495 | 608 | 745 |
| 1985 | 27 | 34 | 495 | 257 | 414 | 528 | 575 | 650 |
| 1984 | 26 | 32 | 545 | 353 | 395 | 515 | 684 | 823 |
| Before 1984 or Unspecified | 103 | 557 | 518 | 325 | 415 | 500 | 625 | 735 |

## 1 - Equity Partners/Shareholders

**Billing rates by practice area**

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| No type over 70% | 2 | 2 | 560 | * | * | * | * | * |
| Bankruptcy Law | 13 | 28 | 541 | 425 | 494 | 535 | 601 | 633 |
| Corp/Tax/RE | 51 | 214 | 572 | 410 | 451 | 538 | 699 | 792 |
| Entertainment | 6 | 16 | 575 | 505 | 515 | 550 | 606 | 675 |
| Environmental | 4 | 4 | 580 | 481 | * | * | * | * |
| Family Law | 6 | 13 | 575 | 500 | 500 | 600 | 625 | 625 |
| General Business | 10 | 26 | 345 | 280 | 285 | 293 | 389 | 483 |
| Insurance Defense | 15 | 32 | 234 | 150 | 154 | 175 | 194 | 325 |
| Labor/Employment | 26 | 78 | 509 | 350 | 420 | 475 | 570 | 755 |
| Litigation | 81 | 404 | 487 | 300 | 385 | 475 | 595 | 715 |
| Municipal | 3 | 17 | 208 | 172 | 186 | 193 | 230 | 268 |
| Patent/Intel Prop | 17 | 54 | 527 | 407 | 435 | 505 | 594 | 677 |
| Plaintiff | 1 | 2 | * | * | * | * | * | * |
| Trust, Estate & Probate | 17 | 36 | 497 | 390 | 419 | 488 | 551 | 625 |
| Workers Comp | 2 | 3 | 170 | * | * | * | * | * |
| Other | 16 | 109 | 535 | 250 | 400 | 565 | 670 | 753 |

Note:   The number of firms may exceed the total number of firms participating as various firms may be represented in more than one practice area.

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited



**RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey**

## 3 - Associates — Billing rates

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| All Firms | 130 | 1,812 | 321 | 171 | 225 | 310 | 400 | 480 |
| Size A | 10 | 38 | 264 | 165 | 185 | 265 | 325 | 392 |
| Size B | 33 | 158 | 310 | 166 | 250 | 310 | 360 | 431 |
| Size C | 26 | 210 | 285 | 155 | 200 | 295 | 350 | 400 |
| Size D | 18 | 209 | 319 | 188 | 240 | 295 | 400 | 467 |
| Size E | 18 | 307 | 295 | 150 | 180 | 278 | 373 | 482 |
| Size F | 9 | 166 | 319 | 175 | 253 | 310 | 375 | 455 |
| Size G | 12 | 451 | 325 | 175 | 250 | 320 | 410 | 475 |
| Size H | 4 | 273 | 386 | 180 | 250 | 395 | 485 | 605 |
| Location 1 | 37 | 738 | 331 | 175 | 220 | 318 | 415 | 495 |
| Location 2 | 34 | 373 | 377 | 275 | 310 | 360 | 450 | 500 |
| Location 3 | 14 | 165 | 282 | 150 | 180 | 290 | 360 | 410 |
| Location 4 | 12 | 107 | 284 | 150 | 155 | 285 | 335 | 400 |
| Location 5 | 32 | 423 | 278 | 165 | 190 | 260 | 325 | 420 |
| Location 6 | 1 | 6 | * | * | * | * | * | * |
| Headquarters office | 97 | 1,385 | 299 | 160 | 195 | 290 | 375 | 450 |
| Branch office | 33 | 427 | 390 | 273 | 315 | 380 | 465 | 522 |

## 3 - Associates — Billing rates by practice area

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| No type over 70% | 4 | 9 | 358 | 253 | 300 | 385 | 420 | 462 |
| Bankruptcy Law | 14 | 32 | 355 | 250 | 298 | 363 | 395 | 458 |
| Corp/Tax/RE | 50 | 257 | 396 | 260 | 310 | 395 | 475 | 544 |
| Entertainment | 8 | 23 | 350 | 275 | 288 | 330 | 410 | 450 |
| Environmental | 6 | 8 | 406 | 333 | 355 | 380 | 449 | 508 |
| Family Law | 6 | 22 | 334 | 254 | 318 | 330 | 371 | 399 |
| General Business | 13 | 40 | 262 | 180 | 198 | 255 | 285 | 352 |
| Insurance Defense | 15 | 142 | 170 | 146 | 150 | 155 | 172 | 225 |
| Labor/Employment | 26 | 118 | 348 | 180 | 245 | 328 | 425 | 573 |
| Litigation | 99 | 773 | 330 | 186 | 255 | 320 | 400 | 470 |
| Municipal | 5 | 35 | 229 | 184 | 192 | 200 | 248 | 334 |
| Patent/Intel Prop | 17 | 62 | 356 | 235 | 285 | 348 | 410 | 510 |
| Plaintiff | 1 | 1 | * | * | * | * | * | * |
| Trust, Estate & Probate | 17 | 49 | 329 | 190 | 275 | 325 | 375 | 500 |
| Workers Comp | 5 | 34 | 175 | 138 | 150 | 155 | 180 | 220 |
| Other | 22 | 185 | 296 | 175 | 180 | 275 | 370 | 455 |

Note: The number of firms may exceed the total number of firms participating as various firms may be represented in more than one practice area.

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited



RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey

## 12 - Legal Assistant - (Non Exempt) - Super Senior - 20+ Years          Billing Rates

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| All Firms | 68 | 174 | 206 | 122 | 175 | 210 | 235 | 280 |
| Size A | 4 | 6 | 181 | 125 | 143 | 195 | 214 | 223 |
| Size B | 8 | 9 | 178 | 119 | 125 | 165 | 220 | 237 |
| Size C | 14 | 24 | 186 | 138 | 155 | 193 | 200 | 230 |
| Size D | 8 | 15 | 163 | 120 | 155 | 175 | 188 | 190 |
| Size E | 10 | 26 | 229 | 175 | 180 | 225 | 284 | 303 |
| Size F | 8 | 29 | 231 | 200 | 210 | 230 | 240 | 264 |
| Size G | 11 | 47 | 209 | 109 | 178 | 215 | 235 | 281 |
| Size H | 5 | 18 | 206 | 95 | 198 | 230 | 244 | 265 |
| Location 1 | 20 | 57 | 184 | 95 | 155 | 195 | 225 | 250 |
| Location 2 | 17 | 42 | 247 | 197 | 225 | 240 | 280 | 305 |
| Location 3 | 8 | 23 | 213 | 186 | 195 | 215 | 223 | 284 |
| Location 4 | 4 | 7 | 211 | 186 | 210 | 220 | 223 | 227 |
| Location 5 | 18 | 43 | 193 | 127 | 153 | 190 | 225 | 243 |
| Location 6 | 1 | 2 | * | * | * | * | * | * |
| Litigation | 45 | 79 | 192 | 124 | 170 | 195 | 220 | 241 |
| Transactional | 23 | 38 | 226 | 152 | 211 | 230 | 254 | 280 |
| Insurance Defense-Litigation | 4 | 4 | 145 | 81 | * | 103 | * | 243 |
| Intellectual Property | 7 | 9 | 184 | 92 | 185 | 200 | 235 | 235 |
| Other | 19 | 37 | 221 | 130 | 180 | 215 | 285 | 320 |
| Did not specify practice area | * | * | * | * | * | * | * | * |
| Headquarters office | 50 | 126 | 197 | 113 | 158 | 203 | 230 | 263 |
| Branch office | 18 | 48 | 229 | 175 | 194 | 233 | 250 | 295 |

**Note on Location:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one location.

**Note on Practice Area:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one practice area.

| Code | Firm Size | Code | Location |
|---|---|---|---|
| A | 1 - 7 attorneys | 1 | Downtown, Los Angeles and mid-Wilshire area |
| B | 8 - 15 attorneys | 2 | Beverly Hills, Century City, Westwood and related areas |
| C | 16 - 25 attorneys | 3 | Santa Monica, West Los Angeles, Marina del Rey and related areas |
| D | 26 - 35 attorneys | 4 | Pasadena, Glendale, Burbank, Universal City, San Fernando Valley |
| E | 36 - 50 attorneys | | and related areas |
| F | 51 - 75 attorneys | 5 | Orange County |
| G | 76 - 150 attorneys | 6 | Other locations |
| H | 151 or more attorneys | | |

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited



**RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey**

---

### 13 - Legal Assistant - (Non Exempt) - Senior - 11 to 20 Years          Billing Rates

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| All Firms | 70 | 219 | 196 | 104 | 150 | 195 | 235 | 275 |
| Size A | 4 | 7 | 146 | 95 | 123 | 150 | 165 | 181 |
| Size B | 8 | 12 | 177 | 141 | 150 | 165 | 203 | 225 |
| Size C | 12 | 20 | 172 | 115 | 150 | 178 | 190 | 220 |
| Size D | 9 | 20 | 183 | 140 | 163 | 185 | 206 | 221 |
| Size E | 11 | 23 | 198 | 105 | 158 | 195 | 253 | 281 |
| Size F | 7 | 22 | 219 | 150 | 188 | 213 | 255 | 294 |
| Size G | 14 | 69 | 206 | 120 | 150 | 215 | 260 | 285 |
| Size H | 5 | 46 | 195 | 95 | 176 | 200 | 235 | 278 |
| Location 1 | 27 | 110 | 183 | 95 | 140 | 188 | 225 | 270 |
| Location 2 | 16 | 42 | 243 | 185 | 209 | 240 | 280 | 300 |
| Location 3 | 8 | 22 | 207 | 166 | 185 | 213 | 231 | 250 |
| Location 4 | 3 | 6 | 193 | 165 | 173 | 195 | 214 | 220 |
| Location 5 | 16 | 39 | 175 | 105 | 145 | 150 | 210 | 235 |
| Location 6 | * | * | * | * | * | * | * | * |
| Litigation | 52 | 122 | 191 | 125 | 150 | 190 | 225 | 265 |
| Transactional | 12 | 18 | 225 | 181 | 200 | 215 | 248 | 284 |
| Insurance Defense-Litigation | 3 | 5 | 93 | 89 | 95 | 95 | 95 | 95 |
| Intellectual Property | 10 | 20 | 228 | 173 | 219 | 235 | 241 | 275 |
| Other | 21 | 54 | 193 | 95 | 143 | 190 | 255 | 285 |
| Did not specify practice area | * | * | * | * | * | * | * | * |
| Headquarters office | 46 | 147 | 179 | 95 | 150 | 185 | 215 | 246 |
| Branch office | 24 | 72 | 229 | 152 | 190 | 238 | 266 | 285 |

---

**Note on Location:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one location.

**Note on Practice Area:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one practice area.

| Code | Firm Size | Code | Location |
|---|---|---|---|
| A | 1 - 7 attorneys | 1 | Downtown, Los Angeles and mid-Wilshire area |
| B | 8 - 15 attorneys | 2 | Beverly Hills, Century City, Westwood and related areas |
| C | 16 - 25 attorneys | 3 | Santa Monica, West Los Angeles, Marina del Rey and related areas |
| D | 26 - 35 attorneys | 4 | Pasadena, Glendale, Burbank, Universal City, San Fernando Valley and related areas |
| E | 36 - 50 attorneys | | |
| F | 51 - 75 attorneys | 5 | Orange County |
| G | 76 - 150 attorneys | 6 | Other locations |
| H | 151 or more attorneys | | |

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited



RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey

---

## 14 - Legal Assistant - (Non Exempt) - Mid Level - 6 to 10 Years

**Billing Rates**

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| All Firms | 57 | 140 | 180 | 100 | 145 | 190 | 220 | 236 |
| | | | | | | | | |
| Size A | 2 | 2 | 203 | * | * | * | * | * |
| Size B | 8 | 16 | 160 | 93 | 136 | 153 | 213 | 220 |
| Size C | 7 | 8 | 183 | 168 | 179 | 188 | 190 | 193 |
| Size D | 8 | 13 | 176 | 143 | 170 | 170 | 190 | 217 |
| Size E | 10 | 16 | 162 | 85 | 96 | 180 | 199 | 235 |
| Size F | 5 | 8 | 217 | 181 | 208 | 220 | 240 | 257 |
| Size G | 13 | 46 | 189 | 108 | 165 | 200 | 224 | 238 |
| Size H | 4 | 31 | 177 | 95 | 135 | 165 | 228 | 240 |
| | | | | | | | | |
| Location 1 | 18 | 58 | 169 | 99 | 135 | 168 | 205 | 230 |
| Location 2 | 14 | 31 | 204 | 150 | 170 | 210 | 230 | 260 |
| Location 3 | 7 | 18 | 213 | 179 | 196 | 218 | 234 | 242 |
| Location 4 | 3 | 4 | 150 | 110 | * | 145 | * | 194 |
| Location 5 | 14 | 28 | 161 | 85 | 99 | 170 | 210 | 225 |
| Location 6 | 1 | 1 | * | * | * | * | * | * |
| | | | | | | | | |
| Litigation | 39 | 74 | 175 | 100 | 145 | 178 | 220 | 235 |
| Transactional | 11 | 12 | 180 | 116 | 178 | 190 | 205 | 210 |
| Insurance Defense-Litigation | 4 | 5 | 109 | 75 | 75 | 95 | 100 | 160 |
| Intellectual Property | 9 | 16 | 205 | 160 | 200 | 215 | 231 | 235 |
| Other | 14 | 33 | 190 | 100 | 150 | 195 | 230 | 250 |
| Did not specify practice area | * | * | * | * | * | * | * | * |
| | | | | | | | | |
| Headquarters office | 35 | 84 | 162 | 95 | 131 | 155 | 200 | 231 |
| Branch office | 22 | 56 | 207 | 165 | 190 | 213 | 230 | 243 |

**Note on Location:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one location.

**Note on Practice Area:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one practice area.

| Code | Firm Size | Code | Location |
|---|---|---|---|
| A | 1 - 7 attorneys | 1 | Downtown, Los Angeles and mid-Wilshire area |
| B | 8 - 15 attorneys | 2 | Beverly Hills, Century City, Westwood and related areas |
| C | 16 - 25 attorneys | 3 | Santa Monica, West Los Angeles, Marina del Rey and related areas |
| D | 26 - 35 attorneys | 4 | Pasadena, Glendale, Burbank, Universal City, San Fernando Valley |
| E | 36 - 50 attorneys | | and related areas |
| F | 51 - 75 attorneys | 5 | Orange County |
| G | 76 - 150 attorneys | 6 | Other locations |
| H | 151 or more attorneys | | |

---



Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited

RBZ 2010 Southern California Law Firm Compensation, Billing Rate and Benefits Survey

## 15 - Legal Assistant - (Non Exempt) - Junior - 2 to 5 Years — Billing Rates

| | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| All Firms | 37 | 68 | 162 | 97 | 119 | 150 | 200 | 232 |
| | | | | | | | | |
| Size A | 2 | 2 | 133 | * | * | * | * | * |
| Size B | 6 | 9 | 149 | 112 | 125 | 150 | 185 | 196 |
| Size C | 4 | 5 | 151 | 95 | 95 | 135 | 160 | 226 |
| Size D | 3 | 4 | 134 | 103 | * | 125 | * | 172 |
| Size E | 4 | 8 | 146 | 85 | 85 | 165 | 181 | 202 |
| Size F | 3 | 3 | 207 | * | * | 235 | * | * |
| Size G | 11 | 20 | 187 | 115 | 179 | 195 | 206 | 212 |
| Size H | 4 | 17 | 154 | 104 | 110 | 135 | 145 | 256 |
| | | | | | | | | |
| Location 1 | 11 | 27 | 169 | 106 | 135 | 190 | 203 | 218 |
| Location 2 | 12 | 22 | 183 | 111 | 124 | 185 | 216 | 269 |
| Location 3 | 4 | 4 | 180 | 165 | * | 178 | * | 198 |
| Location 4 | * | * | * | * | * | * | * | * |
| Location 5 | 9 | 13 | 112 | 85 | 95 | 100 | 130 | 147 |
| Location 6 | 1 | 2 | * | * | * | * | * | * |
| | | | | | | | | |
| Litigation | 20 | 34 | 154 | 95 | 118 | 143 | 199 | 209 |
| Transactional | 9 | 9 | 201 | 123 | 175 | 195 | 240 | 262 |
| Insurance Defense-Litigation | 1 | 1 | * | * | * | * | * | * |
| Intellectual Property | 3 | 3 | 182 | * | * | 180 | * | * |
| Other | 10 | 21 | 159 | 100 | 110 | 135 | 185 | 280 |
| Did not specify practice area | * | * | * | * | * | * | * | * |
| | | | | | | | | |
| Headquarters office | 24 | 44 | 146 | 95 | 110 | 135 | 175 | 216 |
| Branch office | 13 | 24 | 191 | 123 | 175 | 198 | 210 | 251 |

**Note on Location:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one location.

**Note on Practice Area:** The number of firms may not equal the total number of firms participating as various firms may be represented in more than one practice area.

| Code | Firm Size | Code | Location |
|---|---|---|---|
| A | 1 - 7 attorneys | 1 | Downtown, Los Angeles and mid-Wilshire area |
| B | 8 - 15 attorneys | 2 | Beverly Hills, Century City, Westwood and related areas |
| C | 16 - 25 attorneys | 3 | Santa Monica, West Los Angeles, Marina del Rey and related areas |
| D | 26 - 35 attorneys | 4 | Pasadena, Glendale, Burbank, Universal City, San Fernando Valley and related areas |
| E | 36 - 50 attorneys | 5 | Orange County |
| F | 51 - 75 attorneys | 6 | Other locations |
| G | 76 - 150 attorneys | | |
| H | 151 or more attorneys | | |

Copyright 2010
All rights reserved
Reproduction in any form strictly prohibited



# EXHIBIT F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 09-2449-JFW (FMOx)**                           Date:  July 2, 2010

Title:     L.A. Printex Industries, Inc. -v- William Carter Co., et al.

================================================================

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

PROCEEDINGS (IN CHAMBERS):      ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT OF DEFENDANTS MS. BUBBLES, INC.
AND AEROPOSTALE, INC. [filed 5/24/10; Docket No.
72]; and

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY ADJUDICATION PURSUANT TO FED. R.
CIV. P. 56 [filed 5/24/10; Docket No. 75]

On May 24, 2010, Defendants Ms. Bubbles, Inc. ("Ms. Bubbles") and Aeropostale, Inc. ("Aeropostale") (collectively, "Defendants") filed a Motion for Summary Judgment.  On May 28, 2010, Plaintiff L.A. Printex Industries, Inc. ("Plaintiff") filed its Opposition.  On June 7, 2010, Defendants filed a Reply.  On May 24, 2010, Plaintiff filed a Motion for Summary Adjudication Pursuant to Fed. R. Civ. P. 56 ("Motion for Summary Adjudication").  On May 28, 2010, Defendants filed their Opposition.  On June 7, 2010, Plaintiff filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found these matters appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's June 20, 2010, hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.      **Factual and Procedural Background**[1]

─────────────────

[1]  To the extent any of these facts are disputed, they are not material to the disposition of the motions before the Court.  In addition, to the extent that the Court has relied on evidence to

**EXHIBIT F**

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 62 of 84   Page ID
#:4048
Case 2:09-cv-02449-JFW -FMO   Document 107   Filed 07/02/10   Page 2 of 8

### A.      The Parties

Plaintiff is a Los Angeles-based printing mill, which prints two dimensional patterns on fabric for use in the apparel industry.  The designs for the patterns are created by Plaintiff's in-house design team, and Plaintiff markets those designs to the apparel industry.  Defendant Ms. Bubbles is a Los Angeles-based wholesaler of women and men's apparel, and has been in the fashion industry for approximately 17 years.  Defendant Aeropostale is a mall-based, specialty retailer of causal apparel and accessories, principally targeting 14- to 17-year-old women and men.

According to Plaintiff, a women's shirt containing a floral pattern design that was manufactured by Defendant Ms. Bubbles and sold by Defendant Aeropostale under its own brand infringes the copyright that Plaintiff holds for a fabric design pattern, which is identified by Plaintiff's internal designation as Design Number C30020.  This design was part of a group of designs that was registered with the United States Copyright Office ("Copyright Office") under the name "Small Flower Group A."

### B.      Plaintiff's Amendment of its Copyright for Small Flower Group A.

On July 17, 2002, Plaintiff received a Certification of Registration (U.S. Copyright No. VAu 557-306) from the Copyright Office for a textile design collection entitled Small Flower Group A.[2] Plaintiff's registration listed a group of five unpublished designs, including Design Number C30020, which is the floral pattern that Plaintiff contends has been infringed by Defendants.

After Plaintiff discovered, contrary to the representation in its application for the copyright, that two of the designs registered as part of Small Flower Group A may have been published, Plaintiff filed a Form CA Supplemental Registration on February 22, 2010, which attempted to change or amend the registration for Small Flower Group A from an unpublished collection to one published on April 1, 2002.[3]  When Plaintiff learned that the regulations prohibited the filing of both published and unpublished works on a single registration, it withdrew the amendment and filed a second Form CA Supplemental Registration on May 13, 2010.  The second Form CA Supplemental Registration amended the registration by deleting the two designs (Design Numbers R1154 and C30011) that may have been published prior to the original registration in July 2002. The amendment did not request any change or otherwise affect the remaining three unpublished works, including Design Number C30020.  Finally, on May 13, 2010, in an apparent effort to foreclose any further questions regarding the validity of its copyright, Plaintiff filed an individual registration with the Copyright Office for its Design Number C30020 on fabric, and the registration

_____

which the parties have objected, the Court has considered and overruled those objections.  As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

[2]  In the case of unpublished works, the Copyright Office permits the registration of multiple works on a single application so long as **all** of the works in the registration are unpublished works. 37 C.F.R. 202.3(b)(4)(i)(B).

[3]  Design Number C30020 is not one of the designs that was published prior to registration of the collective work.

Initials of Deputy Clerk  _sr_

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 63 of 84   Page ID
#:4049
Case 2:09-cv-02449-JFW -FMO   Document 107   Filed 07/02/10   Page 3 of 8

was approved by the Copyright Office.

## II.   Legal Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37. In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

## III.   Discussion

On April 8, 2009, Plaintiff filed its Complaint against Defendants, alleging claims for relief for: (1) Copyright Infringement; and (2) Vicarious and/or Contributory Copyright Infringement.[4] Defendants now move for summary judgment on both claims alleged in Plaintiff's Complaint on the

---

[4] Although Plaintiff's Complaint names several other defendants, including William Carter Co., Meijer, Inc., JC Penney Corporation, Inc., Carson Pirie Scott & Co., Macy's, Inc., Kohls Corporation, Sears Holding Corporation, Burlington Coat Factory Direct Corp., Carter's, Inc., Toys "R" Us, Inc., Winmark Corporation, and Hammond Garment Manufacturing Co., Inc., Defendant Ms. Bubbles and Defendant Aeropostale are the sole remaining defendants in this action.

Initials of Deputy Clerk __sr__

grounds that: (1) Plaintiff cannot maintain either its first or second claim for relief because its Copyright Registration VAu 557-306 for Small Flower Group A, which includes Design Number C30020, is not valid; (2) Plaintiff cannot maintain either its first or second claim for relief because there is no substantial similarity between Defendants' allegedly infringing garment and Plaintiff's Design Number C30020; and (3) Plaintiff cannot maintain either its first or second claim for relief because there is no evidence that Defendants had access to Plaintiff's Design Number C30020. Plaintiffs have moved for partial summary judgment, requesting the Court to determine as a matter of law the following issues: (1) that Plaintiff's Design Number C30020 is an original work of authorship owned by Plaintiff; and (2) that Defendants copied Plaintiff's original artwork by selling fabric and garments bearing a near-identical copy of Design Number C30020 without Plaintiff's permission.

### A.     Standard for Proving Copyright Infringement

To prove copyright infringement, Plaintiffs must prove: (1) ownership of a valid copyright in Design Number C30020[5], and (2) that Defendants copied elements of Design Number C30020 protected by that copyright.  *See, e.g., Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  Since direct evidence of copying is rarely available and copying can therefore be difficult to prove, Plaintiff "may establish copying by showing (1) circumstantial evidence of access to the protected work and (2) substantial similarity of 'ideas' and 'expression' between the copyrighted work and the allegedly infringing work."  *Jason v. Fonda*, 526 F. Supp. 774, 776 (C.D. Cal. 1981), *aff'd*, 698 F.2d 966 (9th Cir. 1982); *see also Three Boys Music*, 212 F.3d at 481 ("Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'").

### B.     Application of the Copyright Infringement Standard to this Case.

#### 1.     There Is No Genuine Issue Of Material Fact With Respect To Access.

"Proof of access requires 'an opportunity to view or to copy plaintiff's work.'"  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) quoting *Sid & Marty Krofft*, 562 F.2d at 1172.  "Opportunity" has been defined as a "reasonable" possibility that Defendants viewed Plaintiff's Design Number C30020.  *Jason*, 526 F. Supp. at 776-77.   "[A] bare possibility is insufficient to create a genuine issue of whether" Defendants copied Plaintiff's Design Number C30020.  *Id.* at 777.

---

[5]  Defendants contest that Plaintiff owns a valid copyright in Design Number C30020. However, in this case, because the Court finds that Plaintiff has failed to demonstrate that Defendants had access to Plaintiff's Design Number C30020 and there is a lack of substantial similarity between Design Number C30020 and the allegedly infringing garment, and, thus, cannot prevail on its claims for copyright infringement, the Court need not address the issues surrounding the validity of Plaintiff's copyright in Design Number C30020.  Instead, for purposes of deciding these motions for summary judgment only, the Court assumed that Plaintiff does have a valid copyright in Design Number C30020.

Initials of Deputy Clerk  _sr_

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 65 of 84   Page ID
#:4051
Case 2:09-cv-02449-JFW -FMO   Document 107   Filed 07/02/10   Page 5 of 8

Because Plaintiff has not been able to produce any direct evidence that Defendants had access to Design Number C30020 when they created the allegedly infringing garment, Plaintiff must rely on circumstantial evidence. "Circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through deals with a publisher or record company), or (2) the plaintiff's work has been widely disseminated." *Three Boys Music*, 212 F.3d at 482. Plaintiff does not present any evidence that Defendants had access to Design Number C30020 through any particular chain of events, but instead seeks to prove reasonable access by demonstrating that Design Number C30020 has been widely disseminated. *Three Boys Music*, 212 F.3d at 482.

Plaintiff has failed to raise any genuine issue of material fact with respect to whether Defendants had access to Design Number C30020 through wide dissemination. In *Three Boys*, the Ninth Circuit found that substantial evidence supported a jury's finding of access where the copyrighted song enjoyed significant radio airplay over 20 years. *Three Boys*, 212 F.3d at 483-85. However, in *Art Attack Ink, LLC v. MGA Entertainment, Inc.*, 581 F.3d 1138, 1144 (9th Cir. 2009), the Ninth Circuit found that no widespread dissemination existed, despite the fact that the tee-shirt design at issue in the case was available at a display booth, on individuals wearing the tee-shirt, and via the internet. Similarly, in *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003), the Ninth Circuit found there was no evidence of widespread dissemination of a video even though 19,000 copies were sold over a 13-year period.

In this case, the only evidence of the widespread dissemination of Design Number C30020 submitted by Plaintiff is the Declaration of Jae Nah. In his declaration, Mr. Nah merely states that Plaintiff's first sales of Design Number C30020 were in October 2002, and "that my company produced and sold thousands of yards of fabric bearing [Design Number C30020] to numerous customers from 2002-2008." Declaration of Jae Nah, ¶ 7. However, such vague and conclusory statements certainly create no more than a "bare possibility" that Defendants may have had access to Plaintiff's Design Number C30020. *Jason*, 526 F.Supp. at 776-77. "In and of itself, such a bare possibility is insufficient to create a genuine issue of whether" Defendants had access to Plaintiff's Design Number C30020. *Id.*

## 2.    There is a Lack of Substantial Similarity Between Plaintiff's Design Number C30020 and Defendants' Allegedly Infringing Garment.

Even if the Court were to find that Defendants had access to Plaintiff's work, to prove copying Plaintiff must also "demonstrate that there is a substantial similarity, both of ideas and of the expression of ideas, between the copyrighted work and the allegedly infringing work." *Jason*, 526 F. Supp. at 777. "'Substantial similarity' refers to similarity of expression, not merely similarity of ideas or concepts." *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1398 (9th Cir. 1997). Only protected expression is relevant for purposes of assessing substantial similarity. *See Shaw v. Lindheim*, 919 F.2d 1353, 1361 (9th Cir. 1990); *see also Smart Inventions, Inc. v. Allied Communications Corp.*, 94 F. Supp. 2d 1060, 1066 (C.D. Cal. 2000) ("It is an axiom of copyright law that ideas are not protected."). "[T]he party claiming infringement may place '*no reliance upon any similarity in expression resulting from*' unprotectable elements." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994) (quoting *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987)) (emphasis in original).

Initials of Deputy Clerk  sr

To determine whether two works are substantially similar, the Ninth Circuit employs a two-part analysis - an extrinsic and an intrinsic test.[6] "The 'extrinsic test' is an objective comparison of specific expressive elements" which "'focuses on articulable similarities'" between the two works. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). "The intrinsic test is a subjective test that focuses on whether the ordinary, reasonable audience would recognize the [Defendants'] work as a dramatization or picturization of the [P]laintiff's work." *Kouf*, 16 F.3d at 1045 (internal quotations omitted). "For summary judgment, only the extrinsic test is important." *Id.* "[A] plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." *Id.*

The Court recognizes that summary judgment is not favored on questions of substantial similarity in copyright cases. *See, e.g., Shaw*, 919 F.2d at 1355. Summary judgment is only appropriate if "no reasonable juror could find substantial similarity of ideas and expression, viewing the evidence in the light most favorable to the nonmoving party." *Kouf*, 16 F.3d at 1045; *see also Pasillas*, 927 F.2d at 442 ("Our circuit has expressed a certain disfavor for summary judgment on questions of substantial similarity, but it is nevertheless appropriate to grant summary judgment if, considering the evidence and drawing all inferences from it in the light most favorable to the nonmoving party, no reasonable jury could find that the works are substantially similar in idea and expression."). Although summary judgment is generally disfavored on the question of substantial similarity, "summary judgment is proper when the Court determines that the similarity between works is insubstantial as a matter of law." *Jason*, 526 F. Supp. at 777. Indeed, the Ninth Circuit has "frequently . . . affirmed summary judgment in favor of copyright defendants on the issue of substantial similarity." *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989).

After comparing the sample of Design Number C30020 submitted to the Copyright Office and Defendants' allegedly infringing garment, and upon review of the admissible evidence and the papers submitted by the parties, the Court concludes that, viewing the evidence in a light most favorable to Plaintiff, no reasonable juror could find that the two works are substantially similar. "The observable similarities between the two designs are of a surface nature only," namely that both designs represent small-scale overall floral patterns of approximately the same size. *Prestige Fabrics, Inc., v. Universal Manufacturing Corp.*, 304 F.Supp. 903, 905 (S.D.N.Y. 1969). In this case, there are several critical differences between the two patterns. For example, it is undisputed that the flowers, stems, and leaves on Design Number C30020 are far more detailed than those found on the allegedly infringing garment, which have softer edges and are more impressionistic in

---

[6] "[O]riginally . . . the extrinsic prong was a test of similarity of ideas based on external criteria; analytic dissection and expert testimony could be used, if helpful. The intrinsic prong was a test for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance. As it has evolved, however, the extrinsic test now objectively considers whether there are substantial similarities in *both* ideas and expression, whereas the intrinsic test continues to measure expression subjectively." *Apple Computer*, 35 F.3d at 1442. "Because the criteria incorporated into the extrinsic test encompasses all objective manifestations of creativity, the two tests are more sensibly described as objective and subjective analyses of expression, having strayed from *Krofft's* division between expression and ideas." *Shaw*, 919 F.2d at 1357.

Initials of Deputy Clerk __sr__

appearance.[7]  On Design Number C30020, multiple shades of one color are used to give the flowers their definition and sharper edges, while multiple shades of green are used to give the leaves and stems their definition and clean lines.  On Defendants' allegedly infringing garment, the flowers are of one uniform color, with the leaves and stem a single shade of green.  In the "well-traveled terrain" of floral patterns[8], these sorts of modest distinctions are sufficient to avoid a finding of substantial similarity.  *Textile Corp. v. Citation Fabrics Corp.*, 328 F.Supp. 554, 555-56 (S.D.N.Y. 1971) (denying preliminary injunction in case involving allegedly infringing fabric containing a few minor variations on a design of flowers, birds, and bees); *see also Slifka v. Citation Fabrics Corp.*, 329 F.Supp. 1392, 1393 (S.D.N.Y. 1971) (denying preliminary injunction in case where both fabric designs contained large diamond shapes on an overall paisley pattern and finding that "both parties have worked in a heavily traveled terrain where comparatively modest distinctions may be sufficient to avoid charges of infringement"); *Folio Impressions, Inc. v. Byer California*, 752 F.Supp. 583, 591-92 (S.D.N.Y. 1990) (finding that plaintiff had failed to sustain burden of proving infringement and entering judgment for defendant where plaintiff's rose design had "sharper edges, a three pronged stem, and present[ed] a much more geometrically stylized appearance" while the defendant's rose design had "a single stem, [was] softer looking and the lines [were] more painterly and well rounded.").

In addition, Plaintiff's Design Number C30020 contains an overall background pattern of almost lace-like flowers that is completely lacking in the design on Defendants' allegedly infringing garment.  *See Prestige Fabrics*, 304 F.Supp. at 905 (denying motion for preliminary injunction because two flower-patterned fabrics at issue were not substantially similar where, in part, "[t]he defendants' design has a definite and large background whereas the background in the plaintiff's is much less noticeable.").  Moreover, the groupings of flowers, stems, and leaves within a vertical row in Design Number C30020 are spaced much farther apart than those on Defendants' allegedly infringing garment. *See Beeba's Creations, Inc. v. Details Sportswear, Inc.*, 1994 WL 268241, *2 (S.D.N.Y. June 15, 1994) (denying preliminary injunction because heart designs at issue were not substantially similar where, in part, the repetition of the pattern within the vertical row was different).  Based on the aforementioned differences, the Court concludes that, viewing the evidence in a light most favorable to Plaintiff, no reasonable juror could find that there is a substantial similarity between Plaintiff's Design Number C30020 and Defendants' allegedly infringing garment.  *See Manes Fabrics Co. v. Miss Celebrity, Inc.*, 246 F.Supp. 975, 977 (S.D.N.Y. 1965) (finding two floral designs not substantially similar where both designs consisted of floral bouquets set against a striped background, but where defendant used darker shades of green and brown and lighter shades of yellow in its flowers; the green stripe in defendant's fabric was considerably brighter; the composition of the flowers were dissimilar; and fine black lines around the edges of the flowers, leaves, and stems in defendant's design was missing from plaintiff's

---

[7]  Plaintiff argues this difference is due to Defendants' garment being a "shoddy knock-off" but offers no evidence to support this contention.

[8]  That floral patterns are a "well-traveled terrain" is supported not only by the case law, but also by even a casual inspection of *The Album of Chinese Textile Patterns*, which demonstrates that a multitude of floral-patterned fabric is available, with many of the designs contained therein being similar to Design Number C30020, the design on the allegedly infringing garment, and to other patterns contained within *The Album*.  However, the similarity among many of these designs also serves to illustrate the relatively modest differences needed in a pattern to make it distinct.

Initials of Deputy Clerk _sr_

design); *see also Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F.Supp. 2d 1072, 1084 (C.D. Cal. 2007) (finding no copyright infringement because of a lack of substantial similarity where both plaintiff's and defendant's jewelry featured plumeria flowers).

### C.   Plaintiff's Vicarious and/or Contributory Copyright Infringement Claim Must Fail.

Plaintiff does not dispute that if it cannot maintain its direct copyright infringement claim against either of the Defendants that its vicarious and/or contributory copyright infringement claim against Defendants, which is based on the same alleged facts and the same purported acts of infringement, also fails. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit it."). In addition, contribution to copyright infringement must be intentional in order to establish liability. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170-71 (9th Cir. 2007). Plaintiff has failed to demonstrate that Defendants intentionally induced either each other or a third party to infringe Plaintiff's copyright in Design Number C30020. Similarly, "[v]icarious infringement requires proof that 'the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringer,'" and Plaintiff has failed to demonstrate that Defendants had such direct control over either each other or a third party. *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 995 (9th Cir. 2009) (*citing Perfect 10*, 508 F.3d at 729). Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's Second Claim for Relief for Vicarious and/or Contributory Copyright Infringement.

## IV.   Conclusion

For all the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's First and Second Claims for Relief, and Plaintiff's Motion for Summary Adjudication is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_

# EXHIBIT G

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**PRIORITY SEND**
**JS-6**

### CIVIL MINUTES -- GENERAL

Case No.   **CV 09-2449-JFW (FMOx)**                         Date: December 1, 2010

Title:        L.A. Printex Industries, Inc. -v- William Carter Co., et al.

───────────────────────────────────────────────

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

S. Eagle                                            **None Present**
**Courtroom Deputy**                                **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                            None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER GRANTING DEFENDANT MS. BUBBLES, INC.
                                     ATTORNEY'S FEES IN THE AMOUNT OF $217,556.50;
                                     and**

                                     **ORDER GRANTING DEFENDANT AEROPOSTALE,
                                     INC. ATTORNEY'S FEES IN THE AMOUNT OF
                                     $198,888.56**

**I.      Factual and Procedural History**

        On July 16, 2010, Defendants Ms. Bubbles, Inc. ("Ms. Bubbles") and Aeropostale, Inc.
("Aeropostale") (collectively, "Defendants") filed a Motion for Attorneys' Fees and Costs ("Motion").
On July 26, 2010, Plaintiff L.A. Printex Industries, Inc. ("Plaintiff") filed its Opposition. On August 2,
2010, Defendants filed a Reply. On August 10, 2010, the Court issued an order granting
Defendants' Motion, and ordered the parties to meet and confer to resolve any disputes regarding
the amount of reasonable attorney's fees that should be awarded to Defendants, and submit a joint
statement to the Court if they could not resolve their disputes. The parties failed to reach an
agreement during the meet and confer process, and on August 31, 2010, they filed their Joint
Statement Re: Defendants' Attorneys' Fees ("Joint Report"). The Joint Report failed to include the
description, or narrative, for each of the disputed entries, which was specifically required by the
Court's August 10, 2010 Order granting Defendants attorneys' fees. On September 21, 2010, the
Court ordered the parties to file an amended Joint Statement with a summary table in the format
shown in Exhibit A to the September 21, 2010 Order. On October 12, 2010, after the Court
granted an extension of time to file the amended Joint Report, the parties filed their Revised Joint
Statement Re: Defendants' Attorneys' Fees ("Revised Joint Report").

Initials of Deputy Clerk __se__

**EXHIBIT G**

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 71 of 84   Page ID
#:4057
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 2 of 15   Page ID
#:4589

## II.    Discussion

In this case, the parties were unable to reach any agreements during the meet and confer process, and, therefore, the Court must determine the amount of attorney's fees that should be awarded to Defendants.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This equation is commonly referred to as the "lodestar."  *See, Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007).  The prevailing rate in the community is indicative of the reasonable hourly rate for purposes of calculating attorney's fees using the lodestar method.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).  The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.  *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984).  The fee applicant also "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'"  *Welch*, 480 F.3d at 946 (quoting *Hensley*, 461 U.S. at 433).  In making its reasonableness determination, the district court has considerable discretion to adjust the lodestar upward or downward on the basis of the twelve factors set forth in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976), some of which are subsumed into the initial lodestar calculation.[1]  *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996).  In addition, "[i]f opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

### A.    The Hourly Rates Requested By Counsel for Defendants Are Reasonable.

Ms. Bubbles seeks fees for work performed by its attorneys, Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), and Lacey Dunn & Do ("LDD").  Aeropostale seeks fees for work performed by its attorneys, Katten Muchin Rosenman LLP ("KMR").   Plaintiff does not dispute the reasonableness of the hourly rates charged by the attorneys representing Ms. Bubbles at LBBS or LDD.[2]  However, Plaintiff does dispute the reasonableness of the hourly rates charged by the

---

[1]These "subsumed factors" include (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) *the results obtained*; and (5) the contingent nature of the fee agreement.  *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  In the Ninth Circuit, the favored approach is to adjust the lodestar on the basis of the subsumed reasonableness factors *before* calculating the lodestar.  *Id.*

[2]  Even though Plaintiff does not dispute the reasonableness of the hourly rates charged by LBBS or LDD, the Court has independently considered those hourly rates and the experience of each attorney and finds that the hourly rates charged by LBBS and LDD are reasonable.  Those billing rates are as follows: (1) Deborah F. Sirias billed at $225.00 per hour; (2) Thomas S. Kidde billed at $225.00 per hour; (3) Robert M. Collins billed at $195.00 per hour; and (4) Daniel F. Lewis

Initials of Deputy Clerk  _se_

Case 2:10-cv-02102-GW -JEM Document 201-3 Filed 06/17/11 Page 72 of 84 Page ID
#:4058
Case 2:09-cv-02449-JFW-FMO Document 144 Filed 12/01/10 Page 3 of 15 Page ID
#:4590

attorneys at KMR representing Aeropostale.

The hourly rates for the attorneys at KMR that billed time to this action are as follows[3]: (1) Karen Artz Ash, whose billing rate was $715.50 per hour in 2009 and $738 per hour in 2010; (2) Jay Shapiro, whose billing rate was $544.50 per hour in 2009 and $562.50 in 2010; (3) Zia F. Modabber, whose billing rate was $544.50 per hour in 2009 and $562.50 per hour in 2010; (4) Bret J. Danow, whose billing rate was $495 per hour in 2009[4]; (5) Keely L. Herrick, whose billing rate was $477 per hour in 2009[5]; (6) Cory Baskin, whose billing rate was $346.50 per hour in 2009 and $396 per hour in 2010; and (7) Kristin L. Holland, whose billing rate was $450 per hour in 2009 and $463.50 per hour in 2010.[6] In addition the hourly rates for the paralegals at KMR that billed time to this action are as follows: (1) Vasiliki Plevritis, whose billing rate was $198 per hour in 2009 and $202.50 in 2010; and (2) Georgia Saltsman, whose billing rate is $229.50 in 2010.[7]

In her declaration, Ms. Holland details the experience and reputation of each attorney, which supports the hourly rates charged by those attorneys. Ms. Ash, who is a partner at KMR and the national co-chair of its Intellectual Property Practice Group, has been practicing in the intellectual property field for approximately 30 years. Ms. Ash has authored over 50 articles, including articles published in *The Patent and Trademark Copyright Journal* and *Managing Intellectual Property*, and was selected by Forbes.com as a "Best Lawyer in America" (IP) in 2005. Mr. Shapiro, who is a partner at KMR and a member of its Insurance and Risk Management, Litigation and Dispute Resolution and White Collar Criminal and Civil Litigation and Compliance Practice Groups, has been an attorney for approximately 30 years, and has tried over 35 cases in state and federal court, including intellectual property disputes. In fact, Mr. Shapiro has represented Aeropostale in numerous trademark and copyright matters. Mr. Shapiro has written and co-authored numerous publications, including *Moore's Federal Practice*, 3d Ed., Summary Judgment (Matthew Bender), and has been an Adjunct Professor of Law at New York Law School since 1989. Mr. Modabber, who is a partner at KMR and Chair of its Los Angeles Litigation and Dispute Resolution Practice, has been an attorney for approximately 22 years. Mr. Modabber is an experienced trial lawyer, and has been recognized nationally as one of the best lawyers in the country. Mr. Danow, who is a partner at KMR and a member of its Intellectual Property Practice, has been an attorney for approximately 20 years. Ms. Herrick, who is an associate at KMR, has been an attorney for

---

billed at $195.00 per hour.

[3] These rates and the rates for the paralegals billed to this matter include the ten percent discount that KMR normally provides to Aeropostale.

[4] Mr. Danow did not bill any time to this matter in 2010.

[5] Ms. Herrick did not bill any time to this matter in 2010.

[6] While Plaintiff complains about the number of attorneys at KMR that worked on this case, three of those attorneys, Mr. Modabber, Ms. Herrick, and Mr. Danow, billed less than 10 hours, and those hours were billed during the early stage of the case and before the matter was transferred to the team assembled to defend this action.

[7] Ms. Saltsman did not bill any time to this matter in 2009.

Initials of Deputy Clerk _se_

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 73 of 84   Page ID
#:4059
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 4 of 15   Page ID
#:4591

approximately eight years, and her practice focuses on intellectual property law.  Mr. Baskin, who
is an associate at KMR and a member of its Litigation and Dispute Resolution Department, has
been an attorney for approximately 5 years and his practice focuses on all aspects of business
litigation.  Ms. Holland, who is a partner at KMR and a member of its Intellectual Property Litigation
Department, has litigated intellectual property disputes for 14 years.  Ms. Holland has spoken
extensively on intellectual property issues, and serves as the Chair of the Outside Counsel
Advisory Board of the Association of Media and Entertainment Counsel.

In addition to their extensive experience, the KMR attorney's hourly rates are reasonable
when compared to the prevailing rates charged in Los Angeles "for similar services of lawyers with
reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895.  For example,
the American Intellectual Property Law Association ("AIPLA") Survey, *Report of the Economic
Survey 2007* and the National Law Journal's 2008 *Billing Survey*, reveal that the rates charged by
KMR in this action are below the average rates charged by large national firms with offices in Los
Angeles, such as Sheppard, Mullin, Richter & Hampton and Manatt, Phelps & Phillips.[8]  In addition,
courts in this district have found that rates ranging from $690 per hour for a senior partner to $305
per hour for a junior associate in 2006 charged by Manatt, Phelps & Phillips in a copyright case
were "consistent with the rates typically charged by other highly-regarded southern California law
firms for similar work for attorneys of comparable experience." *Love v. Mail on Sunday*, 2007 WL
2709975, *8 (C.D Cal. Sept. 7, 2007).

Based on a comparison of the expertise, experience, and reputation of the KMR attorneys in
intellectual property law with the hourly rates charged by comparable law firms, the Court finds that
the rates charged by the KMR attorneys are reasonable.  Accordingly, the Court finds that
Aeropostale has produced satisfactory evidence that the rates requested by its counsel are in-line
with prevailing rates in the community. *See United Steelworkers of America v. Phelps Dodge
Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (holding that "[a]ffidavits of the plaintiffs' attorney and
other attorneys regarding prevailing fees in the community and rate determinations in other cases,
particularly setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing
market rate").

While Plaintiff offers no evidence that the KMR attorneys' hourly rates are unreasonable, it
nonetheless argues that the hourly rates requested by Aeropostale are grossly inflated and
excessive.  However, Plaintiff's naked assertion that Aeropostale has not met its burden of
demonstrating the reasonableness of the KMR attorneys' hourly rates is insufficient to rebut the
evidence submitted by Aeropostale.[9]  *See, United Steelworkers*, 896 F.2d at 407 (holding that the
district court must assume that the rates established by the plaintiffs' evidence are reasonable
where "[a]lthough the defendants disagreed with this evidence, they did not support their

---

[8]  The 2011 Vault 100 "Prestige Rankings," voted on by more than 15,000 attorneys
nationwide, and the 2010 AmLaw 100 rankings of the top law firms in the country by gross revenue
and revenue per lawyer demonstrate that these firms are comparable to KMR in expertise,
experience, and reputation.

[9]  Similarly, Plaintiff fails to present any evidence to support its conclusory assertion that the
rates charged by the attorneys that work in KMR's New York office are "significantly higher" than in
Los Angeles.

Initials of Deputy Clerk  se

Case 2:10-cv-02102-GW -JEM  Document 201-3  Filed 06/17/11  Page 74 of 84  Page ID
#:4060
Case 2:09-cv-02449-JFW-FMO  Document 144  Filed 12/01/10  Page 5 of 15  Page ID
#:4592

arguments with any affidavits or evidence of their own regarding the legal rates in the community").

**B.     The Majority of Hours Billed by Defendants' Counsel Are Reasonable.**

      **1.     The Majority of  Hours Billed by Counsel for Ms. Bubbles Are
Reasonable.**

Ms. Bubbles requests an award of $218,366.50, which consists of $2,740.00 in fees billed by LDD, its former counsel, and $215,626.50 in fees billed by LBBS, its current counsel.  In addition to the issues raised by Plaintiff in the Revised Joint Report, the Court has conducted its own independent review of the billing statements submitted by counsel for Ms. Bubbles and determined, with certain exceptions discussed herein, that the majority of hours billed are reasonable.

      **a.     Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Spent
Preparing Documents Plaintiff Contends Were Prepared in _L.A.
Printex Industries, Inc. v. Aeropostale, Inc.,_ CV 08-7085-DDP (Ex).**

Plaintiff argues that Ms. Bubbles is not entitled to an award of attorney's fees for hours spent preparing documents, including pleadings, motions, and discovery requests and responses, that Plaintiff contends are virtually identical to those prepared by Ms. Bubbles in an earlier action, _L.A. Printex Industries, Inc. v. Aeropostale, Inc.,_ CV 08-7085-DDP (Ex) (the "_Aeropostale_ action"). Plaintiff argues that both actions were simple copyright infringement actions, and, thus, the fees charged by counsel for Ms. Bubbles related to the preparation of these documents should be reduced by at least 75 percent.

Ms. Bubbles argues that a simple comparison of the questioned documents, including Ms. Bubbles' Answer, initial disclosures, requests for documents, interrogatories, and responses to requests for production of documents, reveal multiple substantive differences in the documents, which clearly  demonstrate that the documents prepared in this case are the product of original work.  In addition, Ms. Bubbles argues that the presence of different issues in each case necessitated the preparation of documents tailored to the issues in that case.  For example, the issues in the _Aeropostale_ action involved whether Plaintiff was allowed to copyright works that were allegedly derivative of artwork found on Adobe Photoshop and the validity of Plaintiff's purported published collective work copyright registration.  In contrast, the issues in this action related to whether Plaintiff had ever submitted the textile design at issue to the Copyright Office and the validity of Plaintiff's allegedly unpublished collection.

The Court agrees with Ms. Bubbles.  As the Ninth Circuit recently stated in _Moreno v. City of Sacramento_, 534 F.3d 1106, 1112 (2008):

> The court may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work, but determining whether work is unnecessarily duplicative is no easy task.  When a case goes on for many years, a lot of legal work product will grow stale; a competent lawyer won't rely entirely on last year's, or even last month's research: Cases are decided; statutes are enacted; regulations are promulgated and amended.  A lawyer also needs to get up to speed with the

research previously performed.  All of this is duplication, of course, but it's *necessary* duplication; it is inherent in the process of litigating over time.  . . .  One certainly expects *some* degree of duplication as an inherent part of the process.  There is no reason why the lawyer should perform this necessary work for free.

In this case, the documents Plaintiff claims were duplicative were prepared in an entirely different case that involved different copyright infringement issues.  It would be highly irresponsible and border on malpractice for counsel to simply cut-and-paste pleadings, motions, and discovery requests and responses from another copyright infringement case without regard to the unique issues in this case.  The frivolous nature of Plaintiff's objection is demonstrated by the fact that Plaintiff's counsel billed substantial time for identical or nearly identical work in this case and in a separate copyright infringement action.  Accordingly, Ms. Bubbles is entitled to a full award of attorney's fees for hours spent preparing documents that Plaintiff argues are duplicative of those drafted in the *Aeropostale* action.

**b.**   **Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Spent Reviewing Documents Produced By or To Its Co-Defendants.**

Plaintiff claims that the 23.8 hours billed by LBBS to review documents produced by or to its co-defendants in this case should be reduced by at least 75 percent because the documents were unrelated to the claims alleged against Ms. Bubbles, and, therefore, such an exhaustive review was unnecessary.

Ms. Bubbles claims that Plaintiff's argument is "ridiculous" and essentially suggests that LBBS should have represented its client "with blinders on, ignoring documents filed and served by its co-defendants."  Revised Joint Report, 43:27-44:1.

The Court agrees with Ms. Bubbles.  The 23.8 hours billed to review documents related to its co-defendants is minuscule when considered in relation to the overall amount billed by counsel for Ms. Bubbles, and, in absence of any evidence to the contrary, is reasonable.  As Ms. Bubbles correctly points out, "Plaintiff cannot on the one hand enjoy significant convenience and costs savings by suing multiple defendants in a single action and then blame [Ms. Bubbles] for monitoring the case against the several co-defendants." *Id.*, at 44:10-12.  LBBS had a duty to review all of the documents that related to its co-defendants to determine whether or not those documents impacted Ms. Bubbles' defense, involved a motion Ms. Bubbles wished to join, or required objections or additional briefing to clarify Ms. Bubbles' position in light of those documents.  Accordingly, Ms. Bubbles is entitled to a full award of attorney's fees for hours spent reviewing documents produced by or to its co-defendants.

**c.**   **Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Spent Preparing for Depositions.**

Plaintiff argues that the 60.3 hours billed by LBBS to prepare for the depositions of Ms. Moon Choi and Mr. Jae Nah is "egregiously" excessive and should be reduced by at least 80 percent.  Plaintiff contends that because there were several entries in the billing records related to the depositions of Cindy Song and Daniel Jung in the *Aeropostale* action, it is extremely likely that a substantial portion of the time spent preparing for Mr. Nah's deposition in the *Aeropostale*

Initials of Deputy Clerk _se_

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 76 of 84   Page ID
#:4062
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 7 of 15   Page ID
#:4594

action[10] was billed to this action.  Plaintiff further contends that because two of the three deponents produced by Aeropostale in this action were also produced in the *Aeropostale* action, the time billed for preparing to depose those witnesses in this action was somehow duplicative of work done in the *Aeropostale* action.

First, Ms. Bubbles denies that LBBS billed time for work performed in the *Aeropostale* action to this action.  Ms. Bubbles concedes that an April 16, 2010 entry for 1.2 hours related to preparing for the deposition of Cindy Song was erroneously billed to this action instead of the *Aeropostale* action, and has deducted $270.00 from its fee request.[11]

In addition, Ms. Bubbles notes that it was required to prepare for the depositions of Mr. Nah and Ms. Choi on multiple occasions because Plaintiff repeatedly refused at the last minute to produce these deponents, necessitating re-noticing and preparing for these depositions on multiple occasions.  For example, the deposition of Plaintiff's Rule 30(b)(6) deponent, Mr. Nah, was originally scheduled for November 10, 2009, and rescheduled to accommodate other defendants for March 4, 2010.  On March 2, 2010, Plaintiff unilaterally cancelled the deposition, which was rescheduled for April 7, 2010.  On April 5, 2010, Plaintiff again unilaterally cancelled the deposition, which was then rescheduled for April 30, 2010.  On April 29, 2010, Plaintiff again cancelled the deposition.  The defendants were finally able to depose Mr. Nah on May 20, 2010, a mere four days before the cut-off for filing a motion for summary judgment.  Ms. Bubbles also correctly points out that time spent preparing its witnesses who were also deposed in the *Aeropostale* action was not duplicative, and failure to separately prepared its witnesses for deposition in this action "in a factually distinguishable lawsuit, would be the height of client disservice if not outright malpractice." Revised Joint Report, 64:11-12.

The Court agrees with Ms. Bubbles.  Once again, Plaintiff argues without evidentiary support that merely because similar work was performed in two separate copyright infringement actions involving some of the same parties, Ms. Bubbles should not be entitled to recover its fees for performing that work in this action.[12]  However, Plaintiff again fails to acknowledge that any duplication of efforts in these two cases was necessary because of the different facts and legal theories presented in the two cases.  In addition, Plaintiff cannot reasonably expect to repeatedly cancel the deposition of Mr. Nah at the last minute on three separate occasions and now benefit from that questionable behavior by arguing that the work entailed in preparing for the cancelled depositions was excessive.  Accordingly, Ms. Bubbles is entitled to an award of attorney's fees for

---

[10]  Mr. Nah was deposed in both cases.

[11]  Ms. Bubbles also argues that the only billing entry in this case relating to Daniel Jung, who was deposed in the *Aeropostale* action, consists of an entry for .2 of an hour and that time was necessary because counsel was considering the necessity of deposing Mr. Jung in this action at that time, and, thus, that entry is not erroneous.

[12]  The arbitrary nature of Plaintiff's proposed reductions are evident throughout its Opposition.  For example, without any evidentiary support or explanation as to why the reduction in fees should be different, Plaintiff argues that the fees requested by LBBS related to deposition preparation should be reduced by 80 percent while the fees requested by KMR for the same work should be reduced by only 75.

Initials of Deputy Clerk  se

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 77 of 84   Page ID
#:4063
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 8 of 15   Page ID
#:4595

hours spent preparing for depositions.

> ### d.   Ms. Bubbles Is Not Entitled to Its Attorney's Fees for Hours Related to the Proposed Protective Order.

Plaintiff argues that Ms. Bubbles should not be reimbursed for the 3.6 hours billed for preparing and discussing with counsel a proposed protective order because Magistrate Judge Fernando M. Olguin rejected the proposed protective order because it failed to comply with California state law and the Local Rules.  Ms. Bubbles argues that the modest amount of time devoted to this task was reasonable, even if the proposed protective order was rejected by the Court.

The Court agrees with Plaintiff.  In *Cabrales v. County of Los Angeles*, the Ninth Circuit held that a party "who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."  935 F.2d 1050, 1053 (9th Cir. 1991) (holding that party was entitled to attorney's fees related to unsuccessful writ petition where the prevailing party had unsuccessfully opposed a request for certiorari to the United States Supreme Court, but ultimately prevailed on remand).  However, as the Court in *Signature Networks, Inc. v. Estefan*, held:

> *Cabrales*, however, does not hold that an "improper" step can be considered a "necessary step" to victory.  Indeed, such an extension of *Cabrales* would be illogical – allowing recovery of attorneys' fees for improper actions taken by a prevailing party would reward improperly multiplying the proceedings.

2005 WL 1249522, *5 (N.D. Cal. May 25, 2005) (upholding magistrate's refusal to award attorney's fees for improperly filed Florida action).  In this case, the proposed protective order was rejected by Magistrate Judge Olguin, in part, because it failed to conform to the Local Rules.  To allow Ms. Bubbles to recover fees when its counsel failed to follow the Local Rules would be rewarding counsel's failure to follow the Court's Local Rules.  Accordingly, the Court will not award the $810.00 in attorney's fees sought by Ms. Bubbles for hours related to the proposed protective order.

> ### e.   Ms. Bubbles Is Entitled to Attorney's Fees for Hours Related to Preparing an *Ex Parte* Application to Continue the Hearing Cut-Off Date.

Plaintiff argues that Ms. Bubbles should not be reimbursed for time spent preparing an *ex parte* application to continue the motion cut-off date because such an application was never filed in this action but was instead filed in the *Aeropostale* action.

Ms. Bubbles argues that the preparation of an *ex parte* application was required because of Plaintiff's persistent refusal to produce its witnesses for deposition, including producing Mr. Nah for the Rule 30(b)(6) deposition a mere four days before the motion cut-off date.  The *ex parte* application was never filed because after the deposition was completed LBBS made the wise strategic decision to simply expedite the transcripts of Ms. Choi and Mr. Nah rather than burden the Court with the *ex parte* application.

Initials of Deputy Clerk  se

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 78 of 84   Page ID
#:4064
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 9 of 15   Page ID
#:4596

The Court agrees with Ms. Bubbles. As discussed above, Plaintiff should not be rewarded for its repeated unjustified last-minute cancellations of the properly-noticed depositions in this action. Ms. Bubbles should not be penalized for LBBS's decision to forego the *ex parte* application seeking an extension of the motion hearing deadline in favor of simply expediting the work necessary to timely file its motion for summary judgment. Ms. Bubbles is entitled to all attorney's fees reasonably expended in defending the claims against it, even if some of those fees were spent on ultimately untaken or unsuccessful steps. *See, e.g., Cabrales*, 935 F.2d at 1053. Accordingly, Ms. Bubbles is entitled to its fees for preparing the *ex parte* application to continue the hearing cut-off date.

      f.      **Ms. Bubbles Is Not Entitled to Attorney's Fees for the Hours Related to a Motion for Reconsideration.**

Ms. Bubbles concedes that a May 26, 2010 entry for 1.5 hours related to researching the possibility of obtaining a stay on a motion for reconsideration was erroneously billed to this action, and, instead, should have been billed to the *Aeropostale* action. Ms. Bubbles' fee request of $218,366.50 includes a deduction of $292.50 for this erroneous time entry.

      g.      **Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Related to the Mediation.**

Plaintiff argues that the 21.1 hours billed for the mediation should be reduced by at least 50 percent because less than half that time was devoted to drafting and revising the mediation brief, and the rest of the time was spent on scheduling the mediation and discussing mediation strategy with counsel for the other defendants.

Ms. Bubbles argues and the Court agrees that it was reasonable to spend 21.1 hours over the course of several months to prepare a mediation brief, coordinate scheduling issues with the mediator, coordinate with counsel for the other defendants, and to prepare the client and insurance carrier representative to participate in a mediation in a case with a potential exposure in excess of $800,000.

Having reviewed the billing records, the majority of the conferences among counsel for Ms. Bubbles and its client, counsel for the other defendants, and/or the mediator were billed in reasonable increments of .1, .2, or .3 of an hour, and there is no evidence that there was an excessive number of such conferences. As Ms. Bubbles points out, the number of conferences to coordinate a mutually-agreeable mediation date and other scheduling issues was necessitated in part by Plaintiff's decision to name so many defendants in one action. Moreover, Plaintiff objects to some time entries for conferences, but not others, without giving any legal or factual basis for these objections. Accordingly, Ms. Bubbles is entitled to an award of fees for the hours claimed for the mediation.

      h.      **Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Related to the Motion for Attorney's Fees.**

Initials of Deputy Clerk  se

Plaintiff argues that the 45.3 hours spent by Ms. Bubbles on its motion for attorney's fees is "clearly excessive" and should be reduced by at least 75 percent.

Ms. Bubbles argues that the time spent on the motion for attorney's fees was reasonable because Ms. Bubbles was required to collect and review invoices and other records for an entire year, draft multiple declarations in support of its request, and research and draft the motion and reply. Ms. Bubbles concedes that $42.00 in fees billed (for .1 of an hour billed by Ms. Sirias and .1 of an hour billed by Mr. Collins) related to work done on the pending appeal of this case should not have been included in its fee request and, thus, have been deducted from its request for $218,366.50 in attorney's fees.

The Court agrees with Ms. Bubbles. In this case, while there were no novel or unique legal or factual issues related to the attorney's fees motion, it involved substantial review and analysis of billing and other records for multiple attorneys for a one year time period, and required substantial coordination between Ms. Bubbles and Aeropostale in the preparation of the attorney's fees motion, reply, and related declarations. All of these tasks were time-consuming, and the Court's review of the billing records fails to demonstrate that the time spent by counsel was "clearly excessive" or unreasonable given the tasks involved. Accordingly, Ms. Bubbles is entitled to a full award of fees for the hours related to the motion for attorney's fees.

For all the foregoing reasons, the Court finds that $217,556.50 of the 218,366.50 in attorney's fees requested by Ms. Bubbles are reasonable.[13] Accordingly, Ms. Bubbles is entitled to an award of attorney's fees of $217,556.50.

### 2. The Majority of Hours Billed by Counsel for Aeropostale Are Reasonable.

Aeropostale requests an award of $250,027.75 for services rendered by its counsel, KMR. In addition to the issues raised by Plaintiff in the Revised Joint Report, the Court has conducted an independent review of the billing statements submitted by Aeropostale's counsel and determined that, with some exceptions, the majority of hours billed are reasonable.

### a. Aeropostale Is Not Entitled to Attorney's Fees for Hours Related to the Proposed Protective Order But Is Entitled to Attorney's Fees for Hours Related to Preparing Other Documents Plaintiff Contends Were Prepared in *L.A. Printex Industries, Inc. v. Aeropostale, Inc.,* CV 08-7085-DDP (Ex).

Plaintiff argues that Aeropostale is not entitled to an award of fees for hours spent preparing documents, including pleadings, motions, and discovery requests and responses, that Plaintiff contends were virtually identical to those prepared and filed in the *Aeropostale* action. Plaintiff argues that both actions were simple copyright infringement actions, and, thus, the fees charged by KMR related to the preparing of these documents should be significantly reduced. With respect

---

[13] The attorney's fees request of Ms. Bubbles has been reduced by $810.00 for the reasons discussed.

Initials of Deputy Clerk  se

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 80 of 84   Page ID
#:4066
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 11 of 15   Page ID
#:4598

to Plaintiff's request to reduce the fees incurred in preparing Aeropostale's Answer, preparing the indemnity agreement between Aeropostale and Ms. Bubbles, and preparing discovery requests and responses[14], the Court finds that those hours were not duplicative of time billed in the *Aeropostale* action, and Aeropostale is entitled to an award of attorney's fees for hours spent preparing those documents. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (2008).

However, with respect to attorney's fees for hours spent drafting the proposed protective order, the Court agrees with Plaintiff that Aeropostale should not be allowed to recover those fees. As explained above in denying Ms. Bubbles' request for fees, awarding Aeropostale attorney's fees for a proposed protective order that failed to comply with the Local Rules would be tantamount to rewarding counsel's failure to follow the Court's Local Rules. Accordingly, the attorney's fees awarded to Aeropostale will be reduced by $1,417.05 (This reduction consists of $544.50 billed by Mr. Moddaber, and $872.55 billed by Mr. Baskin).

###### b.    Aeropostale Is Entitled to Attorney's Fees Related to Deposition Preparation.

Plaintiff argues that the 41.1 hours billed for deposition preparation by KMR are "disingenuous" and should be reduced by at least 75 percent. As explained above, Plaintiff cannot cancel the deposition of Mr. Nah at the last minute on three separate occasions and now expect to be rewarded for its conduct by accusing KMR of over-billing for the obvious work entailed in preparing for the cancelled depositions. Similarly, it is disingenuous for Plaintiff to argue that it is "perplexing" that Mr. Baskin billed time to researching, reviewing, and scheduling deposition when he did not attend any of the deposition. As Plaintiff is well aware, it is common for the partner who plans on taking a deposition to delegate these sorts of tasks to a trusted associate with a significantly lower billing rate in order to reduce the costs to its client. Accordingly, the Court finds that Aeropostale is entitled to an award for all attorney's fees for hours related to deposition preparation.

###### c.    Aeropostale Is Entitled to Its Attorney's Fees Related to Its Motion for a More Definite Statement.

Plaintiff argues that Aeropostale should not be awarded fees for any of the 32.4 hours billed to its motion for a more definite statement because it was denied by the Court.[15]

Aeropostale argues that, even though the motion for a more definite statement was denied, it allowed Aeropostale to identify key issues in the case, including what eventually became one of the primary grounds for the Court's granting of summary judgment in Aeropostale's favor, and,

---

[14]  Although Plaintiff has made "Fees Related to Discovery" a separate heading in the Revised Joint Report, Plaintiff's main argument against awarding Aeropostale these fees is that they are duplicative of fees billed in the *Aeropostale* action.

[15]  Some of the time entries refer to this motion as a motion to dismiss, but, according to KMR, all these entries describe the same motion.

Initials of Deputy Clerk  _se_

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 81 of 84   Page ID
#:4067
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 12 of 15   Page ID
#:4599

thus, these fees are recoverable.

The Court agrees with Aeropostale.  The Court finds that Aeropostale is entitled to all attorney's fees reasonably expended in defending the claims against it, even if a portion of those fees was incurred in pursuing ultimately unsuccessful steps.  *See, e.g., Cabrales*, 935 F.2d at 1053 (holding that it "makes little sense" to "scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimate disposition of the case.").  Accordingly, Aeropostale is entitled to an award for all attorney's fees related to its motion for a more definite statement.

### d.    Aeropostale Is Entitled to Attorney's Fees for the Hours Related to the Mediation.

Plaintiff argues that the 19.0 hours billed by Aeropostale for mediation preparation is excessive and should be reduced by 75 percent because LBBS drafted and submitted the mediation brief on behalf of both Defendants.

Aeropostale argues that while LBBS took the laboring oar with respect to preparing the mediation brief, KMR provided extensive input and revisions before the mediation brief was finalized and submitted to the mediator.  In addition, Aeropostale points out that the 19.0 hours billed was not exclusively related to preparing the mediation brief, but also included time spent preparing for and participating in the mediation, including gathering and reviewing key documents in support of its settlement position and outlining key points that it determined were important to make at the mediation.

In this case, the Court agrees with Aeropostale.  Having reviewed the billings records, the Court finds that the time spent related to all aspects of mediation preparation – scheduling the mediation, conferring with co-defense counsel, reviewing and revising the mediation brief, and preparing client and counsel for the mediation – are entirely reasonable given the size and scope of this case.  Accordingly, Aeropostale is entitled to an award for all attorney's fees related to the mediation.

### e.    Aeropostale Has Waived Its Request for Fees for Hours Billed by Vasiliki Plevritis.

Aeropostale "[i]n the spirit of cooperation and as a sign of good faith" agreed to deduct from its attorney's fee request the $3,111.21 billed by Ms. Plevritis, and its fee request of $250,027.75 includes this deduction.[16]

### f.    Aeropostale Is Entitled to Attorney's Fees Related to Its Motion for Attorney's Fees.

---

[16]  On page 6 of the Revised Joint Report, Aeropostale states that it removed $3,456.90 in paralegal fees from its fee request, and on page 150 of the Revised Joint Report, it states that it removed $3,111.21 from its fee request.  Regardless of the exact amount, the fees for hours billed by Ms. Plevritis have been removed from the $250,027.75 in fees requested by Aeropostale.

Initials of Deputy Clerk _se_

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 82 of 84   Page ID
#:4068
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 13 of 15   Page ID
#:4600

Plaintiff argues that the 31.8 hours billed by KMR in connection with its motion for attorney's fees is unreasonable and should be drastically reduced or disallowed entirely because Defendants submitted a joint motion for attorney's fees for which LBBS billed 45.3 hours.  Plaintiff also argues that some of the work, such as organizing the billing records, is clerical in nature and should not be compensated.

Aeropostale argues that, in addition to the drafting of the motion and reply briefs, KMR was also required to draft extensive declarations in support of the request for attorney's fees and to carefully review the billing and other records for completeness and accuracy.

In this case, the Court agrees with Aeropostale.  For the same reasons discussed in connection with Ms. Bubbles' fee request, while there were no novel or unique legal or factual issues related to the attorney's fees motion, it involved substantial review and analysis of billing and other records for multiple attorneys for a one year time period, and substantial coordination between Ms. Bubbles and Aeropostale in the preparation of the attorney's fees motion, reply, and related declarations.  All of these tasks were time-consuming, and the Court's review of the billing records fails to demonstrate that the time spent by counsel was "clearly excessive" or unreasonable given the tasks involved.  Accordingly, Aeropostale is entitled to a full award of fees for the hours related to the motion for attorney's fees.

### g.   Aeropostale Is Entitled to Attorney's Fees In This Action For the Review of Pleadings and Papers from the *Aeropostale* Action.

Plaintiff argues that fees incurred by KMR in reviewing pleadings or other papers from the *Aeropostale* action are not properly billed to this case.

Aeropostale argues that, with the exception of .3 of an hour billed by Mr. Baskin on May 19, 2010, it has confirmed that all of the entries questioned by Plaintiff were properly billed in this case because pleadings and other papers from the *Aeropostale* action were relevant to issues in this case, and, therefore, were properly reviewed by KMR attorneys.

In this case, the Court agrees with Aeropostale.  The Court concludes that there is no evidence that it was unreasonable for counsel to review the pleadings and papers filed in a similar copyright infringement case involving many of the same parties in order to develop a strategy to properly defend against the claims in this case.  Such a review also permitted KMR to avoid duplicating work that had been previously performed in the *Aeropostale* action.  Accordingly, Aeropostale is entitled to a full award of fees for the review of pleadings and papers from the *Aeropostale* action.[17]

### h.   The Award of Attorney's Fees Should be Reduced Because KMR Engaged in Block Billing.

---

[17]   Aeropostale's fee request of $250,027.75 includes a deduction of $118.00 for the erroneous May 19, 2010 time entry.

Page 13 of 15

Initials of Deputy Clerk  _se_

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 83 of 84   Page ID
#:4069
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 14 of 15   Page ID
#:4601

Plaintiff argues that all of the fees billed by KMR are questionable because of the "extensive use of block billing,"[18] and, thus, the fees should be reduced by at least 75 percent.  In fact, in every category of fees disputed by Plaintiff, block billing is one of the major issues raised by the Plaintiff.  Aeropostale disputes that KMR engages in an "extensive practice" of block billing, and points out that many of the entries that are allegedly block-billed are actually a collection of "related tasks."

Having reviewed KMR's bills, the Court agrees that many of the time entries include multiple tasks in a single billing entry.  For example, most of the initial billing entries are block billed: (1) on April 8, 2009, Kristin Holland billed .4 of an hour to "[r]eview new filing by LA Printex and draft email to team regarding same; follow up regarding indemnity issues with Ms. Bubbles counsel;" (2) on April 8, 2009, Zia Modabber billed .5 of an hour to "[r]eview complaint; factual investigation and strategy re indemnity;" (3) on April 9, 2009, Zia Modabber billed .8 of an hour to "[r]eview emails; quick review of draft complaint; review draft Rule 6 letter;" and (4) on April 9, 2009, Karen Ash billed 1.8 hours to "[r]eview new Complaint filed by LA Printex for review and evaluation with client and LA counsel and in context of Ms. Bubbles obligations and indemnities.  Several evaluations of exhibits suggestion for review with counsel for Ms. Bubbles and review status of other LA Printex [cases]."  KMR's practice of block-billing is present in all of the bills reviewed by the Court.

KMR's "block-billing" makes it impossible for the Court to determine how much time was spent on each discrete task and prevents the Court from making an informed decision as to which specific entries are excessive, duplicative, or simply erroneous.  The Court's review of the time records submitted by KMR reveals that a significant portion of the entries have been improperly block-billed.  In fact, the only entries that do not appear to be block-billed are for days on which only one task was performed.

"It is reasonable for a district court to conclude that a fee applicant submitting block-billed time entries has failed to carry his burden to submit evidence which properly documents the hours expended on the litigation because block billing makes it more difficult to determine how much time was spent on particular activities."  *Id.* at 948.  Therefore, because of KMR's practice of block-billing and the arguments made by Plaintiff as to the excessive and duplicative nature of several specific entries, the Court concludes that KMR's block-billing has resulted in over-billing by approximately 20 percent.  *See,* The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003) (concluding that block billing "may increase time by 10% to 30%"); *Bonner v. Fuji Photo* Film, 2008 WL 410260, at *3-4 (N.D. Cal. Feb. 12, 2008) ("Because so much of [counsel's] work cannot be accurately audited, the Court is concerned that her bill may be inflated by as much as 30%.  Accordingly, the Court will impose an across-the-board reduction of 30% to [counsel's] bill . . . .").

Accordingly, the Court applies an across-the-board reduction of 20 percent to the time billed

---

[18] "'Block billing' is the 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'"  *Welch,* 480 F.3d at 945 n.2 (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).

Initials of Deputy Clerk  se

Case 2:10-cv-02102-GW -JEM   Document 201-3   Filed 06/17/11   Page 84 of 84   Page ID
#:4070
Case 2:09-cv-02449-JFW-FMO   Document 144   Filed 12/01/10   Page 15 of 15   Page ID
#:4602

by KMR.

For all the foregoing reasons, the Court finds that $198,888.56 of the $250,027.75 in attorney's fees requested by Aeropostale are reasonable.[19]  Accordingly, Aeropostale is entitled to an award of attorney's fees of $198,888.56.

**III.   Conclusion**

Based on the foregoing, the Court finds that Ms. Bubbles is entitled to recover attorney's fees in the amount of $217,556.50.  The Court also finds that Aeropostale is entitled to recover attorney's fees in the amount of $198,888.56.

IT IS SO ORDERED.

---

[19]  Aeropostale's attorney's fees request has been reduced by $1,417.05, for the reasons discussed.  The resulting $248,610.70 has been further reduced by 20 percent, resulting in a total award of $198,888.56.

Initials of Deputy Clerk  se